WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004-1408
Tel. (212) 510-0500
By: Greg M. Zipes, Esq.
Trial Attorney

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | Case No. 26-43491 ess |
| Debtor. | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATION TO EMPLOY LAW OFFICES OF RUBIN LLC AS COUNSEL FOR THE DEBTOR**

TO: THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby objects to the application for entry of an order, pursuant to section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Rubin LLC ("Rubin") for The Ridgeview Realtor LLC (the "Debtor" and the "Retention Application") (ECF Doc. No. 7). In support of this motion, the United States Trustee represents and alleges as follows:

## INTRODUCTION

The Retention Application should be denied or adjourned pending the meeting of creditors. The source of the retainer is Joseph Doppelt individually. As confirmed by a declaration filed by Mr. Doppelt dated August 13, 2026 (the "Declaration") (ECF Doc. No. 16), the Debtor's premises was the site of a tragedy within the last year. Mr. Doppelt had an ownership interest in the Debtor at the time, and he holds all the books and records of the Debtor.

The funding by a third-party under such circumstances introduces questions of conflict of interest and the preservation of attorney-client privilege. The United States Trustee requests that the Retention Application be denied or adjourned until such time that Mr. Doppelt can appear and answer questions under oath. Absent a clear and consistent explanation of the source of funding for counsel and the authority of the individual directing the actions of the Debtor, it cannot be determined if proposed counsel is disinterested or free from adverse interests under Section 327 of the Bankruptcy Code.

## BACKGROUND

1. On July 21, 2026 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition chapter 11 petition (the "Petition"), along with the Local Rule 1007-4 Affidavit. *See* ECF Doc. No. 1. On August 11, 2026, the Debtor filed the schedules of assets and liabilities (the "Schedules") and a statement of financial affairs (the "SOFA"). *See* ECF Doc. No. 11.

2. The Petition's declaration and signature page were executed by Joseph Doppelt as manager, as were the Local Rule 1007-4 Declaration, the Schedules, and SOFA.

3. The Debtor has requested the initial meeting of creditors be adjourned from August 28, 2026, due to a scheduling conflict. It is now scheduled for September 14, 2026.

**A. The Debtor's Assets and Liabilities**

4. The Debtor listed itself as a single asset real estate entity. The Debtor reported its primary asset as property located at 5 Ridgeview Road, Kerhonkson, New York (the "Property"). The Debtor valued the Property at $5.2 million. The Debtor also listed Ridgeview Lender LLC (the "Lender") as a secured creditor with a mortgage of $4,550,600 (the "Mortgage"). *See* Schedules A/B at question 55; Schedule D at question 2.1.

5. The Property is "approximately 85 acres of parkland, upon which is built an over 55,000 square foot facility consisting of five interconnected buildings with 83 residential rooms, a separate single-family four bedroom, 3 bath ranch style home, an in-ground pool, and a private pond." *See* Local Rule 1007-4 Declaration at ¶ 2.

6. The Debtor filed for bankruptcy relief because the Lender had commenced a foreclosure action (the "Foreclosure Action") in the Supreme Court of the State of New York, County of Ulster to foreclose on the Mortgage. *Id.* at ¶ 4.

7. The Debtor filed for relief bankruptcy the day before the scheduled foreclosure sale. *Id*.

**B. The Debtor's Management and Business Operations**

8. The Debtor listed the previous manager between 2023 and 2026 as David Braun. However, Joseph Doppelt is listed as having a 10 percent interest in the Debtor with no change in ownership in the year before the Filing Date (SOFA, Question 28).

9. Joseph Doppelt is also listed as having all relevant books and records (SOFA, Question 26c.1). The Debtor did not indicate that any books of account and records were unavailable. *Id.*

10. The Debtor listed no income in its SOFA for the last two years. *See* SOFA at 1.

11. Based on certain documents reviewed by the United States Trustee, the Property was the site of a tragic death within the last year. The circumstances remain unclear but Mr. Doppelt was a member of the Debtor at the time of the death.

### C. The Retention Application

12. On July 27, 2026, the Debtor filed the Retention Application. *See* ECF Doc. No. 7. The *Lar Dan* Declaration indicates that the $25,000 retainer was from Joseph Doppelt, rather than the Debtor.

## DISCUSSION

### Governing Standards

Section 327 of the Bankruptcy Code governs the employment of professional persons and provides, in part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, [. . .] or other professional persons, **that do not hold or represent an interest adverse to the estate, and that are disinterested persons**, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

Thus a professional:

> (1) must not hold an interest adverse to the bankruptcy estate; (2) must not represent an interest adverse to the estate; and (3) must be disinterested.

*In re Worldcom*, 311 B.R. 151, 163 (Bankr. S.D.N.Y. 2004). Pursuant to 11 U.S.C. § 101(14), a person is disinterested if he or she:

> does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). The disinterestedness standard under Section 327(a) is designed to guarantee "that the professionals' service presents no conflict of interest." *In re Vouzianas*, 259 F.3d 103, 107 (2d Cir. 2001); *see also In re Vebeliunas*, 231 B.R. 181, 191 (Bankr. S.D.N.Y. 1999) (even the appearance of a conflict is to be avoided). "What is clear is that undivided loyalty is central to disinterestedness." *In re Angelika Films 57th Inc.*, 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998).

"The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted); *In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 532 (Bankr. S.D.N.Y. Dec. 15, 1994) (quoting *In re Martin*, 817 F.2d 175, 181 (1st Cir.1987)) ("[T]he twin requirements of disinterestedness and lack of adversity telescope into a single hallmark."). Section 327(a)'s prohibition of "[a]n interest adverse to the estate" has been construed strictly, and operates as a 'catch-all clause,' *In re Vebeliunas*, 231 B.R. at 191 n.10, 191–92, where any doubt will result in disqualification. *See In re Angelika Films 57th Inc.*, 227 B.R. at 39.

While the term "adverse interest" is not defined in the Bankruptcy Code, the Second Circuit has adopted the following definition:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 623 (2d Cir. 1999); *see also In re Enron*, No. 01-16034, 2002 WL 32034346 at *1, *8 (Bankr. S.D.N.Y. May 23, 2002) ("Said another way, if it is plausible that the representation of another interest may cause the professional to act any differently than they would without that other representation, then that professional would have a conflict and an interest adverse to the estate warranting disqualification."). The decision whether an adverse interest exists is determined by the court on a case-by-case basis. *See In re AroChem Corp.*, 176 F.3d at 623; *In re Caldor, Inc. NY*, 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996).

A disabling adverse interest arises where a professional has "a meaningful incentive, **or the perception of one**, to act contrary to the interests of the estates." *In re Granite Partners*, 219 B.R. at 36 (emphasis added); *see also In re Leslie Fay Companies, Inc.*, 175 B.R. at 534 (debtor's counsel investigating a client "had a perceptible economic incentive not to pursue the possibility of claims . . . with the same vigor and intensity it might have otherwise applied.). "To be disinterested is 'to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration.'" *In re Vebeliunas*, 231 B.R. at 191. A conflict related to a party that is central to a debtor's reorganization may be disqualifying even where the proposed counsel seeks to utilize "conflicts counsel." *See In re Project Orange Assocs., LLC*, 431 B.R. 363, 379 (Bankr. S.D.N.Y. 2010).

Section 327(c) of the Code provides that a professional is not disqualified from employment by the debtor in possession solely because of the professional's representation of a creditor. Section 327(c) provides in full:

> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Thus, section 327(c) does not eliminate the basic requirements of section 327(a) that the professional be disinterested and not hold or represent an interest adverse to the estate. By the same token, section 327(c) expresses the recognition that a prospective professional for a trustee or debtor in possession may have represented, or even continue to represent, one or more creditors unless there is an actual conflict of interest. While not defined in the Code, an actual conflict of interest has been interpreted to mean "an active competition between two interests, in which one interest can only be served at the expense of the other." *In re Mercury*, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002).

Former Chief Judge Tina Brozman (SDNY) stated that "[w]hen the [law] firm concurrently represents both parties, courts are to apply a *per se* prohibition; the representation is *prima facie* improper unless the clients consent or the attorney shows, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *In re Wingspread Corp.*, 152 B.R. 861, 863 (Bankr. S.D.N.Y. 1993) (internal citations omitted).

**PROPOSED COUNSEL HAS NOT ESTABLISHED THAT IT IS DISINTERESTED AND THEREFORE CANNOT BE RETAINED**

Rubin cannot be retained because it has failed to demonstrate that it is a disinterested person free from conflicts of interest. Proposed counsel relies on a *Lar Dan* declaration from Mr. Doppelt stating he paid a $25,000 retainer in his personal capacity. *See* Retention Application. Representing a Debtor while taking direction from an individual whose may have had knowledge of wrongdoing raises the perception of a meaningful incentive to act contrary to the interests of the estate. Doppelt made reference to a tragedy on the Property in the Declaration. The Court's consideration of the Retention Application should await further discovery by the United States Trustee to clarify these issues, because disclosure of information may uncover connections impacting proposed counsel's disinterestedness.

**CONCLUSION**

For the reasons set forth in this Objection, the United States Trustee respectfully requests that the Court deny the Retention Application absent further explanation and evidentiary support and grant such other relief as is just and proper.

Dated: New York, New York
August 13, 2026

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

By: */s/ Greg Zipes*
Greg Zipes
Trial Attorney