Aviva Francis
Evan M. Newman
JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for Ridgeview Lender LLC.*
377 Pearsall Avenue, Suite C
Cedarhurst, NY 11516

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

In re: **Case No.: 1- 26-43491**

THE RIDGEVIEW REALTOR LLC,

Defendant.

-------------------------------------------------------------------------x

**MOTION OF CREDITOR RIDGEVIEW LENDER LLC FOR AN ORDER PURSUANT TO 11 U.S.C. § 362 (D) FOR RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Aviva Francis, Esq. with accompanying exhibits, the Declaration of David Sussman, with accompanying exhibits, and upon the papers and proceedings herein, Creditor Ridgeview Lender LLC ("Lender") will move, by and through its counsel Jacobowitz Newman Tversky LLP, before the Honorable Elizabeth S. Stong in, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Court room 3585, Brooklyn, NY 11201, *in person*, on November 12, 2026 at 10:30 a.m. or as soon thereafter as counsel may be heard, for an order: (i) pursuant to 11 U.S.C. § 362(d) terminating the automatic stay to allow the Lender to continue foreclosure proceedings against the Property known as 5 Ridgeview Road, Kerhonkson, New York (Section 68.1, Block 1, Lot 27.700); N/A Cherrytown Road, Rochester, New York 12446 (Section 68.3, Block 1, Lot 16.300, Lot 16.200) in Ulster County (the "Property"); and (ii) for such other relief the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served as so to be received by the Movants' counsel, Jacobowitz Newman Tversky LLP., 377 Pearsall Avenue, Suite C, Cedarhurst, New York, 11516, Attention: Aviva Francis, Esq., and the US Trustee, at the U.S. Federal Office Building, One Bowling Green, Room 534, New York, NY 10004-1408 on or before, November 5, 2026 at 5:00 p.m. Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nysb.uscourts.gov/ and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

Dated: Cedarhurst, New York
September 2, 2026

**JACOBOWITZ NEWMAN TVERSKY LLP**
*Attorneys for Creditor Ridgeview Lender LLC*
By: /s/ Aviva Francis
Aviva Francis
Evan M. Newman
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343
afrancis@jntllp.com

Aviva Francis
Evan M. Newman
JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for Ridgeview Lender LLC.*
377 Pearsall Avenue, Suite C
Cedarhurst, NY 11516

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re: **Case No.: 1- 26-43491**

THE RIDGEVIEW REALTOR LLC,

Defendant.

------------------------------------------------------------------------x

**DECLARATION IN SUPPORT OF MOTION TO LIFT THE AUTOMATIC STAY**

Ridgeview Lender LLC ("Lender"), a secured creditor, through its undersigned counsel, submits this declaration in support of its motion to lift the automatic stay pursuant to section 362(d) and permit Lender to proceed with the foreclosure action in state court relating to the Debtor's Property known as 5 Ridgeview Road, Kerhonkson, New York (Section 68.1, Block 1, Lot 27.700); N/A Cherrytown Road, Rochester, New York 12446 (Section 68.3, Block 1, Lot 16.300, Lot 16.200) in Ulster County (the "Property").

**JURISDICTION**

1. This motion for relief from the automatic stay, is a contested matter brought pursuant to § 362(d) the United States Bankruptcy Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001, 9013 and 9014 (the "Fed. R. Bankr. Pro."), of which this Court has jurisdiction pursuant to 28 U.S.C. § 1334, and is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**PRELIMINARY STATEMENT**

2. The automatic stay should be lifted as against the Lender as the Lender is seeking to foreclose on real property that is not being adequately protected as the amounts due to the Lender plus priming liens is currently approximately, at best, the same value of the Property based on the Debtor's own valuation and the Debtor has no intention of making adequate protection payments.

3. The Ridgeview Realtor LLC (the "Debtor") is the owner of the Property (located in Ulset County)[1], and in addition to not paying the Lender for years, the Debtor also failed to maintain the real estate taxes which now exceed over $100,000.

4. In addition, the first proof of any insurance the Lender received was effective as of June 16, 2026 which was only property insurance, not liability insurance.

5. After a contested foreclosure action, the Debtor filed this bankruptcy on the eve of a foreclosure auction scheduled in Ulster County Supreme Court in relation to the Foreclosure Action filed in Ulster County Supreme Court (the "Foreclosure Action").

<u>The Lender's Claim</u>

6. As set forth in the annexed DAVID SUSSMAN Affirmation ("SUSSMAN Affirmation"), submitted as part of the foreclosure action, the Lender is the holder and owner of a mortgage and note relating to the Property owned by the Debtor, *See* the affirmation and exhibits #1-#4 filed by the Lender in the foreclosure action relating to the Property annexed hereto.

7. For good and valuable consideration, on November 20, 2023, the Plaintiff provided a loan to the Borrower in the principal amount of $3,200,000 (the "Loan"). At the time, the Borrower received the full amount of the Loan.

---

[1] The Lender's inquired as to the why the filing was in the Eastern District of New York and the Debtor's counsel alleged that the Debtor's principal place of business is in New York.

8. For good and valuable consideration, the Borrower made, executed and delivered to the Plaintiff a mortgage note in the principal amount of $3,200,000 dated November 20, 2023 (the "Note"). See Exhibit B of Exhibit #1 to the Sussman Aff. for a true copy of the original Note in Plaintiff's possession.

9. To secure the payment of the sum represented by the Note, the Borrower made, executed and delivered to the Plaintiff a mortgage, in the principal amount of $3,200,000 dated November 20, 2023 and recorded in the Office of the City Register of the County of Ulster on November 27, 2023 in Book 13205, Page 305 (the "Mortgage") and the mortgage recording tax was duly paid at the time of recording. See Exhibit C of Exhibit #1 to the Sussman Aff.

10. To further secure the Note and the Mortgage, on November 20, 2023, Defendants David Braud and Moshe Zev Doppelt (collectively, the "Guarantors") the executed a payment guaranty in favor of the Plaintiff ("Guaranty"). See Exhibit D of Exhibit #1 to the Sussman Aff..

11. The Borrower defaulted under the Loan Documents by, inter alia¸ failing to pay the interest due for April, 2024's interest and failing to make any payments thereafter, including the amounts due on August 20, 2024, the "maturity date."

12. The maturity date was not extended past August 20, 2024.

13. Although not required, Plaintiff notified the Borrower of the default by notice dated September 26, 2024. See Exhibit #3 of the Sussman Aff.

14. The principal balance on the Loan is $3,200,000.00 was due and owing when the action was commenced. *See* Sussman Aff. at Exhibit #4.

<u>The Foreclosure</u>

15. The Lender filed a foreclosure action in Ulster County under Index # EF2024-3097 (the "FC Action")on November 5, 2024 and the Debtor were named and served in the FC Action

and contested the FC Action. *See* **Exhibit #2** for the Answer.

16. On June 11, 2026, the Court entered a judgment of foreclosure and sale in the amount of $4,555,000.00 due as of, plus costs, attorneys' fees and interest. See **Exhibit #5.**

17. Plaintiff scheduled a foreclosure sale for July 22, 2026 with the Court Appointed Referee.

18. This bankruptcy was filed on the eve of the sale staying the sale.

<u>The Debt due to the Lender</u>

19. As set forth in the proof of claim filed by the Lender, the amounts due to the Lender as of the filing date was:

| | |
|---|---|
| Referee Computation | $ 4,555,000.00 |
| Default Interest 1/27-6/22/26 | $ 363,377.78 |
| Fees awarded | $ 25,264.03 |
| Costs Awarded | $ 1,160.00 |
| Total Judgment | $ 4,944,801.81 |
| | |
| Interest 9% 6/23-7/21 | $ 34,139.45 |
| Ref Fee Cancellation Fee | $ 250.00 |
| Ad Fee | $ 66.35 |
| Total through 7/21/26 | **$ 4,979,257.61** |
| | |
| Per Diem | $1,219.27 |
| Monthly | $36,577.99 |

20. In addition, as set forth in the County of Ulster's proof of claim (Claim #1), there is prepetition taxes in the amount of $114,593.98.

21. The Debtor valued the Property in its schedules at $5,200,000. Even giving the Debtor that valuation, there is insufficient equity in the Property to allow this bankruptcy to proceed without payments of adequate protection to the Lender and ensuring real estate taxes are paid.

**<u>The Debtor has $0 Income</u>**

22. The Debtor is a single asset debtor, with $0 of income. *See* Debtor's schedules.

23. Prior to filing this motion, the undesigned asked the Debtor's counsel if they intend to make adequate protection payments and the Debtor advised that they will not be making adequate protection payments pursuant to 362(d)(1).

**<u>The Stay Should Be Lifted As Against the Lender and the Property</u>**

**A. <u>The Stay Should Also Be Lifted Under 362(d)((1) and (2)</u>**

24. The stay should also be lifted pursuant to USC 362 because the debt due to the Lender under the Judgment exceeds the Property value and therefore is not beneficial to the Estate and the Lender is not adequately protected.

25. Pursuant to § 362(d)(1) of the Code, the automatic stay may be lifted for cause, including the lack of adequate protection of an interest in property of such party in interest. . . ." 11 U.S.C. § 362(d)(1).. Cause exists when a Debtor fails to make post-petition mortgage and real estate tax payments. *In re Sterling,* 543 B.R. 385 (S.D.N.Y. 2015) (lifting the automatic stay in a chapter 7 for failing to make post-petition payments); [T]he failure to make mortgage payments constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code." *In re Schuessler,* 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008); see also Campora v. HSBC Bank USA, N.A. (In re Campora), 2015 U.S. Dist. LEXIS 117862, at *17 (E.D.N.Y. Sept. 3, 2015) ("A debtor's failure to make post-petition mortgage payments constitutes sufficient cause to modify an automatic stay."); I*n re Elmira Litho, Inc.*, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) ("Without quantifying the decline in value, the creditor can often establish its prima facie case by demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments.");*In re Taylor,* 151 B.R. 646 (E.D.N.Y. 1993) (A debtor's failure to make regular

mortgage payments as they become due constitutes sufficient "cause" to lift the automatic stay).

26. Here, cause exists because, as set forth above, the Debtor failed to make adequate protection payments and had expressed that it does not intend to make adequate protection payments. In fact, the Debtor's sole asset is the Property and the Debtor has no income from the Property at all so cannot make any payments.

27. Moreover, the Property real estate taxes exceed $114,000 and the Debtor has no means to pay any ongoing real estate taxes given the $0 income.

28. Given the $5,200,000 valuation of the Property, the $114,000 in past due Real estate taxes and the ongoing real estate taxes and the Lender's monthly interest at approximately $35,000 (the court should note that this is 9% of the judgment, far less than the amounts set forth in the Loan Documents), the Debtor needs to make adequate protections in order to stay in bankruptcy. *See* 362(d)(1). This leaves as of the filing date $100,000 in potential equity. The Lender's interest accrual of the loan will already be greater than this amount prior to the deadline to file a plan. In addition, there will be trustee fees and administrative fees that will accrue and therefore it is evident that there is insufficient equity to ensure the Lender's position is secure.

29. The Stay should also be lifted under 362(d)(2) because the Debtor has insufficient equity in the Property and the Property will, therefore, not be necessary to reorganize.

30. As set forth in the judgment and in the Lender's own valuation, there is no equity cushion for the Lender and the debt far exceeds the Debtor's only asset, the Property.

B. **There is Also Sufficient Cause to Lift the Stay Under *Sonnax***

31. The Second Circuit has further considered twelve different factors, as laid out in *in re Sonnax* Industries*, Inc*., 907 F.2d 1280, 1285 (2nd Cir. 1990), when determining whether the stay should be lifted in order to permit litigation to continue in another forum:

(1) whether relief would result in a partial or complete resolution of the issues;

> (2) lack of any connection with or interference with the Bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. It is recognized that "[n]ot every one of these factors will be relevant in every case." *In re Bogdanovich*, 292 F.3d 104, 110 (2nd Cir. 2002).

32. Here, consideration of the relevant *Sonnax* factors (in number order) militates in favor of granting relief from the stay:

1) Relief in the Foreclosure Actions commenced by the Lender would result in a complete resolution of the issues concerning the defaults and obligations of the Debtor to the Lender;

2) Not applicable;

3) Not applicable;

4) The State Court is a specialized tribunal with the necessary expertise to hear a foreclosure action. The New York Supreme Court is a court of general and unlimited jurisdiction empowered and experienced to hear and decide foreclosure matters;

5) Not applicable;

6) The State Action does not primarily involve third parties;

7) The Debtor's other creditors, to the extent there are any, will not be prejudiced by the Foreclosure Action proceeding in another forum. To the extent that any other creditors exist that are necessary parties to the State Action, their rights will be adjudicated in that action;

8) No claim has been asserted that the sought after Judgment arising from the Foreclosure Action is subject to equitable subordination;

9) The Judgment rendered in the Foreclosure Action is not any more avoidable than the Mortgage that Movants presently hold on the Property. The Judgment will not improve the priority of Movants' interest in and to the Property;

10) There is no question that the Foreclosure Action must continue in the interests of all parties concerned, particularly the Lender, who is entitled to enforce a Judgment as a result of the Debtor's uncured defaults. There is no pending action before this Court that would or could resolve this matter;

11) Not applicable; and

12) Any stay of the Foreclosure Actions commenced by the Lender will adversely affect Movant and its interests accrues without payment.

33. Most importantly, the interests of judicial economy will be met by lifting the stay and moving forward in the State Court. See, e.g., *In re Cicale,* 2007 Bankr. LEXIS 2252, at *12 (Bankr. S.D.N.Y. June 29, 2007) (noting that allowing litigation to proceed in the state court "will provide the most efficient and economical resolution of the litigation because the . . . action may alleviate the need for any further proceedings in the bankruptcy court.").

34. Accordingly, there is sufficient cause under 362(d) to lift the stay as and against Lender and permit Lender to proceed with its foreclosure action.

**REQUEST FOR WAIVER OF RULE 4001 STAY**

35. Waiver of the stay invoked pursuant to Bankruptcy Rule 4001(a)(3) is sought so that Lender can immediately proceed with the foreclosure action. The foreclosure has been significantly delayed. No further delay is warranted.

36. Lender submits that the foregoing constitutes cause to vacate the automatic stay as to the Property.

**WHEREFORE**, it is respectfully requested that this Court vacate the automatic stay to permit the Lender to continue its foreclosure proceedings, together with such other and further relief as is just and proper.

Dated: Cedarhurst, New York
September 2, 2026

JACOBOWITZ NEWMAN TVERSKY LLP.
*Attorneys for Creditor Ridgeview Lender LLC*

By: /s/ Aviva Francis
Evan M. Newman
Aviva Francis
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343