SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

---------------------------------------------------------------------x

RIDGEVIEW LENDER LLC

Index No. EF2024-3097

Plaintiff,

- against -

THE RIDGEVIEW REALTOR LLC; DAVID BRAUN; MOSHE ZEV DOPPELT; and JOHN DOE #1 through JOHN DOE # 99,

**Premises:**
**5 Ridgeview Road**
**Kerhonkson, New York**

Defendants.

---------------------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF MOTION**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

DAVID SUSSMAN, affirms under the penalties of perjury and pursuant to CPLR 2106, as follows:

1. I am a member and authorized signatory of the Plaintiff, RIDGEVIEW LENDER LLC ("Lender" or "Plaintiff"), the original lender in relation to the loan subject to this action. I am personally familiar with the business records of the Plaintiff which are kept in Plaintiff's regular course of business and in which I have access to, which include the original loan documents, correspondence, records of payments, payment history and agreements. The Plaintiff relies on these records which are created at or near the time of the events in maintaining their loan file.

2. In my capacity as a member and authorized agent of the Plaintiff I am responsible for managing the loan The Ridgeview Realtor LLC ("Borrower") made to the Plaintiff which is the subject of this action (the "Loan") and to maintain and review the Plaintiff's files, loan

documents, correspondence, agreements and payment history relating to the Loan, which are kept by Plaintiff in its ordinary course of business at or near the date set forth in the documents (the "Plaintiff's Business Records"). I have personal knowledge as to the Plaintiff's record keeping practices, servicing of the Loan, as well as the manner in which such records are maintained and recorded in the ordinary course of Plaintiff's business.

3. As part of Plaintiff's business practices, Plaintiff maintains records, including the documents annexed to this affidavit and the pleadings, such as the loan documents, payment history and correspondence in its regular course of business. All these documents, the Plaintiff's Business Records, were generated or received at or near the time reflected on each document. Plaintiff relies in these records in conducting its business.

4. I have personally examined the Business Records set forth below and annexed to this affirmation and in the Complaint which accurately describe the Loan and the information relating to the Loan. It is the regular practice of Plaintiff to make and keep such records in the ordinary course of a regularly conducted business activity.

5. I submit this affidavit in support of Lender's application to appoint a referee in relation to the foreclosure action against the Property commonly known by the street address as 5 Ridgeview Road, Kerhonkson, New York, Block 1, Lot 27.700, Section 68.1; Block 1, Lot 16.200, Section 68.3; Block 1, Lot 16.300, Section 68.3 ("Property").

**Introduction**

6. This is an action to foreclose on a commercial mortgage secured against the Property located in the County of Ulster arising from the continued failure of the Borrower to pay the amounts owed to plaintiff under a Note and Mortgage and related loan documents that are subject to this foreclosure action. A copy of the Verified Foreclosure Complaint is annexed here

as Exhibit #1 and the Notice of Pendency as Exhibit #2.

**Background**

**The Loan Documents**

7. I refer to the Verified Complaint1 for a detailed description of the Lender's Loan Documents, and provide a summary of the relevant documents below:

8. For good and valuable consideration, on November 20, 2023, the Plaintiff provided a loan to the Borrower in the principal amount of $3,200,000 (the "Loan"). At the time, the Borrower received the full amount of the Loan.

9. For good and valuable consideration, the Borrower made, executed and delivered to the Plaintiff a mortgage note in the principal amount of $3,200,000 dated November 20, 2023 (the "Note"). See Exhibit B of Exhibit #1 for a true copy of the original Note in Plaintiff's possession.

10. To secure the payment of the sum represented by the Note, the Borrower made, executed and delivered to the Plaintiff a mortgage, in the principal amount of $3,200,000 dated November 20, 2023 and recorded in the Office of the City Register of the County of Ulster on November 27, 2023 in Book 13205, Page 305 (the "Mortgage") and the mortgage recording tax was duly paid at the time of recording. See Exhibit C of Exhibit #1.

11. To further secure the Note and the Mortgage, on November 20, 2023, Defendants David Braun and Moshe Zev Doppelt (collectively, the "Guarantors") the executed a payment guaranty in favor of the Plaintiff ("Guaranty"). See Exhibit D of Exhibit #1.

12. The Borrower defaulted under the Loan Documents by, *inter alia*¸ failing to pay the interest due for April, 2024's interest and failing to make any payments thereafter, including

[1] The defined terms in the Verified Complaint are incorporated by reference.

the amounts due on August 20, 2024, the "maturity date."

13. The maturity date was not extended past August 20, 2024.

14. Although not required, Plaintiff notified the Borrower of the default by notice dated September 26, 2024. *See* Exhibit #3.

15. At all times the Plaintiff was and is the holder and owner of the original Loan Documents.

16. To date, the principal balance on the Loan is $3,200,000, as well as the accrual of interest and fees, less partial interest payments made. See Exhibit #4 for Plaintiff's payment history which Plaintiff updates at or near the time a payment is received.

17. The Mortgage being foreclosed is not a "high-cost home loan" or "subprime home loan," as such terms are defined in section six-l and six-m of the N.Y. Banking Law and is not a "home loan" for purposes of section 1304 of the N.Y. Real Property Actions and Proceedings Law ("RPAPL"). Accordingly, the requirements of CPLR §§ 3012-b, 3408, and RPAPL §§ 1302, 1320 and 1304 are not applicable to this action and no 90-day notice, Certificate of Merit, settlement conference or filing with the Superintendent is required.

18. No further payments have been made since the Complaint and the Borrower has not cured its default.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant its motion.

I affirm this 19th day of November, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

David Sussman
authorized signatory
for the Plaintiff

**RULE 202.8 CERTIFICATION**

Pursuant to 202.8-b of the Uniform Civil Rules for the Supreme Court & The County Court, I hereby certify that, according to the word count function in Microsoft Word, the software program utilized to compose the attached document, the number of words in the foregoing Affirmation is 1,012 which complies with the Rule 202.8-b word limits.

Dated: Cedarhurst, New York
November 19, 2025

*JACOBOWITZ NEWMAN TVERSKY LLP*
*Attorneys for Plaintiff*

By: *_/s/ Aviva Francis_*
Evan M. Newman
Aviva Francis
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343