# EXHIBIT “2”

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

RIDGEVIEW LENDER LLC,

Plaintiff,

-against-

THE RIDGEVIEW REALTOR LLC, DAVID BRAUN, MOSHE ZEV DOPPELT and JOHN DOE #1 through JOHN DOE #99,

Defendants.

Index No.: EF2024/3097

**ANSWER TO COMPLAINT**

In response to the Complaint (the "Complaint") of Plaintiff Ridgeview Lender LLC ("Plaintiff") (NYSCEF Doc. No. 1), Defendants The Ridgeview Realtor LLC and David Braun (together, "Defendants") hereby submit their Answer, as follows:

1. Deny the allegations set forth in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Admit the allegations set forth in paragraph 4 of the Complaint.

5. Admit the allegations set forth in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

**ANSWERING "FIRST CAUSE OF ACTION"**

8. Admit the allegations set forth in paragraph 8 of the Complaint.

9. Deny the allegations set forth in paragraph 9 of the Complaint.

10. Admit that the mortgage was recorded in the Office of the City Registrar of the County of Ulster and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint.

12. Deny the allegations set forth in paragraph 12 of the Complaint.

13. Admit the allegations set forth in paragraph 13 of the Complaint.

14. Deny information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Admit the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint and refer the Loan Documents to the Court for their true terms and conditions.

17. Deny information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint and refer the Loan Documents to the Court for their true terms and conditions.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. The allegations set forth in paragraph 23 of the Complaint set forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. Admit the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Admit the allegations set forth in paragraph 27 of the Complaint.

28. Deny information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations the allegations set forth in paragraph 30 of the Complaint and refer the Loan Documents to the Court for their true terms and conditions.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

**ANSWERING "SECOND CAUSE OF ACTION"**

32. In response to the allegations set forth in paragraph 32, Defendants repeat and reallege their responses to paragraphs 1-31 as if they fully set forth herein.

33. Deny the allegations set forth in paragraph 33 of the Complaint.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

**ANSWERING "THIRD CAUSE OF ACTION"**

39. In response to the allegations set forth in paragraph 39, Defendants repeat and reallege their responses to paragraphs 1-38 as if they fully set forth herein.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have:

**FIRST AFFIRMATIVE DEFENSE**

42. The Complaint fails to state a cause of action against the Defendants.

**SECOND AFFIRMATIVE DEFENSE**

43. Plaintiff lacks standing to bring this action.

**THIRD AFFIRMATIVE DEFENSE**

44. One or more of the contracts at issue are void as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**

45. The promissory note at issue is usurious.

**FIFTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, setoff or offset and recoupment.

**SIXTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred because any injury allegedly suffered by Plaintiff was caused, and any damages to which it alleges it is entitled are diminished by, its own culpable conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims are barred because its alleged injuries were not proximately caused by any act or omission of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are barred because it failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are barred by the doctrine of frustration of purpose.

**TENTH AFFIRMATIVE DEFENSE**

51. Plaintiff is barred from seeking recovery on the guaranty under the election of remedies doctrine.

**RESERVATION OF RIGHTS**

52. Defendants reserve the right to amend this Answer, to add additional defenses, to withdraw defenses, and to add claims or assert additional crossclaims.

**WHEREFORE**, Defendants respectfully demand:

(a) judgment dismissing the Complaint with prejudice;

(b) counsel fees and costs to be recovered from Plaintiff;

(c) the costs and disbursements of this action; and

(d) such other award as this Court may deem just and proper.

Dated: New York, New York
July 25, 2025

**JACOBS P.C.**

By: *<u>/s/ Adam Sherman</u>*

Adam Sherman, Esq.
717 Fifth Avenue, 17th Floor
New York, New York 10022
(212) 229-0476
*Attorneys for Defendants The Ridgeview Realtor LLC and David Braun*