At Foreclosure Part __ of the Supreme Court of the State of New York, held in and for the County of Ulster, at the Courthouse, at 85 Wall St, Kingston, NY on the 10 day of June, 2026

P R E S E N T: Hon. Kevin R. Bryant, J.S.C.
HON. ______________________

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

-----------------------------------------------------------------------x

RIDGEVIEW LENDER LLC,

Plaintiff,

- against -

THE RIDGEVIEW REALTOR LLC; AND MOSHE ZEV DOPPELT

Defendants.

-----------------------------------------------------------------------x

Index No. EF2024-3097

**JUDGMENT OF FORECLOSURE AND SALE**

**Premises:**
**5 Ridgeview Road**
**Kerhonkson, New York**

Upon the Summons, Complaint and Notice of Pendency filed on November 20, 2024 and the Notice of Pendency filed on November 20, 2024 and all proceedings thereon, and on reading and filing the Affirmation of Aviva Francis, Esq., counsel for Plaintiff from which it appears that each of the defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, and stating that more than the legally required number of days had elapsed since said defendants were so served and/or appeared; and that THE RIDGEVIEW REALTOR LLC filed an answer which was stricken and no other defendant served any answer to said Complaint, nor had their time to do so been extended and that the Complaint herein duly filed on November 20, 2024 and Notice of Pendency

containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Ulster most recently on November 20, 2024 and has not been amended to add new parties, or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels;

AND, on reading the report of Dana Rudikoff, Esq., the Referee named in said Order of Reference, by which Report, dated February 3, 2026 attached hereto, it appears that the sum of $4,555,600 was due as of January 27, 2026, and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this application upon all parties who had not waived the same, and upon proof of service of the Order of Reference as provided therein,

ON MOTION of Jacobowitz Newman Tversky LLP, attorney for the Plaintiff, it is

ORDERED, that the motion, is granted; and it is further

ORDERED, ADJUDGED AND DECREED, that said Report of Dana Rudikoff dated February 3, 2026 be, and the same is hereby to the extent provided for herein ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, in Room 224 or at the Courthouse of

the Ulster County Supreme Court, 85 Wall St, Kingston, New York, by and under the direction of Dana Rudikoff, Esq. who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL 231 in the Daily Freeman, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the Plaintiff herein or its designee, in which case, no deposit against the purchase price shall be required, and it is further

ORDERED, ADJUDGED AND DECREED that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

ORDERED, ADJUDGED AND DECREED that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond ninety days may be set only with the approval of this Court, and, it is further

ORDERED, ADJUDGED AND DECREED that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in Att. IOLA Act. Bank within the City of New York, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST:** The statutory fees and commissions of said Referee pursuant to CPLR § 8003 (b) which shall not exceed $750 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $750 is sought pursuant to CPLR § 8003 (b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003 (a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or

cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to Plaintiff, may be accepted by Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

**SECOND:** The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser. The Purchaser shall hold the Referee harmless from any such penalties accessed as a result of late payment of these taxes.

**THIRD:** Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:** Said Referee shall then pay to the Plaintiff or its attorney the sum of $1,160.00 KB $~~1,520~~ for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest from the date hereof, [together with an additional allowance of N/A hereby awarded to the Plaintiff in addition to costs with interest thereon from the date hereof,] and also the sum of $4,555,600 the said amount so

reported due as aforesaid, together with interest thereon pursuant to the terms of the Note from January 27, 2026, the date the interest was calculated to in said Report, to the date of entry of this Order, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $25,264.03 hereby awarded to the Plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which Plaintiff may have made for taxes, insurance, principal and interest any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL § 1355. It is further

ORDERED, ADJUDGED AND DECREED that in case the Plaintiff or its designee/assignee be the purchaser of said mortgaged premises at said sale, but shall execute and deliver only to the Plaintiff or its designee/assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the Plaintiff or its designee/assignee a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses,

taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus [which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351 (3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354 (3), which payment shall be reported in the Referee's report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee take the receipt of the Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Ulster County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within

thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the Plaintiff may recover of the Defendants THE RIDGEVIEW REALTOR LLC AND MOSHE ZEV DOPPELT, the whole deficiency, jointly and severally or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title.

ORDERED, that in Absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith, and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale; and it is further

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Owner of Equity of Redemption at both his/her last known address and the property address (affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale.

The Property is subject to this Judgment is 5 Ridgeview Road, Kerhonkson, New York, Block 1, Lot 27.700, Section 68.1; Block 1, Lot 16.200, Section 68.3; Block 1, Lot 16.300, Section 68.3.

ENTER:

Kevin R Bryant

J.S.C.

**Hon. Kevin R. Bryant, J.S.C.**

FC24-NL180

**Schedule A – Legal Description**

Parcel I:

ALL that certain plot, piece or parcel of land situate, lying and being in the Town of Rochester, County of Ulster and State of New York and being more particularly bounded and described as follows:

BEGINNING at an iron rod found on the assumed bounds of Lower Cherrytown Road on the southeasterly bounds of lands now or formerly of Cherrytown Road Lot 6 LLC, L. 7024 - P. 0054, being Lot 6 as shown on Filed Map No. 21-285;

THENCE from the point of beginning and following the bounds of the said lands for the following three courses:

1. North 45 degrees 20 minutes 41 seconds East a distance of 496.58 feet to an iron rod found,
2. North 56 degrees 10 minutes 08 seconds West a distance of 179.46 feet to an iron rod found in a stone wall and
3. North 39 degrees 57 minutes 10 seconds West a distance of 121.16 feet to an iron rod found at the easterly corner of lands now or formerly of Freeman, L. 7012 - P. 0068, being Lot 7 as shown on the said filed map;

THENCE following the bounds of the said lands North 39 degrees 51 minutes 39 seconds West a distance of 507.49 feet to an iron rod found on the southeasterly bounds of lands now or formerly of Breen-White & Langhorn, L. 6036 -P. 0201;

THENCE following the bounds of the said lands North 40 degrees 29 minutes 00 seconds East a distance of 455.32 feet to an iron rod found at the southerly corner of lands now or formerly of Donna Maria & McConnell, L. 6545 - p. 0322;

THENCE following the bounds of the said lands, along a stone row and wire fence for the latter part of the course, North 40 degrees 24 minutes 59 seconds East a distance of 443.93 feet to a point at the southerly corner of lands now or formerly of Mastandrea, L. 2991 - P. 0154;

THENCE following the bounds of the said lands, and the trend of a stone row and wire fence, North 39 degrees 05 minutes 28 seconds East a distance of 268.45 feet to an iron pipe found in a stone wall intersection at the westerly corner of lands now or formerly of Kelsey, L. 2481- P. 0199;

THENCE following the bounds of the said lands and the trend of the stone wall South 52 degrees 34 minutes 02 seconds East a distance of 351.75 feet to a point;

THENCE further along the same South 55 degrees 55 minutes 09 seconds East a distance of 300.08 feet to an iron pipe found in the stone wall at the westerly corner of lands now or formerly of LoPresti, L. 5588 - P. 0081;

THENCE following the bounds of the said lands and continuing along the trend of the stone wall South 55 degrees 47 minutes 30 seconds East a distance of 364.05 feet to a point at the end of another stone wall;

THENCE further along the same South 52 degrees 30 minutes 18 seconds East a distance of 203.19 feet to a point at the end of the said stone wall on the westerly side of Ridgeview Road;

THENCE passing over Ridgeview Road South 55 degrees 10 minutes 37 seconds East a distance of 84.71 feet to an iron rod found at the westerly corner of lands now or formerly of Brookhiser & Safer, L. 2959 - P. 0048;

THENCE following the bounds of the said lands South 55 degrees 38 minutes 11 seconds East a distance of 812.94 feet to an iron pipe found at the westerly corner of lands now or formerly of Rock & Edwards, L. 5274 - P. 0328;

THENCE following the bounds of the said lands, following the trend of a stone wall for the latter part of the course, South 58 degrees 21 minutes 16 seconds East a distance of 182.43 feet to a point in the stone wall;

THENCE further along the same South 56 degrees 24 minutes 31 seconds East a distance of 98.27 feet to an angle in the said stone wall;

THENCE continuing along and then leaving the said stone wall South 45 degrees 15 minutes 55 seconds East a distance of 49.08 feet to an iron pipe found at the northerly corner of lands now or formerly of Proudley, L. 7177 - P. 0001;

THENCE following the bounds of the said lands and the trend of a stone wall South 52 degrees 00 minutes 28 seconds West a distance of 186.97 feet to an iron pipe found at the northerly corner of lands now or formerly of Sherwood & Zapart. L. 6183 - P. 0041;

THENCE following the bounds of the said lands and continuing along the trend of a wide stone wall South 49 degrees 18 minutes 01 seconds West a distance of 159.80 feet to an iron pipe found in the stone wall at the northerly corner of lands now or formerly of New Horizons Resources INC, L. 4622 - P. 0217;

THENCE following the bounds of the said lands South 49 degrees 25 minutes 09 seconds West a distance of 216.38 feet to an iron pipe found in a stone wall intersection at the northerly corner of Lot 3 as shown on Filed Map No. 06-191;

THENCE following the bounds of the said lands South 66 degrees 54 minutes 07 seconds West a distance of 570.36 feet to a point in the approximate center of the old town road;

THENCE further along Lot 3 and approximate center line of said road South 22 degrees 05 minutes 36 seconds East a distance of 67.83 feet to a point in the approximate center of Ridgeview Road at the northwesterly corner of Lot 2 as shown on Filed Map No. 06-191;

THENCE following the approximate center line of the said road South 19 degrees 55 minutes 03 seconds East a distance of 161.13 feet to a point in the approximate center of Lower Cherrytown Road;

THENCE following the approximate center line of the said road for the following five courses:

1. North 55 degrees 56 minutes 40 seconds West a distance of 92.95 feet,
2. North 60 degrees 26 minutes 12 seconds West a distance of 79.12 feet,
3. North 63 degrees 11 minutes 12 seconds West a distance of 44.93 feet,
4. North 68 degrees 50 minutes 03 seconds West a distance of 63.13 feet and
5. North 75 degrees 29 minutes 18 seconds West a distance of 14.25 feet to a point in the approximate center of the said road;

THENCE leaving the road and following the bounds of lands now or formerly of the Mahmood Revocable Trust, L. 7129 - P. 0207, passing over an iron pipe found on line at 41.68 feet, South 66 degrees 59 minutes 55 seconds West a total distance of 876.52 feet to an iron rod found in a stone wall intersection at the northerly corner of lands now or formerly of Chindemi & Flynn, L. 6615 - P. 0239;

THENCE following the bounds of the said lands South 66 degrees 31 minutes 07 seconds West a distance of 190.06 feet to an iron rod found at the northerly corner of lands now or formerly of Chindemi, L. 4479 - P. 0152;

THENCE following the bounds of the said lands, passing over an iron rod found on line at 710.25 feet, South 66 degrees 31 minutes 07 seconds West a total distance of 756.78 feet to a point in the approximate center of the Mombaccus Creek;

THENCE following the center of the said creek for the following three courses:

1. North 04 degrees 34 minutes 36 seconds West a distance of 19.63 feet,
2. North 28 degrees 52 minutes 31 seconds East a distance of 129.05 feet and
3. North 18 degrees 23 minutes 08 seconds East a distance of 111.83 feet to a point in the center of the creek on the southerly bounds of lands now or formerly of 15 Railroad LLC, L. 7086 - P. 0047, being Lot 1 as shown on Filed Map #21-285B;

THENCE following the bounds of the said lands, passing over an iron rod found on line at 255.72 feet, North 49 degrees 46 minutes 38 seconds East a total distance of 274.89 feet to a point at the westerly corner of lands now or formerly of Faso, L. 2042 - P. 0319;

The above description was prepared on August 15, 2023 by Medenbach & Eggers, Civil Engineering and Land Surveying, P.C., Stone Ridge, NY.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 68.1, Block 1, Lot 27.700, Ulster County and also known as Parcel 1; 5 Ridgeview Road, Rochester, NY 12446.

Parcel II:

ALL that certain plot, piece or parcel of land situate, lying and being in the Town of Rochester, County of Ulster and State of New York and being Lot 2 as shown on "Map of the Subdivision of Lands in Possession of Roderick & Cynthia Graham" dated November 13, 2005 and recorded in the Ulster County Clerk's Office on January 19, 2006 as Filed Map No. 06-191, and being more particularly bounded and described as follows:

BEGINNING at a point in the center of Lower Cherrytown Road at the northwesterly corner of lands now or formerly of Hapeman, L. 6485 - P. 0328, being shown as Lot #1 on the said filed map;

THENCE from the said point of beginning and following the approximate center line of the said road North 52 degrees 28 minutes 41 seconds West a distance of 162.08 feet to a point at the approximate intersection of Ridgeview Road and Lower Cherrytown Road;

THENCE following the approximate center line of Ridgeview Road North 19 degrees 55 minutes 03 seconds West a distance of 161.13 feet to a point at the southwesterly corner of Lot # 3 as shown on the said filed map;

THENCE following the bounds of Lot 3, passing over an iron rod found on line at 33.06 feet, North 65 degrees 20 minutes 59 seconds East a total distance of 128.35 feet to a point;

THENCE further along the same South 46 degrees 45 minutes 13 seconds East a distance of 245.61 feet to an iron rod found on the northerly bounds of said lands now or formerly of Hapeman and being Lot 1 as shown on the said filed map;

THENCE following the bounds of Lot 1, passing over an iron rod set on line at 145.96 feet, South 39 degrees 36 minutes 54 seconds West a total distance of 175.84 feet to the point of beginning and containing approximately 1.10 acres.

The above courses are in reference to Grid North, New York State Plane Coordinate System, East Zone, NAD 83/2011.

SUBJECT to all utility grants and easements of record affecting the premises described herein.

THENCE following the bounds of said lands for the following seven courses:

1. South 40 degrees 26 minutes 49 seconds East a distance of 74.92 feet to an iron pipe found,
2. North 49 degrees 46 minutes 15 seconds East a distance of 142.52 feet,
3. South 36 degrees 02 minutes 22 seconds East a distance of 94.35 feet,
4. South 70 degrees 19 minutes 40 seconds East a distance of 52.97 feet to an iron pipe found,
5. North 49 degrees 13 minutes 05 seconds East a distance of 122.26 feet to an iron pipe found,
6. North 29 degrees 16 minutes 37 seconds East a distance of 127.33 feet to an iron rod found and
7. North 01 degrees 29 minutes 43 seconds West a distance of 97.99 feet to a point in the approximate center of Lower Cherrytown Road;

THENCE following the approximate center line of said road for the following seven courses:

1. South 65 degrees 07 minutes 56 seconds West a distance of 36.34 feet,
2. South 88 degrees 07 minutes 05 seconds West a distance of 72.90 feet,
3. North 84 degrees 23 minutes 11 seconds West a distance of 70.59 feet,
4. North 75 degrees 46 minutes 08 seconds West a distance of 31.72 feet,
5. North 64 degrees 50 minutes 19 seconds West a distance of 36.01 feet,
6. along a curve to the right having a radius of 350.00 feet for an arc length of 195.38 feet with a chord bearing of North 48 degrees 50 minutes 48 seconds West, and a chord length of 192.85 feet and
7. North 32 degrees 51 minutes 09 seconds West a distance of 189.86 feet;

THENCE North 57 degrees 01 minutes 56 seconds East a distance of 25.00 feet to the point of beginning and containing approximately 83.68 acres.

The above courses are in reference to Grid North, New York State Plane Coordinate System, East Zone, NAD 83/2011.

SUBJECT to all utility grants and easements of record affecting the premises described herein.

SUBJECT to all rights of the Town of Rochester, for highway purposes, to any lands adjacent to or lying in the beds of Ridgeview Road and Lower Cherrytown Road.

Excepting those portions of the subject premises used as streets.

BEING a portion of the premises conveyed by Suzanne B. Cusack as surviving spouse of James S. Cusack to Suzanne B. Cusack and Vincent F. Panettieri, as Co-Trustees of the Revocable Trust of Suzanne B. Cusack by deed dated July 10, 2016 and recorded in the Ulster County Clerk's Office on October 18, 2019 in Liber 6502 of Deeds at page 0323.

THENCE following the bounds of Lot 2 South 53 degrees 41 minutes 55 seconds West a distance of 308.82 feet to an iron rod found at the easterly corner of Lot #2 as shown on the said filed map;

THENCE following the bounds of Lot 2 North 46 degrees 45 minutes 13 seconds West a distance of 245.61 feet to a point;

THENCE further along the same, passing over an iron rod found on line at 95.29 feet, South 65 degrees 20 minutes 59 seconds West a total distance of 128.35 feet to the point of beginning and containing approximately 2.42 acres.

The above courses are in reference to Grid North, New York State Plane Coordinate System East Zone NAD 83/2011.

SUBJECT to all utility grants and easements of record affecting the premises described herein.

SUBJECT to all rights of the Town of Rochester, for highway purposes, to any lands adjacent to or lying in the bed of Ridgeview Road.

BEING a portion of the premises conveyed by Suzanne Cusack to Suzanne B. Cusack and Vincent F. Panettieri as co-trustees of the Revocable Trust of Suzanne B. Cusack by deed dated July 10, 2019 and recorded in the Ulster County Clerk's Office on October 18, 2019 in Liber 6502 of Deeds at page 0338.

The above descriptions were prepared on August 15, 2023 by Medenbach & Eggers, Civil Engineering and Land Surveying, P.C., Stone Ridge, NY.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 68.3, Block 1, Lot 16.300, Ulster County and also known as Parcel III: N/A Cherrytown Road, Rochester, NY 12446.