**Presentment Date & Time: September 23, 2026 at noon**
**Objection Deadline: September 23, 2026 at noon**

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | : | |
| | : | Case No.: 26-43491 (ESS) |
| Debtor. | : | |

**NOTICE OF PRESENTMENT OF APPLICATION TO RETAIN KALTER, KAPLAN, ZEIGER & FORMAN AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application (the "Application") of The Ridgeview Realtor LLC (the "Debtor") to retain Kalter, Kaplan, Zeiger & Forman as special litigation counsel for approval to the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY 11201 on September 23, 2026 at 12:00 noon (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application must be in writing and filed with the Court in accordance with the Local Rules, and served upon undersigned proposed counsel for the Debtor and upon the United States Trustee, so as to be received no later than the Presentment Date. If no objections are timely filed and served, the proposed order granting the Application may be signed by the Court without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY 11201. If a hearing is scheduled the moving party will be obligated to notify all other parties entitled to receive notice of the hearing date and time. The moving and objecting parties are required to attend the hearing, and failure to attend may result may result in relief being granted or denied upon default.

Dated: New York, New York
September 9, 2026

RUBIN LLC

By: *___/s/ Paul A. Rubin_____*
Paul A. Rubin
Hanh V. Huynh

11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | |
| | Case No.: 26-43491 (ESS) |
| Debtor. | |

**APPLICATION TO RETAIN KALTER, KAPLAN, ZEIGER & FORMAN AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR**

The Ridgeview Realtor LLC (the "Debtor"), as and for its application (the "Application") to retain Kalter, Kaplan, Zeiger & Forman ("KKZF") as special litigation counsel to the Debtor, *nunc pro tunc* to July 21, 2026, pursuant to sections 327(e), 328(a), 329 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), respectfully represents as follows:

1. On July 21, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the filing date, the Debtor has continued to operate its business and manage its property as a debtor in possession. No trustee or creditors committee has been appointed.

2. Prior to the Petition Date, the Code Enforcement Officer for the Town of Rochester (the "Town of Rochester") commenced an action against the Debtor in the Supreme Court of the State of New York, County of Ulster (the "State Court"), which was assigned index number

EF2025-2829 (the "Code Enforcement Action"). KKZF represents the Debtor in the Code Enforcement Action, which addresses permitted uses for the Debtor's real property located at 5 Ridgeview Road, Kerhonkson, New York.

3. The Debtor wishes to employ KKZF, which maintains an office for the practice of law at 47 N. Main Street, P.O. Box 186, Ellenville, New York 12428, as its special litigation counsel to represent it in the Code Enforcement Action *nunc pro tunc* to the Petition Date.

4. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Section 327(e) of the Bankruptcy Code provides that the Debtor, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is employed." 11 U.S.C. § 327(e).

6. The Debtor has selected KKZF because it has considerable experience in real estate and zoning matters. In addition, KKZF regularly practices in the State Court, and Jeffrey Kaplan of KKZF has been handling the Code Enforcement Action for the Debtor since its commencement. Through Mr. Kaplan's efforts, the Debor and the Town of Rochester were working toward what the Debtor is hoping will be a consensual resolution of the disputes in the Code Enforcement Action before it was stayed by the filing of the Debtor's chapter 11 case. The Debtor believes that KKZF is well-qualified to continue to represent it in negotiating a stipulation with the Town of Rochester in the Code Enforcement Action.

7. To the best of the Debtor's knowledge, and except as set forth in the Declaration of

Jeffrey Kaplan in support of the Application, KKZF represents no interest adverse to the Debtor as debtor and debtor in possession, or its estates, regarding the matters upon which KKZF is to be engaged. The Debtor respectfully submits that its employment of KKZF would be in the best interests of its estate and other parties in interest.

8. KKZF's attorney billing rates range from $350 to $425 per hour, and time will be recorded by the tenth (1/10) of an hour. Mr. Kaplan's billing rate is $425 per hour.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed order annexed hereto authorizing it to employ KKZF as its special litigation counsel to represent it in the Code Enforcement Action on the terms set forth in this Application, and that the Debtor be granted such other and further relief as is just and proper.

Dated: New York, New York
September 9, 2026

RUBIN LLC

By: *___/s/ Paul A. Rubin_____*

Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

# EXHIBIT A
# (KAPLAN DECLARATION)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | : | |
| | : | Case No.: 26-43491 (ESS) |
| Debtor. | : | |

**DECLARATION OF JEFFREY KAPLAN**

Jeffrey Kaplan, hereby declares under penalty of perjury as follows:[1]

1. I am a partner in the firm of Kalter, Kaplan, Zeiger & Forman ("KKZF"), which firm maintains an office for the practice of law at 47 N. Main Street, P.O. Box 186, Ellenville, New York 12428. I am fully familiar with the facts set forth herein.

2. I am admitted to practice before, among other courts, the courts of the state of New York and the United States District Courts for the Southern and Northern Districts of New York.

3. I respectfully submit this Declaration in support of the Application of the above-captioned debtor (the "Debtor"), as a debtor and debtor in possession, for entry of an order authorizing the Debtor to employ KKZF as special litigation counsel, *nunc pro tunc* to July 21, 2026, to represent the Debtor in the action commenced by the Code Enforcement Officer for the Town of Rochester against the Debtor in the Supreme Court of the State of New York, County of Ulster, which was assigned index number EF2025-2829 (the "Code Enforcement Action"), which addresses permitted uses for the Debtor's real property located at 5 Ridgeview Road, Kerhonkson, New York.

[1] All capitalized terms used, but otherwise not defined, herein shall have the meanings ascribed to them in the Application.

4. Neither I, KKZF nor anyone associated with it insofar as I have been able to ascertain:

(a) is an equity security holder of the Debtor;

(b) is an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

(c) is, or has been, within two (2) years before the date of the filing of the Debtor's chapter 11 petitions, a director, officer, or employee of the Debtor;

(d) has an interest materially adverse to the interest of the Debtor's estate or of any classes of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason;

(e) presently represents a creditor or security holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter that is related to the Debtor or its estate, or, except as described below, on any matter that is unrelated to the Debtor or its estate;

(f) has, in the twelve (12) months prior to the Petition Date, represented any creditor of the Debtor;

(g) except as described below, previously represented a creditor or equity security holder of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter related to the Debtor's chapter 11 case;

(h) except as described below, has any connection with the Debtor, its creditors, the Office of the United States Trustee or any employee of that office, or any other parties in interest; or

(i) has any other interest, direct or indirect, that may affect or be affected by the proposed representation.

5. Disclosure with respect to whether or not KKZF presently has or formerly has had "connections" with the Debtor, its creditors, or other interested parties, their attorneys and accountants, the Office of the United States Trustee or any employee of that office, the Honorable Elizabeth S. Stong or any employee in her Chambers, insofar as I have been able to ascertain is set forth below.

6. KKZF maintains records of all of its clients and the matters on which it represents

such clients. I have reviewed such records to determine KKZF's connections with the Debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee, the Honorable Elizabeth S. Stong or any employee in her Chambers. KKZF represented and continues to represent the Debtor in the Code Enforcement Action. In connection therewith, KKZF is owed approximately $2,100 for pre-petition unpaid legal fees.

7. To the best of my knowledge, information and belief, other than KKZF's pre-petition representation of KKZF in the Code Enforcement Action, KKZF has no connections with the Debtor, any of its creditors, or other interested parties, including those described in the immediately preceding paragraph.

8. Except as stated herein, neither I nor KKZF nor anyone associated with it, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate. Additionally, to the best of my knowledge, KKZF is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

9. Attorney billing rates of KKZF range from $350 to $425 per hour. KKZF will provide statements to the Debtor on a monthly basis detailing its time charges by one-tenth (1/10) of an hour and all expenses incurred. If KKZF determines to raise its hourly rates, then KKZF will notify the Court and the United States Trustee of such raise in writing. KKZF also intends to seek reimbursement for out-of-pocket expenses such as out-of-pocket travel expenses in the amount incurred, filing fees in the amount incurred, and postage in the amount incurred.

10. KKZF has not shared or agreed to share any portion of said compensation with any other person.

11. KKZF has not received any other payment in this case except as set forth above.

No agreement or understanding exists between KKZF and any person for a division of compensation or reimbursement received or to be received or in connection with this case.

12. I declare under penalty of perjury under the laws of the United States of America, that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: August 26, 2026

Jeffrey Kaplan

# EXHIBIT B
# (PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | : | |
| | : | Case No.: 26-43491 (ESS) |
| Debtor. | : | |

**ORDER AUTHORIZING RETENTION OF KALTER, KAPLAN, ZEIGER & FORMAN AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR**

Upon the application (the "Application")[1] of the above-captioned debtor (the "Debtor"), for an order authorizing them to employ the law firm of Kalter, Kaplan, Zeiger & Forman (the "Law Firm") as special litigation counsel *nunc pro tunc* to July 21, 2026, and upon the declaration of Jeffrey Kaplan, Esq., a copy of which is annexed as Exhibit A to the Application; and it appearing that due and sufficient notice of the Application has been given; and it appearing that the Law Firm represents no interest adverse to the Debtor or to its estate in the matters upon which it will be engaged and that the Law Firm's employment is necessary and is in the best interests of the Debtor's estate; and after due deliberation and sufficient cause appearing to me therefor, it is

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that the Debtor be, and hereby is, authorized under section 327(e) of the Bankruptcy Code to employ the Law Firm, *nunc pro tunc* to July 21, 2026, to represent the Debtor as special litigation counsel in the Code Enforcement Action (as defined in the Application) on the terms and for the professional services set forth in the Application, with the compensation of the Law Firm to be fixed by this Court upon the filing of properly noticed applications therefor in accordance with the sections 329, 330 and 331 of the Bankruptcy Code as may be applicable, the

[1] All capitalized terms used, but otherwise not defined, herein shall have the meanings ascribed to them in the Application.

applicable Federal Rules of Bankruptcy Procedure, the applicable Local Rules of the United States Bankruptcy Court for the Eastern District of New York, and the United States Trustee's Fee Guidelines; and it is further

ORDERED, that to the extent there is any conflict between the provisions of this Order and the Application, this Order shall govern; and it is further

ORDERED, that before any increases in the Law Firm's rates, the Law Firm shall provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee that may be appointed in this case via supplemental declaration. Any such supplemental declaration will explain the basis for the requested rate increases under section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase and will be filed with the Court. Nothing contained herein shall prejudice the United States Trustee's right to respond or object to any such rate increase on all grounds including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.