**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | Case No. 26-43491 (ESS) |
| Debtor. | |

----------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 542(e) AND FED. R. BANKR. P. 2004, 7065 AND 9016 AUTHORIZING EXAMINATIONS, DIRECTING THE PRESERVATION AND PRODUCTION OF BOOKS AND RECORDS, AND DIRECTING TURNOVER OF RECORDED INFORMATION**

Upon the motion (the "Motion") of Abraham Kleinman ("Kleinman"); and due and sufficient notice having been given; and the Court having considered the Motion and any responses; and a hearing having been held on October 1, 2026; and good cause appearing, it is hereby

ORDERED, that the Motion is granted as set forth herein. Capitalized terms not defined herein have the meanings given in the Motion. "Examinees" means The Ridgeview Realtor LLC (the "Debtor"), Joseph Doppelt, Moshe Zev Doppelt, Yeshivah and Mesivta Arugath Habosem ("YMAH"), Hirsch Dinter & Co., CPAs (the "Accountants"), and each person or entity served with a subpoena issued under paragraph 3 of this Order. "Books and Records" means all documents and electronically stored information, in any form, relating to the Debtor, the Property, or any transfer of money or property between or among the Debtor, Joseph Doppelt, Moshe Zev Doppelt, Raizel Doppelt, David Braun or his Estate, YMAH, Habosem Home LLC, or any affiliate of any of them, from January 1, 2023 to the date of production; and it is further

ORDERED, that pursuant to Bankruptcy Rule 2004, Kleinman is authorized to examine each Examinee under oath concerning the acts, conduct, property, liabilities and financial

condition of the Debtor; the ownership and control of the Debtor; the relationship among the Debtor, Joseph Doppelt, YMAH and Habosem Home LLC; every payment made by or on behalf of YMAH or any insider to or for the benefit of the Debtor; every payment received by YMAH or any insider on account of the use of the Property; the guarantee and mortgage offered to the U.S. Small Business Administration and the cancelled loan they were to secure; the source of the retainers paid to Rubin LLC and to Kalter, Kaplan, Zeiger & Forman; and any other matter relevant to this case or to the formulation of a plan; and it is further

ORDERED, that Kleinman is authorized to issue, and the Clerk shall sign, subpoenas under Bankruptcy Rule 9016 and Fed. R. Civ. P. 45 to each Examinee and to each person or entity listed in Schedule 2 for the production of the Books and Records described in Schedule 1 and for attendance at examination; and it is further

ORDERED, that pending further order of this Court, each Examinee and each person served with a subpoena hereunder is enjoined and restrained, pursuant to 11 U.S.C. § 105(a), Bankruptcy Rule 7065 and Fed. R. Civ. P. 65, from concealing, deleting, destroying, removing, transferring or otherwise altering any Books and Records, in any form, absent further order of this Court or the prior written consent of Kleinman; security under Fed. R. Civ. P. 65(c) is waived; and it is further

ORDERED, that within fourteen (14) days after service of this Order or of a subpoena hereunder, each Examinee shall produce to Kleinman the Books and Records described in Schedule 1 that are in its possession, custody or control, and shall serve with its production (a) written responses to each request; (b) a declaration under 28 U.S.C. § 1746 attesting that no responsive Books and Records have been altered, modified, deleted or otherwise destroyed, that a diligent search has been made, and identifying by financial institution and account number every

account into or from which funds of the Debtor were paid or received during the relevant period; and (c) a Withheld Document List identifying each responsive document not produced, the basis for withholding it, and, for any document no longer in the party's possession, when it was last held, its disposition, the identity of any person now holding it, and, if destroyed, when, by whom and at whose direction; and it is further

ORDERED, that electronically stored information shall be produced in native format and in a searchable format; that bank, credit-card and loan statements shall be produced unredacted; and that transaction-level financial data shall be produced in Microsoft Excel or comparable spreadsheet format; and it is further

ORDERED, that pursuant to 11 U.S.C. § 542(e), the Accountants shall turn over to Kleinman, within fourteen (14) days after service of this Order, all recorded information in their possession relating to the Debtor's property or financial affairs, including their audit workpapers, related-party and loan schedules, bank confirmations, management representation letters, engagement letters and correspondence for YMAH's fiscal years 2023 through 2026 to the extent they refer to the Debtor, the Property, Habosem Home LLC, the SBA loan, camp or tuition revenue, or any transfer to or from Joseph Doppelt, Moshe Zev Doppelt, Raizel Doppelt or David Braun or his Estate; and the Accountants shall incur no liability under 26 U.S.C. § 7216, under any agreement of confidentiality, or otherwise, for any production made in compliance with this Order; and it is further

ORDERED, that any Examinee withholding documents on the ground of privilege shall serve a privilege log complying with Bankruptcy Rule 7026 with its production; and it is further

ORDERED, that each Examinee shall appear for examination under oath, on not less than fourteen (14) days' written notice, at a date, time and place agreed by the parties or, absent

agreement, at the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York, with YMAH and the Accountants each to designate the person(s) most knowledgeable of the subjects set forth above; the examinations to be recorded stenographically and/or by audio-visual means under Bankruptcy Rules 2004 and 9016 and Fed. R. Civ. P. 30 and 45; and it is further

ORDERED, that if any Examinee or subpoenaed person fails to comply fully with this Order or with a subpoena issued hereunder, Kleinman shall first request a meet-and-confer, to be held within five (5) business days; any unresolved dispute may be raised by letter to the Court not exceeding five pages, with a response due within three (3) business days; and if the Court determines that non-compliance continues, Kleinman is authorized to submit a proposed order to show cause scheduling a hearing to consider entry of an order holding the non-complying person in civil contempt and imposing coercive civil sanctions until full compliance with this Order has been made; and it is further

ORDERED, that a status conference on compliance with this Order shall be held on ________, 2026 at____; and it is further

ORDERED, that nothing herein precludes Kleinman from seeking further examinations or additional documents, or any Examinee from seeking a protective order; and it is further

ORDERED, that this Court retains exclusive jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: Brooklyn, New York
__________, 2026

____________________________________
HON. ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE 1 TO PROPOSED ORDER**
**BOOKS AND RECORDS TO BE PRODUCED**

**Definitions and Instructions**

"Debtor" means The Ridgeview Realtor LLC and any predecessor, member, manager, agent or representative acting on its behalf, including Abraham Kleinman to the extent he acted for it. "Doppelt" means Joseph Doppelt. "Insiders" means Joseph Doppelt, Moshe Zev Doppelt, Raizel Doppelt, Yanky Doppelt, Jacob Doppelt, Rose Friedlander, David Braun and his Estate, and any entity in which any of them holds an interest. "YMAH" means Yeshivah and Mesivta Arugath Habosem, 40 Lynch Street, Brooklyn, New York, EIN xx-xxx4036, together with Arugath Habosem, Inc., Kehilath Jakov-Arugath Habosem, Inc., Machne Arugath Habosem, Camp Arugath Habosem, Inc., Habosem Home LLC, and any affiliated congregation, camp, school or entity operating under the Arugath Habosem or Habosem name, and their officers, directors, trustees, employees and agents. "Lender" means Ridgeview Lender LLC and any servicer. "SBA" means the U.S. Small Business Administration and SBA Loan No. xxxxxx9106. "Property" means 5 Ridgeview Road, Kerhonkson, New York (SBL 68.1-1-27.700, 68.3-1-16.200 and 68.3-1-16.300). "Document" has the broadest meaning permitted by Fed. R. Civ. P. 34(a) and includes ESI. Requests reach documents in the possession of the responding party's attorneys, accountants, auditors and agents. Unless otherwise stated, the period is January 1, 2023 through the date of production. Accounts are to be identified by institution and account number.

**A. To be produced by the Debtor and Doppelt**

(1) All statements, cancelled checks, wire confirmations, deposit records and online-banking access records for every account in the Debtor's name, or into or from which any funds of the Debtor were paid, at any time since January 1, 2023, including every account used to pay the Lender, and including the debtor in possession account ending 0253 at Flagstar Bank, N.A., together with the account application, the signature card, the resolution or authorization relied on to open it, the identity of every person who opened it and of every authorized signatory, and all communications with the bank concerning its opening.

(2) The Lender's note, mortgage, guaranties, loan agreement and closing statement (November 20, 2023), and all payment histories, payoff statements, default notices and correspondence with the Lender.

(3) All Documents identifying the remitter, the account debited, and the characterization of each payment to the Lender since November 20, 2023, including specifically the wires of $48,000 (1/16/2024), $48,000 (2/7/2024), $30,000 and $18,000 (3/6-7/2024), $50,000 (5/28/2024) and $300,000 (4/10/2025). ECF No. 19-5.

(4) The Debtor's operating agreement and all amendments; membership ledgers; all Documents reflecting any issuance, transfer, pledge or assignment of any membership interest since formation, including any interest of YMAH, of Abraham Kleinman, or of David Braun or his Estate; every instrument appointing or purporting to appoint Joseph Doppelt as Manager after David Braun, the notice, attendance and minutes of the "special meeting" of July 20, 2026 recited in the certificate annexed to the petition, and every certificate of authority, incumbency certificate or resolution delivered to any lender, agency or counterparty.

(5) All Documents concerning the SBA loan: the application; the Certificate of Authority, Guarantee, Mortgage and Loan Authorization and Agreement as submitted and, if executed, as executed; the application and personal financial statements; recording information for the Mortgage; and all correspondence with the SBA.

(6) All leases, licenses, use agreements, letters of intent, contracts, registration forms, invoices, receipts and correspondence concerning any occupancy or use of the Property by YMAH, Yeshiva Toras Chaim, any camp, school or congregation, or any prospective tenant (including Areba Casriel, Inc. d/b/a Addiction Care Interventions), and all Documents reflecting any payment received for such use and the account into which it was deposited.

(7) All Documents reflecting any loan, advance, capital contribution, gift, payment of an obligation of the Debtor, or other transfer to or for the benefit of the Debtor by any Insider or by YMAH, and any transfer by the Debtor to or for the benefit of any Insider or YMAH.

(8) All permits, applications, inspection reports, notices of violation, correspondence and filings with the Town of Rochester, the Ulster County Department of Health, the Accord Fire District, or any court concerning the Property, including every application for Ulster County Department of Health Permit No. 55-5882 and Permit No. 55-10121 and for any temporary residence or children's camp permit sought for the Property in 2024, 2025 or 2026, with every attachment to each such application, including every Document naming the camp director, operator or person in charge, every staff roster or list of personnel, and every certificate of insurance, policy, declarations page and proof of workers' compensation and disability and paid family leave benefits coverage submitted with it, including Form DB-120.1 issued May 30, 2024 by ShelterPoint Life Insurance Company under policy No. DBL159621, Form C-105.2 issued May 27, 2024, and every other certificate issued on any policy of YMAH; all Documents concerning the administrative enforcement proceeding brought by the Ulster County Department of Health against The Ridgeview Realtor LLC/Yeshiva and Mesivta Arugath Habosem, including the Notices of Charges of November 4, 2025 and April 1, 2026,

the Stipulation of Settlement, all Documents concerning the corrective action it requires, who performed and who paid for that work, any fine assessed or paid and the account it was paid from, and all communications with the Department, the County Attorney and any insurer concerning it; all applications, correspondence and submissions to that Department for the 2026 season; all Documents concerning any program, activity or use at the Property described as, or relating to, alcohol or drug abuse, treatment, rehabilitation or abstinence, including the "program to assist kids in abstaining from alcohol and drugs" described in the June 2, 2026 letter of Joseph Doppelt and the "alcohol and drug rehabilitation center" described in the June 4, 2026 letter of Kalter, Kaplan, Zeiger & Forman, every enrollment, intake, tuition, insurance and Medicaid record, every certificate, license, application and communication with the Office of Addiction Services and Supports or any other agency, every staff credential, and every Document exchanged with the Town of Rochester or its counsel concerning the June 4, 2026 proposal; all Documents concerning the incident at the Property on August 20, 2025, including every incident report, medical log, communication with any camper's family, insurer, attorney, police agency or government office, and every Document concerning who was on duty, who was the camp director, health director and aquatics director, and what staff screening had been completed; the identity, role and employer of the persons identified in the Department's reports as "Shlome," "Scott," "Scotty" and "Leah," and all Documents concerning Rabbi Shlomie Rabinovich's role at the Property; all e-mail in the accounts RIDGEVIEWTOWER@GMAIL.COM and 6762530@gmail.com concerning the Property, and the identity of every person with access to each; the Town of Rochester building permit files 25/394 and 25/395 and all Documents concerning who paid for that work; and including Banach v. The Ridgeview Realtor LLC, Index No. EF2025-2829, and all Documents concerning the August 2025 death on the Property and any insurance claim arising from it.

(9) All insurance policies covering the Property or the Debtor since January 1, 2024, all premium invoices and proof of payment, all Documents identifying "Habosem Home LLC" and its relationship to the Debtor, and all correspondence with P&G Brokerage, Inc. and Lexington Insurance Co.

(10) All Documents concerning the engagement of Rubin LLC and of Kalter, Kaplan, Zeiger & Forman, including engagement letters, invoices, the source and transmittal of every retainer or payment, and the statement of each account from which any such payment was made for the month of payment.

(11) The Debtor's federal and state tax returns and IRS Forms 1065 and K-1 for 2023, 2024 and 2025, or all Documents explaining why none were filed, and the IRS Form CP 575 and any Form SS-4.

(12) All appraisals, broker opinions, offers and letters of intent concerning the Property since January 1, 2023, and all Documents concerning the Cherrytown Road parcels (SBL 68.3-1-16.200 and 16.300) omitted from Schedule A/B.

(13) All Documents concerning any obligation of the Debtor or Doppelt to Abraham Kleinman or to MAA Capital Management LLC, and all communications between Doppelt and Abraham Kleinman concerning the Property.

**B. To be produced by Doppelt individually and by Moshe Zev Doppelt**

(14) All Documents reflecting each of their positions with, authority over and signatory rights at YMAH and the Debtor, including bank signature cards, board minutes, IRS Forms 990 and NYS CHAR500 filings.

(15) Statements for every personal or business account over which either has signatory authority from which any payment was made to the Lender, the Debtor, the SBA, Rubin LLC, KKZF, or any vendor or creditor of the Debtor, for each month in which such a payment was made.

(16) All communications with Rubin LLC or KKZF before the Petition Date concerning the Debtor, the Property, YMAH, the SBA loan, or the August 2025 death.

**C. To be produced by YMAH**

(17) Certificate of incorporation, bylaws, lists of officers, directors and trustees since January 1, 2023, and all board minutes, resolutions and consents referring to the Debtor, the Property, the SBA loan, any membership interest in the Debtor, or any payment to the Lender or for the Property.

(18) Statements and cancelled checks for every account of YMAH from January 1, 2023, including the accounts ending 9134, 8172, 7873 and 7049 and the American Express account ending 1000, and identifying for each the institution, the full account number, the signatories and the person who authorized each payment, and including the M&T Bank line of credit and operating accounts and the Valley National Bank accounts, or at minimum every entry reflecting (i) any payment to the Lender, the SBA, the Debtor, any Insider, Firex Sprinklers, M&S Electrical, P&G Brokerage, Central Hudson, Ulster County or any other vendor or creditor of the Debtor, and (ii) every deposit of camp tuition, registration fees, rent or other consideration for use of the Property.

(18a) All Documents concerning every policy of insurance of any kind naming, covering or benefiting the Debtor or the Property at any time since January 1, 2023, including the applications, binders, declarations pages, certificates, endorsements, loss runs and claim files, and all invoices, statements and proofs of payment showing who paid each premium, including the $11,656, $5,828, $7,451, $7,060 and $17,401

payments made from the YMAH accounts ending 9134, 1000, 8172, 7873 and 7049, together with all Documents concerning any claim made or reserved under any such policy arising from events at the Property in August 2025.

(19) Every agreement, contract, license, invoice, statement and proof of payment between Arugath Habosem and any school, camp, congregation or institution concerning the use or occupancy of the Property in 2023, 2024, 2025 and 2026, including all agreements with Yeshiva Toras Chaim LLC, the entity known as "Nitra" and the entity Doppelt has sworn operated the camp, together with all registration forms, tuition ledgers, invoices, receipts and correspondence for every camp or program conducted at the Property in 2024, 2025 and 2026, including the "Camp Yeshiva and Mesivta Arugath Habosem" permitted by Ulster County Permit Nos. 55-5882 and 55-10121.

(20) All Documents concerning the SBA loan, including the disbursement of its proceeds and every use of them.

(21) All Documents characterizing any payment for the benefit of the Debtor as a loan, grant, capital contribution, rent or otherwise, and any note, agreement or acknowledgment executed in connection with it.

(22) IRS Forms 990 and NYS CHAR500 filings, and the audited financial statements, general ledgers and trial balances, for fiscal 2023 through 2026.

(23) All Documents concerning the M&T Bank line of credit and any application to M&T Bank or any other lender in 2025 or 2026 that refers to the Property, the Debtor, or YMAH's ownership of either.

**D. To be produced by the Accountants (Hirsch Dinter & Co., CPAs) under § 542(e)**

(24) Audit workpapers, planning memoranda, related-party schedules, loan and receivable confirmations, bank confirmations, management representation letters, engagement letters, and all correspondence with YMAH or Doppelt, for fiscal 2023 through 2026, to the extent they refer to the Debtor, the Property, Habosem Home LLC, the SBA loan, camp or tuition revenue, "Loans Payable - Related Parties," "Loans Payable - Third Parties," or any Insider.

**SCHEDULE 2 TO PROPOSED ORDER**
**THIRD PARTIES TO BE SUBPOENAED UNDER RULE 9016**

(1) **M&T Bank**, all accounts, loans and lines of credit of YMAH or the Debtor, identified by the Debtor's EIN (xx-xxx8874) and YMAH's EIN (xx-xxx4036) and by any account number identified in production; the 2025 line-of-credit and any refinance or loan application by or for the Debtor or YMAH in 2025-2026, with all ownership representations; statements, signature cards and wire records, January 1, 2023 to date.

(2) **Flagstar Bank, N.A.**, as successor to Signature Bank (the YMAH account **ending 7049, routing number 026013576**, on which check No. 12034 of June 17, 2024 was drawn, in payment of the deposit on the ritual bath, the mikvah, in which the child died on August 20, 2025, together with the Debtor's debtor in possession account ending 0253 and every other account of the Debtor or YMAH at that institution or its predecessor), **Valley National Bank; JPMorgan Chase Bank, N.A.; and any other financial institution identified in production**, same categories.

(2a) **Jacob Doppelt and Rose Friedlander**, and **JPMorgan Chase Bank, N.A.** as custodian of the account ending 9093 in their names: the source of the $100.00 credited to the debtor in possession account on August 11, 2026 (ECF No. 26-1); every transfer from that account to or for the Debtor, YMAH, Doppelt or the Property; the relationship of each of them to the Debtor and to YMAH; who directed the opening of the debtor in possession account ending 0253 and who its signatories are; and every account, statement, agreement and communication concerning either.

(3) **U.S. Small Business Administration** (Loan No. xxxxxx9106), the complete application and closing file, including any executed closing documents, the cancellation, the October 22, 2025 loan-modification request and the SBA's conditions for it, and all communications with Joseph Doppelt or YMAH concerning it; SBA Form 5 application; Forms 413 and 2202; IRS transcripts obtained; disbursement records; recording information for the Mortgage on the Property. Also, as to YMAH, the complete file for its COVID-19 Economic Injury Disaster Loan of $2,000,000 originated July 10, 2020 (loan number ending 6846), including the application, use-of-proceeds certifications, the three disbursements and the payment history, and for its two Paycheck Protection Program loans of $763,562.50 each, including the applications, forgiveness applications and payroll support; the SBA Disaster Customer Service Center (dcs@sba.gov) and the Office of Disaster Recovery and Resilience, Loan Servicing, Fort Worth, Texas.

(4) **Kalter, Kaplan, Zeiger & Forman**, engagement letters with the Debtor, YMAH, Doppelt or Abraham Kleinman; retainer and payment records with source accounts; its files in Banach v. The Ridgeview Realtor LLC and in the SBA closing; the February 2026 stipulation and the June 2026 settlement correspondence with the Town.

(5) **VCORP Services, LLC** (25 Robert Pitt Drive, Suite 204, Monsey, New York), the Debtor's formation filer: the formation order and the identity of the person who placed it, every document prepared or delivered for the Debtor, including any operating agreement, membership certificate or EIN application, and all customer correspondence; and **Town of Rochester (Building Department, Town Attorney, Town Clerk) and Ulster County Department of Health**, all permit applications, permits, inspection reports, correspondence and records concerning the Property, including records withheld from FOIL production on the ground of inter-agency or attorney-client privilege, to the extent discoverable.

(6) **Firex Sprinklers (Aron Klein); M&S Electrical (Mayer Spitzer); P.N. Fire & Burglar Alarm Co.; PSI Concrete Group, Inc.; Upscale Interiors (Spring Valley, New York)**, invoices, estimates, contracts, proof of payment and the identity of the payor for all work at the Property.

(6a) **American Express** (the YMAH account ending 1000: statements, the enrolled card numbers and cardholders, and every charge relating to the Debtor, the Property or any insurance covering either, from January 1, 2023).

(7) **P&G Brokerage, Inc. and Lexington Insurance Co.**, the policy, application, named insureds, premium invoices and proof of payment for Policy No. 019764690-00 and any predecessor policy, and all Documents identifying Habosem Home LLC.

(8) **Areba Casriel, Inc. d/b/a Addiction Care Interventions (Jack Wolcowitz)**, the June 12, 2026 letter of intent, all drafts, and all communications with the Debtor, Doppelt, YMAH or KKZF concerning the Property.

(9) **Yeshiva Toras Chaim LLC, known as "Nitra"** (Monsey, New York), the entity Doppelt has sworn operated the camp on the Property (ECF No. 16 ¶ 3) and the defendant in the wrongful-death action, all agreements, contracts, invoices, statements, correspondence and proof of payment concerning the use or occupancy of the Property in 2024 and 2025, including the identity of the contracting counterparty, the amounts paid, and the account to which payment was remitted.

(10) **Each other school, camp, congregation or institution that occupied or used the Property in 2023, 2024, 2025 or 2026**, to be identified from the production, same categories.

(11) **Yeshiva Toras Chaim LLC**, any agreement, payment or correspondence concerning use of the Property, and its relationship, if any, to the Debtor or YMAH.