Abraham Kleinman
407 Lincoln Road, Suite 6H-1752
Miami Beach, Florida 33139
(845) 494-9922 | kleinmanabraham@gmail.com

September 22, 2026

Hon. Elizabeth S. Stong
United States Bankruptcy Judge
Conrad B. Duberstein United States Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

**Re: In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)**
**Amended Order of September 21, 2026 (ECF No. 34) concerning electronic filing**
**Request for reconsideration or, in the alternative, for a direction to the Clerk**

Dear Judge Stong:

I write about the Amended Order entered yesterday afternoon at ECF No. 34. It withdraws the Filing User authorization granted at ECF No. 32 and directs me to the electronic dropbox under General Order No. 691. The Court retained jurisdiction to modify that permission. I respectfully ask that the Court now exercise it.

Administrative Order No. 691 was vacated on February 29, 2024 by Administrative Order No. 766. What remains is the Clerk's Pro Se Electronic Document Upload Program, and the handling of my filings by the Clerk's pro se unit is the reason this letter is necessary.

I am not new to this. My application annexed my CM/ECF course certificate and an order of the Southern District of New York granting me electronic filing privileges. Six days after I applied, the following occurred. On September 17 I filed my Rule 2004 motion through the upload program with thirty-one exhibits. Each exhibit was uploaded as its own file, and each file carried its own description, <u>entered in the program's description field</u>, stating the exhibit number and what the document is. The Clerk received thirty-one described exhibits. Nothing was left to infer, search for, or ask about, and no one from the Clerk's office ever reached out to me.

The Clerk dumped those exhibits onto the docket at ECF No. 30 as: "# 2 Exhibit # 3 Exhibit # 4 Exhibit," through "# 32 Exhibit." Thirty-one attachments, each mislabeled "Exhibit," nothing more. The descriptions were not shortened or paraphrased. <u>They were completely discarded</u>. For contrast, this is what I entered for the first three files: "Exhibit 1 - KKZF Letter to Town Attorney (6/4/2026) with YMAH Letter of Joseph Doppelt, Administrator (6/2/2026)"; "Exhibit 2 - Articles of Organization of The Ridgeview Realtor LLC (8/15/2023) and IRS EIN Notice CP 575 B (8/16/2023)"; "Exhibit 3 - SBA Disaster Loan No. 5889139106 Closing Package (12/3/2024)." All thirty-one, as entered, are annexed as Exhibit B. The docket text should have been those descriptions, copied as supplied. That is all that was required, and it was not done.

Compare ECF No. 19, filed by the Lender's counsel as a Filing User two weeks earlier: "# 2 Exhibit 1 (Foreclosure Complaint and Exhibits) # 3 Exhibit 2 (Borrower's Answer) # 4 Exhibit 3 (Default Notice)." That is what a docket entry looks like when the descriptions are used. Both entries are annexed as Exhibit A.

The burden of the Clerk's omission falls on the Court. To find the SBA closing package, the fire district report, the County permits, or the Debtor's bank statement in ECF No. 30, the Court and every party must currently open thirty-one files one at a time. I filed a Statement of Exhibits the same day, ECF No. 33, so that a key would at least exist. I should not have had to. A filer who supplies a description for every exhibit is entitled to have it appear on the docket, **and a court is entitled to a docket it can read.**

If the appearance of ECF No. 30 played any part in the Court's decision to amend, the Court should know that the descriptions were indeed supplied to the Clerk for every exhibit and despite that were not used or attached. The blank entries reflect the Clerk's processing, not my filing. On the other hand, a CM/ECF Filing User enters the docket text at the moment of filing, and the Clerk is not in the middle. That is why I applied, and it is why the current amendment sends the next filing into the same problem.

**I humbly ask that the Court:**

1. Reinstate the authorization at ECF No. 32. The order relied on for the amendment no longer exists. Rule 5005(a)(2)(B) permits the Court to allow an unrepresented party to file electronically by order, and it did so on September 18.
2. Alternatively, direct the Clerk to docket each exhibit I submit through the upload program as a separately described attachment, using the description I enter for that file, copied as supplied.
3. In either case, direct the Clerk to correct the docket text for attachments 2 through 32 of ECF No. 30 by inserting, for each, the proper description as set out in Exhibit B.

Respectfully submitted,

/s/ Abraham Kleinman
Abraham Kleinman
Creditor and party in interest, pro se

*Exhibit A: Docket entries for ECF Nos. 19, 30 and 33 as they appear on the docket*
*Exhibit B: The thirty-one exhibit descriptions as entered in the upload program on September 17, 2026*

**cc (by ECF / first-class mail):**

Paul A. Rubin, Esq. and Hanh V. Huynh, Esq., Rubin LLC, 11 Broadway, Suite 715, New York, NY 10004, proposed counsel for the Debtor

Greg M. Zipes, Esq., Office of the United States Trustee, One Bowling Green, Room 534, New York, NY 10004-1408

Aviva Francis, Esq., Jacobowitz Newman Tversky LLP, 377 Pearsall Avenue, Suite C, Cedarhurst, NY 11516, counsel for Ridgeview Lender LLC

The Ridgeview Realtor LLC, Attn: Joseph Doppelt, Manager, 23 Heyward Street, #1B, Brooklyn, NY 11249