UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK
In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)

# EXHIBIT 36

**Kleinman Verification and Affidavit in Opposition, Banach v. The Ridgeview Realtor LLC, September 26, 2025**

Verification of Abraham Kleinman to the Verified Answer ("member of defendant LLC") and Affidavit in Opposition of Abraham Kleinman ("managing member"), with Exhibits A and B thereto, Banach v. The Ridgeview Realtor LLC & Yeshiva and Mesvita Arugata Habasem, Sup. Ct. Ulster County, Index No. EF2025-2829 (NYSCEF Doc. 15), September 26, 2025, and the KKZF transmittal email of the same date.

*Source: Town of Rochester FOIL production, Town Attorney file (akfoil2, pp. 9-24).*

[redacted]

Search your mail or the web

Compose

← Back · Keep as New · Move · Delete · Spam · More

EF2025-2829 Ridgeview Realtor LLC ads Town of Rochester

Aol/Old Mail

Today on AOL
New Mail 10K
Old Mail
Starred
Drafts
Sent
Spam
Recently Deleted
Less

Views Hide
Contacts
Photos
Documents
Unsubscribe
Receipts
Credits
Travel

Folders Hide
+ New Folder
Saved Mail 1.5K
Archive
confidential
high falls water d... 4
marbletown
Notes
rochester 180
rosendale 43
rosendale school
saved zoom links
SavedIMs
wawarsing 62

**Jeffrey Kaplan**
**From:** [redacted]
To: Work

Fri, Sep 26, 2025 at 2:07 PM

Dear Marylou:

Please find attached a copy of the Verified Answer and Affidavit in Opposition in the above matter.

My client would like to schedule an inspection with the Town of Rochester at their convenience. Please advise when we can schedule the inspection.

Very truly yours,
Jeffrey Kaplan, Esq.

co/attachment
Jeffrey Kaplan, Esq.
Kalter, Kaplan, Zeiger & Forman
[redacted]

**PLEASE NOTE: EMAIL ADDRESS UPDATE**

Download all attachments as a zip file

Verified Ans... .pdf
519.5 kB

Affidavit in O....pdf
2.4 MB

**Reply, Reply All or Forward**

## VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF ULSTER

ABRAHAM KLEINMAN, being duly sworn, says: I am one of the individually named Defendants, named in the within action herein, and member of defendant LLC, I have read the annexed Verified Answer and same are true to my knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief as to those matters therein not stated upon my knowledge is based upon the books, records, and files of the Defendant currently in my possession.

ABRAHAM KLEINMAN

Sworn to before me this
26 day of September, 2025

Notary Public

Cecelia Oquendo
Notary Public State of New York
Qualified In Ulster County
Registration Number 01OQ6350287
My Commission Expires 11/07/2028

# VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF ULSTER

ABRAHAM KLEINMAN, being duly sworn, says: I am one of the individually named Defendants, named in the within action herein, and member of defendant LLC, I have read the annexed Verified Answer and same are true to my knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief as to those matters therein not stated upon my knowledge is based upon the books, records, and files of the Defendant currently in my possession.

ABRAHAM KLEINMAN

Sworn to before me this
26 day of September, 2025

Notary Public

Cecelia Oquendo
Notary Public State of New York
Qualified in Ulster County
Registration Number 01OQ6350287
My Commission Expires 11/07/2028

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

---------------------------------------------------------------------X

Michael Banach, as Code Enforcement Officer for the Town of Rochester,

Plaintiff,

-against-

The Ridgeview Realtor LLC and Yeshiva and Mesvita Arugata Habasem,

Defendants.

---------------------------------------------------------------------X

Index No.**EF2025-2829**
Hon. Julian Schreibman
**AFFIDAVIT IN OPPOSITION**

Abraham Kleinman, duly sworn deposes and says:

1. That I am the managing member of the Defendant, Ridgeview Relator LLC and submit this affidavit in opposition to Plaintiffs claim that the current use of the facility in in violation of the Town Zoning Code and therefore the use should be terminated.
2. Defendants, Ridgeview Realty LLC purchased the facility located at 5 Ridgeview Road, Kerhonkson New York in the fall of 2023 for a total consideration of $5,500,000.00.
3. Prior to purchase we made a thorough review of the Town Zoning Code to ensure that our proposed use as a religious camp / resort was a permissible use under the code and we determined that it was.
4. Following purchase, we applied for a change of use to the contemplated use which was approved by the Town of Rochester Building Department and thereafter applied to the Town of Rochester Planning Board for Site Plan approval.
5. For an extended period of time, we received numerous obstructions and delays from the Town Planning Board in our efforts to obtain Site Plan approval.

These delays included an unauthorized position that the prior owner of the property had applied for a lot line change with an adjoining property owner and we could not proceed with our application until that matter was resolved. Once that matter was resolved, we were then told that there were internal issues within the Planning Board that precluded a quorum to meet with us to proceed with the application.

6. Due to the these delays, we subsequently determined that in order to use the property that we had bought at a significant cost and expense suring the 2024 summer season, we would have to operate a drug and alcohol rehabilitation facility for members of the Orthodox Jews community dealing with continuing use of drug and alcohol addictions. Uses of drugs and alcohol are a serious concern within the Orthodox Jews Community and Rabbis have been trained in this area and were hired to assist in our programs.

7. Notwithstanding the Plaintiff's position that the prior use of the facility as by a State Licensed Drug and Rehab Facility, the application of the prior owners, James Cuzack and Susanne Cuzack specifically set forth that the use of the premises was for a temporary residence under the principles of Alcohol Anonymous without a nursing staff, physicians authorized to administer medications and " were not required to have any certification as an alcohol treatment center by either the Department of Mental Health or the Department of Substance Abuse". A copy of the application of James S. Cuzack and Susanne B. Cuzack is attached hereto and made a part hereof, and designated **Exhibit "A"**.

8. The following the summer of 2024, we again attempted to move forward with our application to obtain approval for a camp/resort, only to be told that in the interim the Town of Rochester had amended its zoning code to specifically

exclude our proposed use of the property and that use of our property as temporary residence was noted longer authorized under the town Zoning Code.

9. Thereafter following extensive discussions with the Town Attorney, use of the facility for temporary residence as a part of use of the property as a house of worship was acknowledged by the Town as an appropriate use and we would thereafter were directed to reapply to the Building Department for an approval for a change of use as a house of worship with the intent to use the facility as a temporary residence for congregants between the ages of 12-18.

10. Following that approval in the winter of 2025, we immediately applied for such use to the Town of Rochester Planning Board but following several appearances before that board we were still unable to obtain approval for use of the facility as such during the summer of 2025.

11. As a result, we again used the facility during the summer of 2025 under the current approved use as a pre-existing nonconforming use to temporarily house residents with a drug and alcohol problem with appropriate trained Rabbis in this area. Attached is the temporary residential permit received from the Ulster County Board of Health designated as Exhibit "B".

12. It was never our intent to permanently withdraw our application before the Town of Rochester PB but to suspend the application during the summer of 2025 due to the extensive delays in obtaining the requested approval for a permanent change of use.

13. It is respectfully submitted that we are in the process of resolving any and all building code violations at the facility and are open to any immediate inspections by the Town of Rochester Building Department before again using the facility as authorized under the Town of Rochester code as a drug and alcohol rehabilitation facility.

WHEREFORE it is respectfully requested that the application for a restraining order by the Plaintiff be denied.

Abraham Kleinman

Sworn before me on this 26 day of September, 2025.

Notary Public

Cecelia Oquendo
Notary Public State of New York
Qualified in Ulster County
Registration Number 01OQ6350287
My Commission Expires 11/07/2028

**EXHIBIT "A"**

Mike R.

---------------------------------------x

In the Matter of the Application

of

JAMES S. CUSACK and
SUZANNE B. CUSACK

for continuation of Site Plan Approval.

---------------------------------------x

TO: KEN BRUSH, Zoning Code Inspector:

The petition of JAMES S. CUSACK and SUZANNE B. CUSACK shows as follows:

The petitioners are negotiating for the purchase of premises owned presently by Maple View Hotel, Inc. in the Town of Rochester, Ulster County, New York, and are about to enter into a contract for the purchase of said premises with a closing anticipated in early or mid-October, 1981.

The premises were formally known as Rubin's Hotel and was operated from about 1950 to 1979 as a resort hotel, which was a permitted use in the zoning district (Section III, Sub. A, P. 20-6).

The corporation was purchased and became a wholly owned subsidary of Synanon Foundation, Inc., a California charitable, educational and religious corporation.

By an application dated May 22, 1979, the Maple View Hotel, Inc. made a request to the Town of Rochester Planning Board for site plan review pursuant to the Zoning Ordinance of the Town of Rochester.

-R & LAGARENNE
ORNEYS AT LAW
NTICELLO, N. Y.

Attached hereto as Exhibit A is a copy of the application submitted under date of May 22, 1979, by Maple View Hotel, Inc. and attached as Exhibit B is a list of the exhibits submitted upon said application.

The application for site plan review was approved as evidenced by letter of James J. Barry, Esq., dated June 18, 1979, who was then the attorney for the Town of Rochester, a copy of which is marked as Exhibit C and attached hereto.

The petitioners have submitted a formal offer of purchase of such premises and are ready, willing and able to enter into a formal contract of purchase and sale, all of the important terms of which have been agreed upon.

The petitioners presently operate under the firm name and style of Veritas Villa at Saint Josephs, Town of Forestburg, Sullivan County, New York, and under that name operate a temporary residence and boarding home under the principles of Alcoholics Anonymous and have resident guests which vary in numbers from seventy-five to one hundred.

None of the residents at Veritas Villa are under treatment for drug or alcohol addiction. They are at the residence for re-education in their behavorial, physical health and nutritional needs.

The petitioners have direct contact with various industries and labor groups, such as the New York City Department of Sanitation, the New York City Police Department, the New York City Fire Department, Consolidated Edison, Long Island Lighting Company and others. Under the

...ER & LAGARENNE
...TORNEYS AT LAW
...ONTICELLO, N. Y.

programs established by those organizations and others, when it becomes apparent that an employee is unable to perform because of addiction to alcohol, they are placed in a detoxification program and after having been certified by medical authorities to be alcohol free become guests and residents at Veritas Villa for re-education. At no time does Veritas Villa treat drug addicts or alcohol addicts.

Veritas Villa also accepts for residency local persons who have gone through a detoxification program.

It has no nursing staff, it does not administer medications except those prescribed for such areas as high blood pressure under doctor's orders, and is not required to have any certification as an alcohol treatment center by either the Department of Mental Health or the Department of Substance Abuse of the State of New York.

The premises upon which the petitioners are presently operating are owned by the Dominican Sisters of Saint Josephs, who have entered into an agreement for the sale of the premises including the facility in which petitioners presently operate. This necessitates the vacating of the premises at Saint Josephs by early October and necessitates further the location of a facility at which the work of petitioners can be carried on.

The work of the petitioners is substantially the same as the work done and facilities afforded by Synanon, the present operator of Maple View Hotel, Inc.'s premises and if anything, is more restrictive than the use to which the premises are presently being put.

N...BER & LAGARENNE
ATTORNEYS AT LAW
MONTICELLO, N. Y.

The petitioners have caused to be formed a corporation which will operate the premises under a lease with petitioners as owners. The name of the corporation is Veritas Villa, Inc. and attached hereto as Exhibit D is a copy of the certificate of incorporation.

The certificate of incorporation was filed in the office of the Secretary of State on May 22, 1981.

The program which will be followed by Veritas Villa, Inc. upon the subject premises is basically a twenty-one day in residence educational period consisting of lectures, discussions and group meetings. In addition to the basic twenty-one day residence of guests of Veritas Villa, Inc., the present operation and the proposed operation will have as relatively permanent guests from twenty-five to forty people, who are in fact retired and who make their retirement home in petitioners' facility. As with the temporary residents, these guests are alcohol free and are maintaining themselves. They are completely ambulatory, not in need of nursing care, and in fact if persons become unable to take care of themselves, they are required to leave, to be placed in either hospital facilities or nursing care facilities.

The residence period of the basic twenty-one days occurs at various times during the week and the experience of petitioners has been that there are between ten to twelve automobiles or stationwagon trips a day into and out of the presently existing facility at Saint Josephs, New York.

NUBER & LAGARENNE
ATTORNEYS AT LAW
MONTICELLO, N. Y.

Since the residence capacity of the present Synanon premises is about the same as that of Veritas Villa at Saint Josephs, there would be no difference in traffic flow or traffic patterns at the proposed facility.

The operation of Veritas Villa, Inc. would place no additional burden upon the municipalifacilities of the Town of Rochester than presently exists by the existing use and there will be no impact upon the school system servicing the town, since there will be no children in residence other than children of petitioners themselves.

The operation of a resort hotel was a permitted use at the time of the application by Maple View Hotel, Inc. in 1979 and the site plan approval was granted to Maple View Hotel, Inc. and Synanon based upon the application which was made by that group.

Since the petitioners propose nothing more than a continuation of the use and site plan as approved by the Town of Rochester Planning Board, petitioners incorporate by reference all documentation submitted upon the initial application in 1979 which gives rise to the permit of that year.

Petitioners have been informed by the principals of Maple View Hotel, Inc. that there has been no alteration in the physical plant and location of facilities as shown on the site plan map filed with the Town of Rochester since 1979 and no changes are contemplated by petitioners.

Petitioners submit that the use to which the premises

NGBER & LAGARENNÉ
ATTORNEYS AT LAW
MONTICELLO, N. Y.

will be put by them and their wholly owned corporation are the same as those for which the premises have been utilized since the granting of the site plan approval and as permitted under the Zoning Ordinance of the Town of Rochester.

Petitioners wish to point out that ther e is no intention by them to make any application for tax abatement or tax exemption. The operation upon the premises will be a business venture and will be fully taxable in accordance with the Tax Laws of the State of New York.

In order to be assured that petitioners will be able to operate upon the subject premises as outlined above, it is requested that the Zoning Code Inspector certify continued compliance with the Zoning Ordinance of the Town of Rochester for the proposed use and issue a certificate of occupancy to the petitioners contingent only upon petitioners acquiring title to the subject premises from the present owner.

Dated, July 23, 1981

Suzanne B. Cusack
Suzanne B. Cusack

Petitioner

IGBER & LAGARENNE
ATTORNEYS AT LAW
MONTICELLO, N. Y.

**EXHIBIT "B"**

## Ulster County Department of Health

# PERMIT

To Operate a

**Temporary Residence**

This is to certify that

**THE RIDGEVIEW REALTOR LLC/YESHIVA AND MESIVTA...**

the operator of

**YESHIVA AND MESIVTA ARUGATH HABOSEM**

at

**5 RIDGEVIEW ROAD**
**KERHONKSON, NY 12446**

Located in the *TOWN* of *ROCHESTER* in *ULSTER* County is granted permission to operate said establishment in compliance with the provisions of **Subpart 7-1 of the State Sanitary Code** and under the following conditions:

(1) This permit is granted subject to any and all applicable State, Local and Municipal Laws, Ordinances, Codes, Rules and Regulations.
(2) Capacity: 56 Rooms/Units
(3) Swimming pool operation reports (DOH-1323) must be kept and submitted monthly to the Ulster County Department of Health.
(4) Pool not to be used until satisfactory pre-op inspection.

**Effective Date June 20, 2025**
**Permit is NON-TRANSFERABLE**

Permit Issuing Official

This permit expires on **November 30, 2025** and may be revoked or suspended for cause.

**THIS PERMIT SHOULD BE POSTED CONSPICUOUSLY**

Facility Code **55-5882** Permit Number **55-5882** Operation ID 1143247