**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | |
| | Case No.: 26-43491 (ESS) |
| Debtor. | |

**DECLARATION OF PAUL RUBIN IN SUPPORT OF APPLICATION**
**OF RUBIN LLC TO WITHDRAW AS COUNSEL FOR THE DEBTOR**

Paul A. Rubin, hereby declares under penalty of perjury as follows:

1. I am the member of Rubin LLC, which firm maintains an office for the practice of law at 11 Broadway, Suite 715, New York, New York 10004. I am fully familiar with the facts set forth herein.

2. I am admitted to practice before, among other courts, the courts of the state of New York and the United States District Court for the Southern, Eastern and Western Districts of New York and the United States Court of Appeals for the Second Circuit.

3. I respectfully submit this Declaration pursuant to Local Rule 2090-1(d) in support of Rubin LLC's application to withdraw as counsel for The Ridgeview Realtor LLC (the "Debtor"), which is currently pending. On July 21, 2026, Rubin LLC electronically filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of the Debtor. On July 27, 2026, the Debtor filed an application (the "Rubin Retention Application") [ECF No. 7] to retain Rubin LLC as bankruptcy counsel. Rubin LLC will not be pursing the Rubin Retention Application, and has contemporaneously herewith filed a notice of withdrawal of the Rubin Retention Application.

4. Local Rule 2090-1(d) provides that counsel who has filed a bankruptcy case on behalf of a debtor or who has appeared for a party must apply for leave of the Court to withdraw

as counsel upon a showing of satisfactory reasons for withdrawal.

5. "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citations omitted). This may arise because of "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 388 (Bankr. S.D.N.Y. 2024) (citations omitted).

6. Without going into detail (and running the risk of disclosing sensitive privileged and confidential attorney-client communications), I can advise the Court that it has become unreasonably difficult for Rubin LLC to carry out its representation of the Debtor. We have been unable to obtain information and documents requested from the Debtor. There have also been disagreements between the Debtor and Rubin LLC over litigation strategy and how to move this chapter 11 case forward. Rubin LLC deeply regrets that, despite our sincere efforts to represent the Debtor in a responsible manner, we have reached a point at which we simply find it untenable to continue to function and try to advance this case.

7. Prior to making this application, Rubin LLC advised the Debtor, in writing, that there were grounds for Rubin LLC to seek withdrawal and urged the Debtor to retain new bankruptcy counsel. Although Mr. Doppelt, our principal point of contact with the Debtor, has stated that he is in the process of retaining new counsel, Mr. Doppelt has not confirmed that he has done so at this time.

8. The following matters are currently pending in the Debtor's chapter 11 case:

- The motion for relief from stay [ECF No. 19] filed by the Debtor's mortgagee, Ridgeview Lender LLC, with an objection deadline of November 5, 2026, and a hearing date of November 12, 2026 at 10:30 a.m.;

- The Debtor's application to employ Kalter, Kaplan, Zeiger & Forman as special litigation counsel [ECF No. 23], which was filed on presentment and objected to by Abraham Kleinman; and
- Mr. Kleinman's motion to appoint a trustee [ECF No. 36], which is scheduled to be heard on October 14, 2026 at 10:30 a.m.

9. Mr. Kleinman also filed a joinder to the U.S. Trustee's objection to the Rubin Retention Application, which contains a number of "cross-motions" for relief [ECF No. 30]. Mr. Kleinman's joinder to the United States Truste's objection to the rubin Retention Application is moot as a result of the withdrawal of the Rubin Retention Application, and his additional requests for relief set forth in a joinder, without filing or service of any notice of motion, are procedurally defective.

10. To minimize any prejudice to the Debtor, Rubin LLC respectfully requests that the Court adjourn the pending matters described above to allow the Debtor sufficient time to formally retain new counsel and allow new counsel to familiarize themselves with the issues presented in the Debtor's chapter 11.

11. Based on the foregoing, Rubin respectfully requests that the Court grant its application to withdraw as counsel for the Debtor.

12. I declare under penalty of perjury under the laws of the United States of America, that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: New York, New York
September 29, 2026

*<u>/s/ Paul A. Rubin</u>*
Paul A. Rubin