**Presentment Date & Time: October 26, 2026 at noon**
**Objection Deadline: October 26, 2026 at noon**

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | |
| | Case No.: 26-43491 (ESS) |
| Debtor. | |

**NOTICE OF PRESENTMENT OF APPLICATION OF RUBIN LLC**
**TO WITHDRAW AS PROPOSED COUNSEL FOR THE DEBTOR**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application (the "Application") of Rubin LLC's to withdraw as proposed counsel for The Ridgeview Realtor LLC (the "Debtor") for approval to the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY 11201 on October 26, 2026 at 12:00 noon (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application must be in writing and filed with the Court in accordance with the Local Rules, and served upon Rubin LLC and upon the United States Trustee, so as to be received no later than the Presentment Date. If no objections are timely filed and served, the proposed order granting the Application may be signed by the Court without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court for

the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY 11201. If a hearing is scheduled the moving party will be obligated to notify all other parties entitled to receive notice of the hearing date and time. The moving and objecting parties are required to attend the hearing, and failure to attend may result may result in relief being granted or denied upon default.

Dated: New York, New York
October 1, 2026

RUBIN LLC

By: *___/s/ Paul A. Rubin____*
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | : | |
| | : | Case No.: 26-43491 (ESS) |
| Debtor. | : | |

**APPLICATION OF RUBIN LLC TO WITHDRAW**
**AS PROPOSED COUNSEL FOR THE DEBTOR**

Pursuant to Rule 2090-1(d) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), Rubin LLC files this application (this "Application") for an order, in the form annexed hereto as Exhibit B, authorizing Rubin LLC to withdraw as proposed counsel for The Ridgeview Realtor LLC (the "Debtor"). In support of this Application, Rubin LLC submits the *Declaration of Paul Rubin in Support of Application of Rubin LLC to Withdraw as Proposed Counsel for the Debtor*, annexed hereto as Exhibit A, and respectfully represents as follows:

## BACKGROUND

1. On July 21, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Rubin LLC electronically filed the voluntary petition on behalf of the Debtor. Since the filing date, the Debtor has continued to operate its

business and manage its property as a debtor in possession. No trustee or creditors committee has been appointed.

2. On July 27, 2026, the Debtor filed an application (the "Rubin Retention Application") [ECF No. 7] to retain Rubin LLC as bankruptcy counsel. For the reasons set forth herein and in the Rubin Declaration, Rubin LLC will not be pursuing the Rubin Retention Application, and has filed a notice of withdrawal of the Rubin Retention Application [ECF No. 39].

3. The following matters are currently pending in the Debtor's chapter 11 case:

- The motion for relief from stay [ECF No. 19] filed by the Debtor's mortgagee, Ridgeview Lender LLC, with an objection deadline of November 5, 2026, and a hearing date of November 12, 2026 at 10:30 a.m.;
- The Debtor's application to employ Kalter, Kaplan, Zeiger & Forman as special litigation counsel [ECF No. 23], which was filed on presentment and objected to by Abraham Kleinman; and
- Mr. Kleinman's motion to appoint a trustee [ECF No. 36], which is scheduled to be heard on October 14, 2026 at 10:30 a.m.

4. Mr. Kleinman also filed a joinder to the U.S. Trustee's objection to the Rubin Retention Application, which contains a number of "cross-motions" for relief [ECF No. 30]. Mr. Kleinman's joinder to the United States Truste's objection to the Rubin Retention Application is moot as a result of the withdrawal of the Rubin Retention Application, and his additional requests for relief set forth in a joinder, without filing or service of any notice of motion, are procedurally defective.

5. By this Application, Rubin LLC seeks authorization to withdraw as proposed counsel for the Debtor. In addition, to minimize any prejudice to the Debtor, Rubin LLC also respectfully requests that the Court adjourn the pending matters described above to allow the Debtor sufficient time to formally retain new counsel and allow new counsel to familiarize themselves with the issues presented in the Debtor's chapter 11.

**BASIS FOR RELIEF**

6. Local Rule 2090-1(d) provides that counsel who has filed a bankruptcy case on behalf of a debtor or who has appeared for a party must apply for leave of the Court to withdraw as counsel upon a showing of satisfactory reasons for withdrawal.

7. "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citations omitted). This may arise because of "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 388 (Bankr. S.D.N.Y. 2024) (citations omitted).

8. As set forth in the Rubin Declaration, it has become unreasonably difficult for Rubin LLC to carry out its representation of the Debtor. Rubin LLC has been unable to obtain information and documents requested from the Debtor. There have also been disagreements between the Debtor and Rubin LLC over litigation strategy and how to move this chapter 11 case forward.

9. Prior to making this application, Rubin LLC advised the Debtor, in writing, that there were grounds for Rubin LLC to seek withdrawal and urged the Debtor to retain new bankruptcy counsel. Although Mr. Doppelt, the principal point of contact for the Debtor, has stated that he is in the process of retaining new counsel, Mr. Doppelt has not confirmed that he has done so at this time.

WHEREFORE, for the reasons set forth herein and in the Rubin Declaration, Rubin LLC respectfully requests that the Court grant the Application, and grant Rubin LLC such other and further relief as is just and proper.

Dated: New York, New York
October 1, 2026

RUBIN LLC

By: *___/s/ Paul A. Rubin___*
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | : | |
| | : | Case No.: 26-43491 (ESS) |
| Debtor. | : | |

**DECLARATION OF PAUL RUBIN IN SUPPORT OF APPLICATION OF RUBIN LLC TO WITHDRAW AS PROPOSED COUNSEL FOR THE DEBTOR**

Paul A. Rubin, hereby declares under penalty of perjury as follows:

1. I am the member of Rubin LLC, which firm maintains an office for the practice of law at 11 Broadway, Suite 715, New York, New York 10004. I am fully familiar with the facts set forth herein.

2. I am admitted to practice before, among other courts, the courts of the state of New York and the United States District Court for the Southern, Eastern and Western Districts of New York and the United States Court of Appeals for the Second Circuit.

3. I respectfully submit this Declaration pursuant to Local Rule 2090-1(d) in support of Rubin LLC's application to withdraw as proposed counsel for The Ridgeview Realtor LLC (the "Debtor"), which is currently pending. On July 21, 2026, Rubin LLC electronically filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of the Debtor. On July 27, 2026, the Debtor filed an application (the "Rubin Retention Application") [ECF No. 7] to retain Rubin LLC as bankruptcy counsel. Rubin LLC will not be pursuing the Rubin Retention Application, and has filed a notice of withdrawal of the Rubin Retention Application.

4. Local Rule 2090-1(d) provides that counsel who has filed a bankruptcy case on behalf of a debtor or who has appeared for a party must apply for leave of the Court to withdraw as counsel upon a showing of satisfactory reasons for withdrawal.

5. “It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.” *Farmer v. Hyde Your Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citations omitted). This may arise because of “a client’s lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.” *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 388 (Bankr. S.D.N.Y. 2024) (citations omitted).

6. Without going into detail (and running the risk of disclosing sensitive privileged and confidential attorney-client communications), I can advise the Court that it has become unreasonably difficult for Rubin LLC to carry out its representation of the Debtor. We have been unable to obtain information and documents requested from the Debtor. There have also been disagreements between the Debtor and Rubin LLC over litigation strategy and how to move this chapter 11 case forward. Rubin LLC deeply regrets that, despite our sincere efforts to represent the Debtor in a responsible manner, we have reached a point at which we simply find it untenable to continue to function and try to advance this case.

7. Prior to making this application, Rubin LLC advised the Debtor, in writing, that there were grounds for Rubin LLC to seek withdrawal and urged the Debtor to retain new bankruptcy counsel. Although Mr. Doppelt, our principal point of contact with the Debtor, has stated that he is in the process of retaining new counsel, Mr. Doppelt has not confirmed that he has done so at this time.

8. The following matters are currently pending in the Debtor’s chapter 11 case:

- The motion for relief from stay [ECF No. 19] filed by the Debtor’s mortgagee, Ridgeview Lender LLC, with an objection deadline of November 5, 2026, and a hearing date of November 12, 2026 at 10:30 a.m.;

- The Debtor's application to employ Kalter, Kaplan, Zeiger & Forman as special litigation counsel [ECF No. 23], which was filed on presentment and objected to by Abraham Kleinman; and

- Mr. Kleinman's motion to appoint a trustee [ECF No. 36], which is scheduled to be heard on October 14, 2026 at 10:30 a.m.

9. Mr. Kleinman also filed a joinder to the U.S. Trustee's objection to the Rubin Retention Application, which contains a number of "cross-motions" for relief [ECF No. 30]. Mr. Kleinman's joinder to the United States Truste's objection to the Rubin Retention Application is moot as a result of the withdrawal of the Rubin Retention Application, and his additional requests for relief set forth in a joinder, without filing or service of any notice of motion, are procedurally defective.

10. To minimize any prejudice to the Debtor, Rubin LLC respectfully requests that the Court adjourn the pending matters described above to allow the Debtor sufficient time to formally retain new counsel and allow new counsel to familiarize themselves with the issues presented in the Debtor's chapter 11.

11. Based on the foregoing, Rubin respectfully requests that the Court grant its application to withdraw as counsel for the Debtor.

12. I declare under penalty of perjury under the laws of the United States of America, that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: New York, New York
October 1, 2026

*/s/ Paul A. Rubin*
Paul A. Rubin

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | : | |
| | : | Case No.: 26-43491 (ESS) |
| Debtor. | : | |

**ORDER AUTHORIZING RUBIN LLC TO**
**WITHDRAW AS PROPOSED COUNSEL FOR THE DEBTOR**

Upon the application (the "Application") [ECF No. ] of Rubin LLC to withdraw as proposed counsel for The Ridgeview Realtor LLC (the "Debtor"); and upon the Declaration of Paul Rubin in support of the Application annexed as Exhibit A thereto; and it appearing that due and sufficient notice of the Application has been given; and after due deliberation and sufficient cause appearing to me therefor, it is

**ORDERED**, that the Application is granted to the extent set forth herein; and it is further

**ORDERED**, that Rubin LLC is authorized to withdraw as proposed counsel for the Debtor; and it is further

**ORDERED**, that Rubin LLC is to be removed as counsel of record for the Debtor from any applicable service lists maintained in the above-captioned case; and it is further

**ORDERED**, that the terms and conditions of this Order shall become effectively immediately and enforceable upon entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.