UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK
In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)

# EXHIBIT 5

## Transcript of the Meeting of Creditors, September 14, 2026

Joseph Doppelt testifying under oath. Previously filed as ECF No. 36-20.

# TRANSCRIPT OF MEETING OF CREDITORS

Held telephonically September 14, 2026, beginning at 9:10 a.m., before Greg M. Zipes, Esq., Office of the United States Trustee. Joseph Doppelt, manager of the Debtor, testified under oath. Prepared from the audio recording of the meeting. The recording is the record of the testimony.

**MR. ZIPES (00:00):**

The record should reflect. It's now 9:10 a.m. on september 14, 2026. This is the 341 meeting for the R Ridgeview Realtor LLC, case number 26-43491. Good morning to everybody on the phone. My name is Greg Zips, Z-I-P-E-S. I'm with the Office of the United States Trustee. I think you're aware of what my office is, but we're a component of the Department of Justice, charged with, among other things, the orderly administration of Chapter 11 cases. And one thing that happens in every Chapter 11 case is a debtor, through its principal, is placed under oath and is required to answer questions posed by me or by any creditors who may be present. We are doing this telephonically, so I can't see anybody else. People are calling into the U.S. Trustee's telephone line. I have an official recorder going here, and so although I can't see the witness, I understand there are people on the phone right now, including mr. Joseph Doppelt, D O P P E L T, the manager of debtor, and counsel as well. Is there anybody else on the line? Okay, so if someone else is on the line, it's fine. We'll just I'm going to have some questions, and then they can ask questions as well. So again, although I can't see you, I'm going to ask you affirm. I think you affirm and don't swear. Affirm to tell the truth, all truth, and nothing but the truth. So I HELP YOU GOD.

**MR. DOPPELT (01:43):**

Yes.

**MR. ZIPES (01:44):**

Okay. And you're represented by counsel. Counsel, can you identify yourself, please?

**MS. HUYNH (01:50):**

Yes. Good morning. This is this is Han Win, H-U-Y-H. I'm with the law firm Reuben LLP. We're proposed counsel for the debtor.

**MR. ZIPES (01:56):**

Okay. And we had a short discussion right before, just to get situated, and so we're looking at the same documents. You should have what's called the petition in front of you, and the statement of financial schedules and statement of financial affairs. the The petition was filed at docket one, and the statement of financial affairs and and schedules were docket number 11 and docket number 11 should be about 33 pages or so. So, mr. Doppel, do you have those documents in front of you?

**MR. DOPPELT (02:32):**

Yes.

**MR. ZIPES (02:33):**
And as a general matter, very generally, these are a snapshot of the debtor's financial affairs as of the bankruptcy filing date, they list assets and liabilities. They list some transfers. Is that generally your understanding of what what's what those documents contain?

**MR. DOPPELT (02:52):**
Yes.

**MR. ZIPES (02:53):**
And and you understand that you filed them under penalties of perjury.

**MR. DOPPELT (02:58):**
Yes.

**MR. ZIPES (02:59):**
And counsel can answer this question, but are there any amendments that need to be made to the petition schedule statement of financial affairs at this time? Any creditor?

**MS. HUYNH (03:09):**
Not at this time.

**MR. ZIPES (03:10):**
Okay, so the first question, the first statement is that this is a debtor that's not operating right in any way. There's no nobody on premises that's locked down and secured and everything else, right?

**MR. DOPPELT (03:27):**
Correct.

**MR. ZIPES (03:28):**
Okay, and also all relevant insurances is in place?

**MR. DOPPELT (03:38):**
Yes.

**MR. ZIPES (03:39):**
Okay, And my office was concerned about this debtor being open. mr. Dapple, can you again explain your relationship to this debtor? You're an owner, or you're you're listed as manager. What is? Are you also an owner of this?

**MR. DOPPELT (04:11):**
The owners of this property are my father-in-law who passed away. My father, me, and my wife.

**MR. ZIPES (04:18):**
Okay. Okay.

**MR. DOPPELT (04:25):**
The original partnership was 40 my father-in-law, 40 my father, 10 me, and 10 my wife. My wife is an only child, so the whole 40% goes down. So basically, we are the 60% owner.

**MR. ZIPES (04:43):**
right, and this is the property is appraised at $5.2 million. So, what do you intend to do with this property?

**MR. DOPPELT (04:52):**
Okay, so one very interesting thing happend now. This used to be a drug rehabilitation many years ago, and. That company didn't make money, and they closed down. Then we bought it off, and the potential was to make it for a camp. And technically, financially, this did not work out. As we have thought, we have this whole year. We're going to make money. Recently, recently, our attorney Jeff Kaplan has figured out that in the last few years, drug rehabilitation businesses went up dramastically, and he got a deal with the town that they would give back for us the drug rehabilitation permit, 176 beds. Based on this information, the value of this property will go up from 10 to $25 million because we have existing buildings for drug rehabilitation for 55,000 square feet. Then there's 88 acres, what this means is the potential that they could build a lot of facilities for drug rehabilitation in it .

**MR. ZIPES (05:58):**
Okay.

**MR. DOPPELT (05:59):**
So the main, the best idea is the view I got for now what the fact is. So the best idea would refinance the ASAP and get rid of the the debt, and this is this is what we we would like to do ASAP.

**MR. ZIPES (06:17):**
Okay, so your council has retained a or well, the debtor has retained a special counsel. What and your attorney can answer this question. What is the special counsel doing here?

**MS. HUYNH (06:31):**
So I'm sorry. Can you repeat that question? Oh

**MR. ZIPES (06:35):**
yeah, I'm sorry. That what is the special counsel doing in this case?

**MS. HUYNH (06:40):**
Oh, so Jeffrey Kaplan is the special counsel, and he's only going to be appearing for the debtor in connection with the zoning enforcement, code enforcement litigation lawsuit out in Rochester, and he's negotiating a deal with the town of Rochester to approve the permitting that mr. Doppel just spoke about.

**MR. ZIPES (07:02):**
Where is the debtor's books and records?

**MS. HUYNH (07:09):**
Where's the debtor's books and records? 23 Hayward.

**MR. ZIPES (07:14):**
I didn't hear that.

**MR. DOPPELT (07:16):**
23 Hayward C Departments 1b.

**MR. ZIPES (07:20):**
All right. I have I have no further questions at the time. So you, I'm just gonna say, and I know your counsel is very competent. But if there's any change whatsoever, there's any if this property is occupied during the Chapter 11 period, or it's not locked down, or there's some fire code violation, or something, you need to bring it immediately to our my office's attention. Okay?

**MR. DOPPELT (07:53):**
Absolutely. Okay. Absolutely.

**MR. ZIPES (07:55):**
Okay. So I'm going to close this meeting. Thank you.

**MS. HUYNH (07:58):**
Thank you. Bye bye.