UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK
In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)

# EXHIBIT 8

## SBA Disaster Loan No. 5889139106, Closing Package of December 3, 2024 (excerpts)

Certificate of Authority of The Ridgeview Realtor LLC naming Moshe Zev Doppelt and Yeshivah and Mesivta Arugath Habosem as all of its Members; Unconditional Guarantee by the Debtor of YMAH's note. Excerpted from ECF No. 36-13.

U.S. Small Business Administration

# Certificate of Authority

The undersigned being all of the *"Members"* of THE RIDGEVIEW REALTOR LLC (the *"Limited Liability Company"*) do hereby certify that:

1. The following are all of the Members of the Limited Liability Company.

   MOSHE ZEV DOPPELT

   YESHIVAH AND MESIVTA ARUGATH HABOSEM

2. The above named Member acting on behalf of the Limited Liability Company is authorized and empowered:

   To guaranty, from time to time, to U.S. SMALL BUSINESS ADMINISTRATION, A GOVERNMENT AGENCY (*"SBA"*), any and all obligations of whatever kind and nature of YESHIVAH AND MESIVTA ARUGATH HABOSEM, such guaranties having been found by the Members to be of direct or indirect benefit to this Limited Liability Company and as being necessary and convenient to the conduct, promotion and attainment of the business of this Limited Liability Company;

   To mortgage, pledge, hypothecate, sell, assign, and transfer to SBA and to grant to SBA security interests in, as security for money borrowed and for all other obligations of this Limited Liability Company to SBA, all property of this Limited Liability Company, whether real, personal, or of whatever kind or nature and wherever situated, and whether now owned or hereafter acquired or arising; and

   To make, execute, seal, acknowledge and deliver, in the name of this Limited Liability Company, promissory notes, loan agreements, credit agreements, construction loan agreements, financing agreements, security agreements, mortgages, deeds of trust, deeds to secure debt, guaranties, and all other instruments, documents and agreements required by SBA (collectively, the *"Loan Documents"*) in connection with, or to give effect to, or any of the powers and authority therein granted and to continue, extend, modify or amend the same from time to time, all such Loan Documents to be in such form and on such terms and conditions as all of the said Members shall, by his, her or their execution and delivery thereof, deem satisfactory; hereby ratifying, approving and confirming all that all of the said Members has/have done or may do respecting any of the foregoing.

3. That all certifications, representations and assertions by the Members relative to the authority of the Members to act on behalf of the Limited Liability Company in any dealing or transaction with SBA shall remain in full force and effect until notice of modification thereof shall be received by SBA and that SBA may conclusively rely on the signature(s) of such Members or the authorized representative(s)' signature(s) until notified in writing by the Members of the Limited Liability Company of any change in such Members.

Executed as of December 3, 2024.

**Members**

**MOSHE ZEV DOPPELT** **Date**


© 2022 Wolters Kluwer Financial Services, Inc.
All rights reserved.

**YESHIVAH AND MESIVTA ARUGATH HABOSEM**
*a New York Nonprofit Corporation*

**JOEL FRIEDMAN, TRUSTEE** **Date**

**YOEL SALCER,TRUSTEE** **Date**

**JOSEPH DOPPELT, PRESIDENT** **Date**


© 2022 Wolters Kluwer Financial Services, Inc.
All rights reserved.

U.S. Small Business Administration

## U.S. Small Business Administration
# UNCONDITIONAL GUARANTEE

| | |
|---|---|
| SBA Loan # | [redacted]106 |
| SBA Loan Name | Disaster Business Loan Application |
| Guarantor | THE RIDGEVIEW REALTOR LLC |
| Borrower | YESHIVAH AND MESIVTA ARUGATH HABOSEM |
| Lender | U.S. SMALL BUSINESS ADMINISTRATION |
| Date | December 3, 2024 |
| Note Amount | $995,000.00 |

1. GUARANTEE:

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2. NOTE:

The "Note" is the promissory note dated December 3, 2024 in the principal amount of Nine hundred ninety five thousand and 00/100 Dollars, from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note.

3. DEFINITIONS:

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.

"Loan" means the loan evidenced by the Note.

"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.

4. LENDER'S GENERAL POWERS:

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
C. Release any Borrower or any guarantor of the Note;
D. Compromise or settle with the Borrower or any guarantor of the Note;
E. Substitute or release any of the Collateral, whether or not Lender receives anything in return;
F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
G. Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and
H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5. FEDERAL LAW:

When SBA is the holder, the Note and this Guarantee will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claims of SBA, or preempt federal law.

6. RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:

To the extent permitted by law,

A. Guarantor waives all rights to:

   1) Require presentment, protest, or demand upon Borrower;
   2) Redeem any Collateral before or after Lender disposes of it;
   3) Have any disposition of Collateral advertised; and
   4) Require a valuation of Collateral before or after Lender disposes of it.

B. Guarantor waives any notice of:

   1) Any default under the Note;
   2) Presentment, dishonor, protest, or demand;
   3) Execution of the Note;
   4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5) Any change in the financial condition or business operations of Borrower or any guarantor;
   6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7) The time or place of any sale or other disposition of Collateral.

C. Guarantor waives defenses based upon any claim that:

   1) Lender failed to obtain any guarantee;
   2) Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
   3) Lender or others improperly valued or inspected the Collateral;
   4) The Collateral changed in value, or was neglected, lost, destroyed, or under insured;
   5) Lender impaired the Collateral;
   6) Lender did not dispose of any of the Collateral;
   7) Lender did not conduct a commercially reasonable sale;
   8) Lender did not obtain the fair market value of the Collateral;
   9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
   10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;

11) Lender made errors or omissions in Loan Documents or administration of the Loan;
12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
13) Lender impaired Guarantor's suretyship rights;
14) Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15) Borrower has avoided liability on the Note; or
16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7. DUTIES AS TO COLLATERAL:

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8. SUCCESSORS AND ASSIGNS:

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9. GENERAL PROVISIONS:

A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.
B. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.
C. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.
D. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.
E. FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.
F. LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.
G. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.
H. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.
I. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10. STATE-SPECIFIC PROVISIONS:

Not Applicable

11. GUARANTOR ACKNOWLEDGMENT OF TERMS.

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12. GUARANTOR NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

**THE RIDGEVIEW REALTOR LLC**
*a New York limited liability company*

______________________________________

**MOSHE ZEV DOPPELT** **Date**
*MEMBER*

**YESHIVAH AND MESIVTA ARUGATH HABOSEM**
*a New York Nonprofit corporation, Member*

**JOSEPH DOPPELT** **Date**
*PRESIDENT*

**JOEL FRIEDMAN** **Date**
*TRUSTEE*

**YOEL SALCER** **Date**
*TRUSTEE*