Hearing Date: November 5, 2026 at 12:00 noon (presentment)
Objection Deadline: October 29, 2026 at 12:00 noon

**ABRAHAM KLEINMAN**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com
*Creditor and Party in Interest, Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | Case No. 26-43491 (ESS) |
| Debtor. | |

---------------------------------------------------------x

**OBJECTION OF ABRAHAM KLEINMAN TO THE MOTION TO SUBSTITUTE SOBERS LAW, PLLC AS COUNSEL FOR THE DEBTOR (ECF NO. 50)**

**TO THE HONORABLE ELIZABETH S. STONG, UNITED STATES BANKRUPTCY JUDGE:**

Abraham Kleinman ("Kleinman"), a creditor and party in interest, *pro se*, objects under Local Bankruptcy Rules 2002-1(e) and 9075-1 to entry on presentment of the proposed order on the Motion to Substitute Counsel filed by Vivian Sobers and Sobers Law, PLLC ("Sobers Law" or "proposed counsel") on October 8, 2026 (ECF No. 50) (the "Substitution Motion"), and asks that it be heard on October 14, 2026 with the matters to which it is directed. Kleinman objects to the use of a consent substitution to accomplish, without a ruling, what Rubin LLC's withdrawal application (ECF No. 42) could not accomplish over his objection (ECF No. 49): the departure of the Debtor's first counsel without disclosing who paid it, and the arrival of its second counsel without disclosing who has paid her, or who will.

## I. THE SUBSTITUTION MOTION IS THE WITHDRAWAL APPLICATION BY ANOTHER NAME, AND IT SHOULD CARRY THE SAME CONDITIONS

1. On August 13, 2026 the United States Trustee objected to Rubin LLC's retention because "[t]he source of the retainer is Joseph Doppelt individually" and, absent "a clear and consistent explanation of the source of funding for counsel," the firm's disinterestedness could not be determined. ECF No. 17 at 2. That question was never answered. Rubin LLC withdrew its retention application (ECF No. 39), applied to withdraw from the case (ECF No. 42), and Kleinman objected, asking that any withdrawal be conditioned on the disclosure that 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b) already require: every payment the firm received, its date, its payor, the account it came from, and a copy of the wire or check. ECF No. 49 ¶¶ 1-6. That objection is pending, and the Withdrawal Application is set for presentment on October 26, 2026.

2. ECF No. 49 was entered on the docket on the morning of October 7, 2026. The same day, Mr. Doppelt and Mr. Rubin signed a consent substituting proposed counsel for Rubin LLC. ECF No. 50, Ex. A. The next morning proposed counsel filed the Substitution Motion, noticed for presentment on November 5, 2026, and within an hour e-mailed Kleinman asking him to agree to adjourn the October 14, 2026 hearing on his trustee motion "as I have just been retained." Exhibit 1.

3. The Substitution Motion seeks the same relief as the Withdrawal Application. Its proposed order provides that "Paul A. Rubin and Rubin LLC are relieved as counsel of record for the Debtor upon entry of this Order." ECF No. 50, Ex. B. It then recites that the order "does not adjudicate the pending withdrawal application or any objection thereto." *Id.* The second sentence cannot survive the first. If Rubin LLC is relieved on November 5 by consent, there is nothing left of ECF No. 42 to adjudicate on October 26, and Kleinman's objection to an unconditioned withdrawal would be mooted without ever being decided. Whether Rubin LLC leaves by

withdrawal or by substitution is beside the point: the accounting that section 329(a) and Rule 2016(b) require is owed either way, it is imposed on counsel for the protection of the estate and its creditors, not of the client, and it survives the change of counsel. *In re Chatkhan*, 496 B.R. 687, 694-96 (Bankr. E.D.N.Y. 2012) (counsel permitted to withdraw; review of its retainer under section 329 and Rule 2017 proceeded regardless). A stipulation between the departing lawyer and the client he says would not cooperate with him, ECF No. 42, Ex. A ¶ 6, is not the order "after notice" that Local Bankruptcy Rule 2090-1(d) requires, and it cannot discharge that duty. Kleinman asks that the duty be attached as a condition to whichever order the Court enters, so that Rubin LLC is not relieved under either ECF No. 42 or ECF No. 50 until it has complied, and that the retainer and every payment to the firm be examined under Rule 2017(b) in any event.

4. The point is not academic. Rubin LLC states that it holds $21,000 of a $25,000 retainer "in a segregated account." ECF No. 7 ¶ 7 n.1. The Substitution Motion and its proposed order say nothing about that money: whether it stays with Rubin LLC, goes to proposed counsel, or goes back to Mr. Doppelt or to whoever actually paid it. Under section 329 and Bankruptcy Rules 2016(b) and 2017(b) that is the Court's decision, on a full disclosure, not the parties'. *Chatkhan*, 496 B.R. at 694-96. Kleinman therefore asks that any substitution order provide that Rubin LLC is not relieved until it has filed the statement described in ECF No. 49 ¶ 6, together with every engagement letter, invoice, and record of payment in its possession relating to the Debtor, Mr. Doppelt, or YMAH, and that the unapplied retainer not be released, applied, transferred to proposed counsel, or returned to anyone, but be held by Rubin LLC pending further order and, if a trustee is appointed on October 14, 2026, turned over to the trustee within seven days to hold in escrow pending the Court's determination under section 329(b) of whether it is to be returned to the estate or to the entity that paid it. There is good reason to believe that this money

belongs to the estate. Mr. Doppelt has sworn that the Debtor had no bank account of its own before August 7, 2026, ECF No. 1 at 11-12, yet the Property was financed, insured, improved, and carried for years. That was done through YMAH's accounts, and through a TD Bank account Mr. Doppelt identified in writing as the Debtor's and has never disclosed in any schedule, statement, or operating report. ECF No. 49 ¶¶ 10-13; ECF Nos. 36-37, 51. The Debtor's money and YMAH's money were one pool, kept in YMAH's and Mr. Doppelt's names and spent at Mr. Doppelt's direction. *Id.* On that record, it does not matter whether the $25,000 reached Rubin LLC directly from YMAH or was first passed through Mr. Doppelt's personal account and wired on from there; a payment of the Debtor's money through an intermediate account is still a payment of the Debtor's money, and the wire records Kleinman has asked for will show the path. The source of the retainer therefore is not a matter of curiosity. If it came out of the commingled funds, it is estate property that was diverted to pay for the case, and under section 329(b)(1) it returns to the estate, not to Mr. Doppelt or YMAH. The trustee, not Mr. Doppelt or departing counsel, should decide what is done with the Debtor's money, and the Court cannot make the determination section 329(b) calls for until it knows whose money it was and where it had been before it was wired.

## II. INCOMING COUNSEL HAS NOT SAID WHO IS PAYING HER

5. The Substitution Motion is a declaration by Ms. Sobers under penalty of perjury. It does not say whether proposed counsel has already been paid, and if so how much, by whom and from what account; whether anyone has agreed to pay its fees going forward; or what connections, if any, the firm has with Mr. Doppelt, Yeshivah and Mesivta Arugath Habosem ("YMAH"), Rubin LLC, or the Debtor's tenant. It says only that "[a]pproval of employment under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, and compensation under applicable law, are reserved for separate application and order." ECF No. 50 ¶ 6. No Rule 2016(b) statement and no section

327 application has been filed. Yet Ms. Sobers told Kleinman in writing that she had "just been retained," Exhibit 1, and a lawyer who has been retained has been engaged on terms. A firm does not take on a contested chapter 11 case, sign a consent, file a motion, and seek an adjournment the next morning on nothing; the ordinary meaning of "retained" is that a retainer was paid or promised, and either way section 329(a) requires it to be disclosed.

6. The Debtor cannot have paid her. It has sworn that it had no bank account before August 7, 2026, that its only deposit since is $100, and that it has no income. ECF Nos. 11, 25, 26, 26-1. Whoever retained proposed counsel on October 7, 2026 did so with someone else's money, and on this record that someone is Mr. Doppelt or YMAH, the same source the United States Trustee identified two months ago as disqualifying absent an explanation that has never been given. ECF No. 17 at 2. The Debtor's answer to that objection has been to change lawyers rather than to answer it.

7. Section 329(a) applies to Ms. Sobers, the proposed counsel, from the day she began representing the Debtor "in connection with" this case, and Rule 2016(b) requires its statement of compensation, and the source of it, within fourteen days of the order for relief or, for counsel retained later, a supplemental statement within fourteen days of any payment or agreement not previously disclosed. Section 327(a) requires that counsel for a debtor in possession be disinterested, and Rule 2014(a) requires an application disclosing "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." The firm "must disclose all facts that bear on its disinterestedness," and the Court, not the applicant, decides what is material. *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998). The Court has its "own ongoing affirmative responsibility to 'root out impermissible conflicts of interest.'" *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994), *cited in Granite Partners*, 219 B.R.

at 35; *see Chatkhan*, 496 B.R. at 694-95 (duty applies to any attorney representing the debtor in connection with the case, whether the debtor or a third party pays). The Court should also note that proposed counsel and Rubin LLC are located in the same building. Sobers Law is at 11 Broadway, Suite 615; Rubin LLC is at 11 Broadway, Suite 715. ECF No. 50 at 1; ECF No. 42 at 1. Whatever relationship exists between the two firms, if any, is a connection that Rule 2014(a) requires proposed counsel to disclose and explain under oath, rather than leave for the Court and creditors to wonder about.

8. Kleinman therefore asks that any substitution order direct proposed counsel to file, within seven days of its entry and before it receives any further payment on account of this case, (i) its statement under section 329(a) and Rule 2016(b), signed by counsel, disclosing every payment received or agreed to be paid for services to the Debtor, its date, its payor, the account it came from, and a copy of the wire confirmation or cleared check; and (ii) its application for employment under section 327(a) with the declaration Rule 2014(a) requires, disclosing in particular every connection with Joseph Doppelt, Yanky Doppelt, Moshe Zev Doppelt, YMAH, Rubin LLC, Bais Ruchel D'Satmar Inc. d/b/a Central UTA, and Habosem Home LLC; These disclosures are owed whether or not a trustee is appointed; they are the price of having appeared. Kleinman further asks that the order provide that no compensation shall be paid to proposed counsel from any source on account of this case, by the Debtor or by anyone on its behalf, until the Court has decided the trustee motion (ECF No. 36). If a trustee is appointed, the trustee will select and retain the estate's counsel, 11 U.S.C. § 1106(a), and proposed counsel's employment by the debtor in possession becomes moot. Only if no trustee is appointed should the question of her employment be reached, and then no payment should be made until it is approved under section 327(a).

## III. A SECOND LAWYER IS NOT AN ANSWER TO THE TRUSTEE MOTION

9. Rubin LLC represented that it was leaving because "[w]e have been unable to obtain information and documents requested from the Debtor." ECF No. 42, Ex. A ¶ 6. Nothing in the Substitution Motion suggests that has changed. The Debtor has not responded to the trustee motion; its objection deadline was October 7, 2026 at 4:00 p.m. and passed without a filing. ECF No. 36. It has not responded to the United States Trustee's objection in eight weeks, to Kleinman's Rule 2004 motion (ECF No. 30), to the demand letter of September 17, 2026, or to ECF No. 49. It has not amended its schedules to disclose the February 11, 2026 lease of its only asset, the rent due under it, or the TD Bank account its manager identified as the Debtor's. ECF No. 49 ¶ 10; ECF No. 51. The Debtor's only response, to the Court, to the United States Trustee, and to Kleinman alike, has been to answer none of it and instead to retain new counsel on October 7 and ask for an adjournment on October 8. That is not a response; it is a scorched-earth tactic that treats the Court's calendar, the United States Trustee's objection, and a creditor's motion as obstacles to be outlasted rather than questions to be answered.

10. The timing follows a pattern. The United States Trustee's objection was set for hearing on October 1; Rubin LLC withdrew the retention application on September 29 and moved to leave the case on October 1, asking that everything be adjourned. ECF Nos. 18, 39, 42. Kleinman's objection to that was docketed on October 7; the consent to substitute was signed on October 7, the Substitution Motion filed on October 8, and the adjournment request renewed by e-mail the same hour. Each time a question about the money comes due, the Debtor changes the subject to its lawyers. The appointment of a trustee ends that cycle, because a trustee, not Mr. Doppelt, will choose and instruct the estate's counsel and will answer the question. 11 U.S.C. §§ 1104(a), 1106(a).

11. Kleinman has not consented and does not consent to an adjournment of the October 14, 2026 hearing. Any such request is for the Debtor to make to the Court under the Court's procedures, on notice, and Kleinman's reasons for opposing it are set out in ECF No. 49 ¶¶ 7-16, including that the ninety-day period under 11 U.S.C. § 362(d)(3) expires on October 19, 2026. Incoming counsel has had ECF No. 36 since the day she was retained; the motion is three weeks old and rests on documents, most of them the Debtor's own. And the two people who can answer for the money will be in the courtroom on October 14 whether or not the Debtor has a new lawyer: Mr. Doppelt, the Debtor's manager and YMAH's President, and YMAH itself, through an officer with knowledge of its accounts, were each served on October 5, 2026 with a subpoena issued by the Clerk on October 2, 2026 commanding them to appear and testify that day with the bank and lease records listed in its schedule. ECF Nos. 44, 45. An adjournment would do nothing but excuse them.

## IV. THE NOTICE OF PRESENTMENT DOES NOT COMPLY WITH LOCAL BANKRUPTCY RULE 2002-1

12. The notice of presentment states that if an objection is filed "a hearing will be held before the Honorable Elizabeth S. Stong on [COURT-CONFIRMED HEARING DATE AND TIME]." ECF No. 50 at 1. Local Bankruptcy Rule 2002-1(a)(iii) requires a notice of presentment to state the date on which a hearing will be held if a timely objection is made. This one does not. A bracketed placeholder left standing in a signed and filed notice is what a template or drafting tool produces when no one reads the output before filing it, and it appears that is what happened here. Kleinman raises the point because the same motion asks the Court to postpone his hearing while leaving its own hearing date blank, and because two applications to relieve the same counsel are now noticed for two different dates, October 26 and November 5, with a hearing on the matters

they affect fixed for October 14. The efficient course, and the one that lets the Court decide the disclosure question once, is to hear ECF Nos. 42, 49 and 50 together on October 14, 2026.

**CONCLUSION**

WHEREFORE, Kleinman respectfully requests that the Court (i) decline to enter the proposed order on presentment and set the Substitution Motion for hearing on October 14, 2026 together with ECF Nos. 36, 42 and 49; (ii) condition any substitution on Rubin LLC's filing of the statement under 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b) described in ECF No. 49 ¶ 6, with Rubin LLC not relieved under ECF No. 42 or ECF No. 50 until it is filed, and the unapplied retainer frozen in Rubin LLC's hands and, upon the appointment of a trustee, turned over to the trustee to hold in escrow pending determination under section 329(b); (iii) direct proposed counsel, whether or not a trustee is appointed, to file within seven days its own Rule 2016(b) statement, with the source of its compensation and a copy of the wire or check, together with the disclosures Rule 2014(a) requires, and bar any payment to it on account of this case until the trustee motion is decided and, if no trustee is appointed, until its employment is approved under section 327(a); (iv) if the substitution is entered without conditions, direct examination of the retainer and of every payment to either firm under Bankruptcy Rule 2017(b); (v) deny any adjournment of the October 14, 2026 hearing on ECF No. 36; and (vi) grant such other relief as is just.

Dated: Miami Beach, Florida
October 9, 2026

Respectfully submitted,

/s/ Abraham Kleinman
**Abraham Kleinman**
Creditor and Party in Interest, Pro Se
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com