**ABRAHAM KLEINMAN**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com
*Creditor and Party in Interest*

October 12, 2026

**VIA ECF AND E-MAIL TO CHAMBERS**

Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court, Eastern District of New York
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

Re: *In re The Ridgeview Realtor LLC*, Chapter 11 Case No. 26-43491 (ESS)
**Emergency letter motion for the immediate appointment of a chapter 11 trustee on the unopposed motion at ECF No. 36, and in any event for entry, on or before October 19, 2026, of the order extending the period under 11 U.S.C. § 362(d)(3)**

Dear Judge Stong:

I am a creditor and party in interest, appearing *pro se*. I file this letter motion under Section 2 of the Court's Procedures, at the direction of the Courtroom Deputy, who advised on October 9, 2026 that all pending matters in this case will be heard on November 9, 2026 at 1:30 p.m. and, in response to my inquiry, directed that this request be made by letter with the proposed order as an exhibit. Two things cannot wait for November 9. The first is the ninety-day period under 11 U.S.C. § 362(d)(3), the single asset real estate provision, which expires Monday, October 19, 2026, and which the Court can extend only by an order entered on or before that day; after it, the Lender is entitled to relief from the stay as of right. The second is that the estate's only asset is losing its insurance today. My declaration under LBR 9077-1 is filed with this letter.

## 1. The insurance on the Property is being cancelled today.

The Debtor's only asset is the 85-acre campus at 5 Ridgeview Road, Kerhonkson, with an 83-room building, a foreclosure judgment of $4,555,600 against it, ECF No. 19-6, and a pending wrongful-death claim arising from the electrocution of a seventeen-year-old there in August 2025. ECF No. 36 ¶¶ 8, 11. Its property policy (Lexington Insurance Co. No. [redacted] $47,000 premium) and its general liability policy (CM Vantage Specialty No. CMV-PLI[redacted] $20,000 premium), both effective June 16, 2026, are financed through First Insurance Funding under a premium finance agreement that Yanky Doppelt signed in the Debtor's name on August 17, 2026, twenty-seven days after the petition, without notice to this Court or authority under 11 U.S.C. § 364. ECF No. 38-1 ¶ 5 and the agreement annexed to it. By Notice of Intent to Cancel dated September 25, 2026, First Insurance Funding advised the Debtor that the installment due September 16, 2026 ($7,374.32) was not paid and that both policies will be cancelled on **October 12, 2026**, today, unless the past-due amount is received first. Exhibit 1. The Debtor's only bank

account holds $100, ECF No. 26-1, and its operating report sworn to by Mr. Doppelt on September 10, 2026 states that premiums are current and that no money was disbursed by anyone for the estate. ECF No. 26, Part 7. Whoever was paying these premiums, and on the record it was Yeshivah and Mesivta Arugath Habosem ("YMAH"), the Debtor's alter ego, ECF No. 49 ¶¶ 12-13, has stopped. Mr. Doppelt and YMAH, who took the estate's only asset into their own hands and kept every dollar it produced, have failed to care for it in the one way that cannot be undone: an uninsured loss.

An uninsured 85-acre property with a dead child's estate as a creditor is a risk to the estate and to the public in the plain words of 11 U.S.C. § 1112(b)(4)(C), which makes "failure to maintain appropriate insurance that poses a risk to the estate or to the public" cause in itself. The Debtor has not told the Court. It has not told the Lender, whose motion for relief from the stay (ECF Nos. 19, 22) will be the first place this is raised on November 9 if it is not raised now. I am informed that the coverage can still be saved if the arrears are paid on or before October 16, 2026, the next installment date shown on the notice. Exhibit 1. That is four days from now. A trustee appointed this week can make that payment and keep the Property insured. No one else in possession of this estate will. That is what a trustee is for, and the motion to appoint one has been pending, unopposed, since September 23.

**2. The section 362(d)(3) period expires October 19 and can be extended only by an order entered by then.**

Part III of my motion dated September 23, 2026 (ECF No. 36 ¶ 64 and Ex. A) asks the Court to extend, for cause, the period under section 362(d)(3). The Debtor designated itself a single asset real estate debtor. ECF No. 1. Unless it files a plan with a reasonable possibility of confirmation or commences monthly payments to the Lender within "90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)," the Court shall grant the Lender relief from the stay on request. The order for relief was entered July 21, 2026; the ninetieth day is Monday, October 19, 2026. After that date there is nothing left to extend, and on November 9 the Lender's motion becomes one the statute says the Court "shall" grant. The Debtor has filed no plan and made no payment. The request is unopposed: the objection deadline fixed in the Motion was October 7, 2026, ECF No. 36 at 2, and nothing was filed by that date or since by the Debtor, its counsel of record or proposed counsel, the Lender, the United States Trustee, or anyone else. The Lender's own motion is set for November 9, so an extension to a date after that hearing takes nothing from it. The order may be entered on an interim basis, without prejudice to any party's right to be heard on November 9; what cannot be done is to enter it after October 19.

**3. The trustee should be appointed now. The motion is unopposed.**

The Motion (ECF No. 36) was served September 23, 2026 on the Debtor, its counsel, the Lender, the United States Trustee, Mr. Doppelt and YMAH. ECF No. 48. No one has opposed it. LBR 9013-1(b) permits the Court to grant a motion by default where the respondent files no written opposition, and the Motion rests on the Debtor's own sworn filings set against documents its manager signed: the February 11, 2026 ten-year lease of the entire Property to Bais Ruchel D'Satmar Inc. d/b/a Central UTA at $50,000 a month, which the Debtor has never disclosed and either is not collecting or is collecting and not reporting, ECF No. 51; ECF No. 49 ¶¶ 10-13; the TD Bank account Mr. Doppelt identified in writing as the Debtor's and has never scheduled, ECF

No. 36-37; the camp operated on the Property by YMAH under permits in Mr. Doppelt's name, ECF Nos. 36-6, 36-11; and now a premium finance agreement signed post-petition by a YMAH employee and allowed to lapse. A trustee can collect the rent, by demand or by suit against the tenant, Bais Ruchel D'Satmar Inc. d/b/a Central UTA, whose own audited statements show $81 million in revenue for the year ended August 31, 2025; can reinstate the insurance; can investigate the dissipation of the estate's assets and the part Mr. Yanky Doppelt played in these affairs; and can make the payments section 362(d)(3)(B) contemplates. A debtor in possession controlled by the man who signed the lease and never disclosed it, who told this Court under oath that the Property is worth $10 million to $25 million, ECF No. 36-20, while letting its insurance cancel, and who faces serious claims arising from the death of a child on the Property under his watch, ECF No. 36 ¶ 8, will do none of this.

I therefore ask that the Court grant the Motion on default, on the papers, and enter the proposed order filed at ECF No. 36-2, which directs the United States Trustee to appoint a chapter 11 trustee and extends the section 362(d)(3) period. If the Court is inclined instead to have the Motion heard, I ask under Section 5(b) of the Court's Procedures and LBR 9077-1 that it be scheduled on an emergency basis on or before October 16, 2026 if the Court's calendar permits, so that the insurance can be saved, and in any event on or before October 19, 2026.

**4. Relief requested.**

(i) An order granting ECF No. 36 on default and directing the United States Trustee to appoint a chapter 11 trustee forthwith, in the form filed at ECF No. 36-2; or, if the Court will not act on the papers, an emergency hearing on ECF No. 36 on or before October 16, 2026 if possible and in any event before October 19, 2026. (ii) In any event, entry on or before October 19, 2026 of the order annexed as Exhibit 2, extending the period under section 362(d)(3) for cause through and including November 23, 2026, without prejudice to a further extension on application of a trustee, the Debtor, or any party in interest. The proposed order is also being sent to ess_hearings@nyeb.uscourts.gov in Word and PDF under Section 14 of the Court's Procedures. The Debtor has not made any of these requests. I make them because they protect the estate and every creditor in it, the Debtor included.

Respectfully submitted,

/s/ Abraham Kleinman
**Abraham Kleinman**
Creditor and Party in Interest, Pro Se

Enclosures: Declaration of Abraham Kleinman (LBR 9077-1); Exhibit 1 (Notice of Intent to Cancel, Sept. 25, 2026); Exhibit 2 (Proposed Order)

cc (via ECF): Greg M. Zipes, Esq., Office of the United States Trustee; Paul A. Rubin, Esq. and Hanh V. Huynh, Esq.; Aviva Francis, Esq.; Vivian Sobers, Esq.

cc (by first-class mail): The Ridgeview Realtor LLC, Attn: Joseph Doppelt, Manager, 23 Heyward Street, #1B, Brooklyn, New York 11249

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re: Chapter 11

THE RIDGEVIEW REALTOR LLC, Case No. 26-43491 (ESS)

Debtor.

------------------------------------------------------------x

**DECLARATION OF ABRAHAM KLEINMAN IN SUPPORT OF EMERGENCY LETTER MOTION**
**(LOCAL BANKRUPTCY RULE 9077-1)**

Abraham Kleinman declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a creditor and party in interest in this case, appearing *pro se*. I make this declaration in support of my letter motion dated October 12, 2026 and to state the nature of the emergency and why the relief was not sought earlier, as LBR 9077-1 requires.

2. Annexed as Exhibit 1 is a true copy of a Notice of Intent to Cancel Insurance Coverage dated September 25, 2026 issued by First Insurance Funding, Loan No. ending 8438, addressed to "The Ridgeview Realtor LLC, Habosem Home LLC," at 5 Ridgeview Road, Kerhonkson, New York, with a remittance stub addressed to the same insureds at 23 Heyward Street, Apt. 1B, Brooklyn, New York. It states that the installment due September 16, 2026 in the amount of $7,374.32 was past due and that the Lexington Insurance Company property policy No. [redacted] and the CM Vantage Specialty general liability policy No. CMV-PLI-[redacted], each effective June 16, 2026, will be cancelled on October 12, 2026 unless the past-due amount is received before that date.

3. Exhibit 1 is a true and accurate copy of the notice sent to Mr. Doppelt for the Debtor, at the Debtor's address of record at 23 Heyward Street, Apt. 1B, Brooklyn, which is Mr.

Doppelt's address. The financed policies are the same policies described in the premium finance agreement signed in the Debtor's name by Yanky Doppelt on August 17, 2026, which I placed before the Court in ECF No. 38-1 ¶ 5 and the exhibit annexed to it.

4. The nature of the emergency is this. The Debtor's only asset is the real property at 5 Ridgeview Road. If the policies are cancelled, the Property is uninsured against fire, casualty and liability, with a foreclosure judgment of $4,555,600 against it (ECF No. 19-6) and a pending wrongful-death claim arising from the death of a minor on the Property in August 2025 (ECF No. 36 ¶¶ 8, 11). The Debtor's only bank account held $100 as of August 31, 2026 (ECF No. 26-1), and its operating report sworn to September 10, 2026 states that insurance premiums are current and that nothing has been disbursed for the estate by any third party (ECF No. 26, Part 7). The Debtor has not informed the Court of the cancellation notice. Upon information and belief, the coverage can still be reinstated if the past-due amount is paid on or before October 16, 2026, the next installment date stated in Exhibit 1.

5. The second emergency is the expiration on October 19, 2026 of the ninety-day period under 11 U.S.C. § 362(d)(3), which the Court may extend only by an order entered within that period. My motion to extend it (ECF No. 36, Part III) was noticed for October 14, 2026; on October 9, 2026 the Courtroom Deputy advised that all pending matters would be heard on November 9, 2026. On the same day I asked that the extension be addressed before October 19, and on October 9 the Courtroom Deputy directed me to file a letter with the relief requested and the proposed order as an exhibit. This letter motion is that filing.

6. The relief was not sought earlier because I did not have Exhibit 1 until October 11, 2026, and because the need to act on the section 362(d)(3) extension before the hearing arose only when the hearing was adjourned on October 9, 2026.

Dated: Miami Beach, Florida
October 12, 2026

Respectfully submitted,

/s/ Abraham Kleinman

**Abraham Kleinman**
Creditor and Party in Interest, Pro Se
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com

UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK
In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)

# EXHIBIT 1

**Notice of Intent to Cancel Insurance Coverage, First Insurance Funding, dated September 25, 2026**

Insured: The Ridgeview Realtor LLC, Habosem Home LLC, 5 Ridgeview Road, Kerhonkson. Lexington Insurance Co. property policy No. 019764690-00 ($47,000 premium) and CM Vantage Specialty general liability policy No. CMV-PLI-0075002-01 ($20,000 premium), each effective June 16, 2026. Installment of $7,374.32 due September 16, 2026 past due; scheduled cancellation date October 12, 2026. Two pages.

*Source: Received by Abraham Kleinman on October 11, 2026; see Declaration of Abraham Kleinman, paragraphs 2 and 3.*

| Loan Number |
| --- |
| XXX -[redacted] |
| Refer to this number on all correspondence |
| CUSTOMER ID |
| |

# NOTICE OF INTENT TO CANCEL INSURANCE COVERAGE

FIRST INSURANCE FUNDING
A WINTRUST COMPANY

**FIRST Insurance Funding**
**450 Skokie Blvd, Ste 1000**
**Northbrook, IL 60062-7917**
**Phone: (800) 837-3707 Fax: (800) 837-3709**
**www.firstinsurancefunding.com**

| NOTICE DATE |
| --- |
| 9/25/2026 |
| **SCHEDULED CANCELLATION DATE** |
| **10/12/2026** |

Agent or Broker

**P & G BROKERAGE INC**
**COMM**
**1648 61ST STREET**
**BROOKLYN, NY 11204**

Insured

**THE RIDGEVIEW REALTOR LLC,**
**HABOSEM HOME LLC**
**5 RIDGEVIEW RD**
**KERHONKSON, NY 12446-1549**

## RESIDENTS OF FLORIDA, MARYLAND, NEW YORK, SOUTH CAROLINA & VIRGINIA: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

**On the date of this notice, your insurance premium finance loan was past due as indicated below. To avoid cancellation of your insurance coverage, the past due amount must be received in our office prior to the scheduled cancellation date.**

If we do not receive the past due amount prior to the scheduled cancellation date, we will exercise our rights under the law and in accordance with the terms of your Premium Finance Agreement. This will result in the cancellation of the insurance policies listed in the Schedule of Policies.

Protect your coverage. Very likely, insurance coverage affords critical protection of your assets, and may even be required by law. Contact us immediately if the above does not agree with your records, or if you are unable to immediately remit the amount past due.

You may pay online or by phone. Convenience fees may apply. Our contact information is listed at the top of this statement. **Overnight delivery payments ONLY may be sent to the address listed at the top of this statement. All other payments should be sent to the address listed on the Remittance Stub.**

## SCHEDULE OF POLICIES

| POLICY NUMBER | POLICY EFFECTIVE DATE | INSURANCE COMPANY GENERAL AGENT NAME | COVERAGE TYPE | PREMIUM | TAXES/FEES |
| --- | --- | --- | --- | --- | --- |
| [redacted] | 6/16/2026 | LEXINGTON INSURANCE COMPANY<br>RT SPECIALTY | PROP | $ 47,000.00 | $ 2,540.63 |
| CMV-PL[redacted] | 6/16/2026 | CM VANTAGE SPECIALTY INS CO<br>RT SPECIALTY | GL | $ 20,000.00 | $ 1,311.25 |

[redacted]

FIFNOITC0920


---

FIRST INSURANCE FUNDING
A WINTRUST COMPANY

**REMITTANCE STUB**
**Please detach and return this portion with your payment.**

**Please make checks payable and mail to:**

**FIRST Insurance Funding**
**PO Box 7000**
**Carol Stream, IL 60197-7000**

# URGENT

**INSURANCE PAYMENT NOTICE**

| NOTICE DATE | 9/25/2026 |
| --- | --- |
| **SCHEDULED CANCELLATION DATE** | **10/12/2026** |

| Loan Number | XXX -[redacted] |
| --- | --- |
| **PAYMENT DUE DATE:** | **9/16/2026** |
| **AMOUNT PAST DUE:** | $ **7,374.32** |
| NEXT DUE: 10/16/2026 | $ 7,023.16 |
| TOTAL | $ 14,397.48 |
| AMOUNT ENCLOSED: | $ |

**Insured**

The Ridgeview Realtor LLC,
Habosem Home LLC
23 Heyward St
Apt 1B
Brooklyn, NY 11249-9208

[redacted]

ATTENTION NEW YORK RESIDENTS

IF THE INSURANCE CONTRACT(S) PROVIDE MOTOR VEHICLE LIABILITY INSURANCE, PROOF OF FINANCIAL SECURITY IS REQUIRED TO BE MAINTAINED CONTINUOUSLY THROUGHOUT THE REGISTRATION PERIOD. IF YOU DO NOT KEEP YOUR INSURANCE IN FORCE DURING THE ENTIRE REGISTRATION PERIOD, YOUR REGISTRATION WILL BE SUBJECT TO SUSPENSION. IF YOUR VEHICLE IS STILL UNINSURED AFTER 90 DAYS, YOUR DRIVER LICENSE WILL BE SUSPENDED. TO AVOID THESE PENALTIES YOU MUST SURRENDER YOUR REGISTRATION CERTIFICATE AND PLATES BEFORE YOUR INSURANCE EXPIRES. BY LAW YOUR INSURANCE CARRIER IS REQUIRED TO REPORT SPECIFIC TERMINATION INFORMATION TO THE COMMISSIONER OF MOTOR VEHICLES. IF YOU HAVE A LAPSE IN INSURANCE COVERAGE OF 90 DAYS OR LESS, THE LAW PERMITS YOU TO AVOID A SUSPENSION OF YOUR REGISTRATION BY THE PAYMENT OF A CIVIL PENALTY FOR EACH DAY OR ANY PORTION THEREOF UP TO 90 DAYS FOR WHICH YOUR INSURANCE WAS NOT IN EFFECT. THIS CIVIL PENALTY OPTION APPLIES ONLY ONCE DURING ANY 36-MONTH PERIOD. THE CIVIL PENALTIES ARE: 1 to 30 DAY LAPSE-$8 PER EACH DAY OF LAPSE, 31 to 60 DAY LAPSE-$240 PLUS $10 PER DAY FOR DAYS 31 to 60, 61 to 90 DAY LAPSE-$540 PLUS $12 PER DAY FOR DAYS 61 to 90.

NEW YORK RESIDENTS WITH VEHICLE(S) FOR HIRE: PROOF OF FINANCIAL SECURITY IS REQUIRED TO BE MAINTAINED THROUGHOUT THE REGISTRATION PERIOD. IF YOU DO NOT KEEP YOUR INSURANCE IN FORCE CONTINUOUSLY DURING THE REGISTRATION PERIOD YOUR REGISTRATION WILL BE REVOKED. TO AVOID THIS PENALTY YOU MUST SURRENDER YOUR REGISTRATION CERTIFICATE AND PLATES BEFORE YOUR INSURANCE EXPIRES. BY LAW YOUR INSURANCE CARRIER IS REQUIRED TO REPORT SPECIFIC TERMINATION INFORMATION TO THE COMMISSIONER OF MOTOR VEHICLES.

UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK
In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)

# EXHIBIT 2

**Proposed Order Extending the Period Under 11 U.S.C. § 362(d)(3)**

Submitted with the Emergency Letter Motion under Section 14 of the Judges' Procedures; also sent to ess_hearings@nyeb.uscourts.gov in Word and PDF.

*Source: Prepared by Abraham Kleinman.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

In re: Chapter 11

THE RIDGEVIEW REALTOR LLC, Case No. 26-43491 (ESS)

Debtor.

-----------------------------------------------------------x

**ORDER EXTENDING THE PERIOD UNDER 11 U.S.C. § 362(d)(3)**

Upon the motion dated September 23, 2026 (ECF No. 36) (the "Motion") of Abraham Kleinman ("Kleinman"), a creditor and party in interest, for an order, among other things, extending for cause the period under 11 U.S.C. § 362(d)(3); and upon Kleinman's emergency letter motion dated October 12, 2026 and the declaration filed with it, requesting that the Court determine that portion of the Motion on or before October 19, 2026; and due and sufficient notice of the Motion having been given under Bankruptcy Rules 2002 and 9006 and LBR 9006-1, and no further notice being required; and the deadline to object to the Motion having expired on October 7, 2026 without any objection or response having been filed by the Debtor, by Ridgeview Lender LLC, by the United States Trustee, or by any other party; and the Court having determined that the order for relief in this case was entered on July 21, 2026, that the ninety-day period under 11 U.S.C. § 362(d)(3) expires on October 19, 2026, and that the remaining relief requested in the Motion, together with the motion of Ridgeview Lender LLC for relief from the automatic stay (ECF Nos. 19, 22), has been scheduled for hearing on November 9, 2026; and the Court having found that cause exists to extend the period under 11 U.S.C. § 362(d)(3); and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the period under 11 U.S.C. § 362(d)(3) is extended, for cause, through and including November 23, 2026; and it is further

ORDERED, that this Order is without prejudice to the right of the Debtor, any trustee appointed in this case, or any party in interest to seek a further extension of the period under 11 U.S.C. § 362(d)(3) by order entered within the period as extended; and it is further

ORDERED, that this Order is without prejudice to, and does not determine, any other relief requested in the Motion or in the motion of Ridgeview Lender LLC for relief from the automatic stay (ECF Nos. 19, 22), all of which are reserved for the hearing scheduled for November 9, 2026 at 1:30 p.m. or such other date as the Court may fix; and it is further

ORDERED, that this Court retains jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: Brooklyn, New York
____________, 2026

________________________________
Honorable Elizabeth S. Stong
United States Bankruptcy Judge