B2570 (Form 2570 - Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Bankruptcy Case or Adversary Proceeding)

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: THE RIDGEVIEW REALTOR LLC,<br>Debtor. | Case No. 1-26-43491 (ESS)<br>Chapter 11 |

# SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: United States Small Business Administration, through its New York District Office, 26 Federal Plaza, Suite 3100, New York, New York 10278 (Attn: District Counsel), and its Office of Disaster Recovery and Resilience, Loan Servicing, 14925 Kingsport Road, Fort Worth, Texas 76155, Re: SBA Loan No. [redacted] Borrower Yeshivah and Mesivta Arugath Habosem, Mortgagor and Guarantor The Ridgeview Realtor LLC

**Production:** YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A, annexed.**

| PLACE | DATE AND TIME |
|---|---|
| By electronic mail to kleinmanabraham@gmail.com, or by delivery to Abraham Kleinman, 407 Lincoln Rd, Suite 6H-1752, Miami Beach, Florida 33139, or at the SBA New York District Office, 26 Federal Plaza, Suite 3100, New York, New York 10278, at the recipient's election. | November 5, 2026 at 5:00 p.m. |

**Inspection of Premises:** Not applicable.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Note to SBA counsel:** This subpoena is served with a request under 13 C.F.R. § 102.11 that SBA counsel approve compliance. The Debtor in this case, The Ridgeview Realtor LLC, is the mortgagor and guarantor on the loan; its real property at 5 Ridgeview Road, Kerhonkson, New York is the collateral; and the records sought bear on the ownership of the Debtor, the liens on its only asset, and transfers of its property, which the Debtor has not disclosed in its bankruptcy schedules. No Inspector General records are sought.

CLERK OF COURT

Date: October 27, 2026

Signature of Clerk or Deputy Clerk

The name, address, email address, and telephone number of the party, Abraham Kleinman, creditor and party in interest, appearing *pro se*, who requests this subpoena, are: Abraham Kleinman, 407 Lincoln Rd, Suite 6H-1752, Miami Beach, Florida 33139; kleinmanabraham@gmail.com; (845) 494-9922.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises

before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

Definitions and instructions. "Debtor" means The Ridgeview Realtor LLC. "Property" means 5 Ridgeview Road, Kerhonkson, New York (SBL [redacted] "Loan" means SBA Loan No. [redacted] (Application No. [redacted] Disaster NY-20000), on which the Debtor is mortgagor and guarantor, and every application that preceded it. "Doppelt" means Joseph (Yoseph) Doppelt, Yanky Doppelt and Moshe Zev Doppelt, and each of them. "Communication" means every e-mail, portal message, letter, text message, voicemail and note of a call or meeting, and, for e-mail, includes every message sent to or from, or copying, ydoppelt@ymah.org, admin@ymah.org, yanky@ymah.org, RIDGEVIEWTOWER@GMAIL.COM, 6762530@gmail.com, any address at the domain ymah.org, and any other address used by the person named. "Document" has the meaning in Fed. R. Civ. P. 34(a)(1)(A) and includes e-mail and electronically stored information. The focus of this subpoena is every submission to SBA by, for, or concerning the Debtor, its Property, its ownership, and its obligations on the Loan. Unless otherwise stated, the period covered is January 1, 2023 to the date of compliance. Financial-account numbers may be redacted to their last four digits, as Fed. R. Bankr. P. 9037 permits; no other redaction is requested. Production in electronic form to kleinmanabraham@gmail.com on or before the return date is acceptable.

1. A certified copy, under Fed. R. Evid. 902(4) and 902(11), of every application, amendment, resubmission and reconsideration request in the sequence that produced the Loan, from January 1, 2023 to date, whether approved, declined, withdrawn, cancelled or superseded, including Application Nos. [redacted] through [redacted] and every other application bearing the base number [redacted] or any successor number, each identified by its application number, the date and time it was submitted, the user account (e-user) that submitted it and the name of the person behind that account, and its status, together with every e-mail or other Communication by which each application, amendment or supporting document was submitted, acknowledged, questioned or decided, and the name and address of each person who submitted it; and, for each application, amendment, document or electronic signature submitted through SBA's online portal (including the MySBA Loan Portal and the Disaster Loan Application Portal) or by e-mail, the metadata and system records of the submission: the user account and user name under which it was submitted, the e-mail address and telephone number associated with that account, the IP address from which it was submitted, the date and time of submission, and the audit or activity log for that account and application.

2. A certified copy of every Document submitted to SBA by, for, or concerning the Debtor in connection with the Loan, as executed and as submitted, including the Certificate of Authority of the Debtor, every statement of the Debtor's members, managers or owners, the Debtor's organizational documents and any operating agreement, the Unconditional Guarantee (SBA Form 148) of the Debtor, the Mortgage by the Debtor on the Property, any resolution or consent of the Debtor, any financial statement, tax return or bank statement of the Debtor, and any appraisal, title report, lien search, title insurance commitment or policy, or insurance certificate concerning the Property.

3. Every electronically signed Document in the Loan file, including every application, certification, authorization, guarantee, mortgage and closing document bearing an electronic signature, together with the electronic-signature record for each (the signer's name, the e-mail address and account used to sign, the IP address, the date and time of signature, and the signing platform's audit trail or certificate of completion), and every page or screen on which the signer acknowledged the warning that submitting a false or fraudulent application or statement to SBA is a federal crime (including the certifications under 18 U.S.C. §§ 1001 and 1014 and the False Claims Act), with the record of the signer's acknowledgment of that warning.

4. The Loan Authorization and Agreement dated April 18, 2024 and every amendment, the Note, and every other closing document, as executed.

5. All written Communications between SBA and Doppelt, the Debtor, the borrower, or anyone acting for any of them, concerning the Debtor, the Property, the Debtor's ownership, the Guarantee or the Mortgage, from January 1, 2023 to date.

**PROOF OF SERVICE**

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): ______________________________ on (date) ______________.

[ ] I served the subpoena by delivering a copy to the named person as follows: __________________________________________ on (date) _____________; or

[ ] I returned the subpoena unexecuted because: ________________________________________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $______________.

My fees are $__________ for travel and $__________ for services, for a total of $__________.

I declare under penalty of perjury that this information is true and correct.

Date: ______________ ____________________________________ Server's signature

____________________________________ Printed name and title

____________________________________ Server's address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

(c) Place of Compliance.

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) For Other Discovery. A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.