Hearing: December 17, 2026 at 10:30 a.m.
IN PERSON — Courtroom 3585
Opposition: December 10, 2026 at 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

In re THE RIDGEVIEW REALTOR LLC, Chapter 11

Debtor. Case No. 26-43491-ess

-----------------------------------------------------X

**Notice of Motion**

**PLEASE TAKE NOTICE** that the Debtor, by Sobers Law PLLC, will seek approval of employment under section 327 before Hon. Elizabeth S. Stong, in person in Courtroom 3585, United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York 11201, on December 4, 2026 at 10:30 a.m., or as soon thereafter as counsel may be heard.

Written opposition must be filed and served so it is actually received by November 27, 2026 at 5:00 p.m. Replies must be filed and served so they are actually received by December 1, 2026 at 5:00 p.m., subject to further Court order. The accompanying motion states the grounds and proposed relief. No default relief is automatic.

The initial hearing is requested as non-evidentiary unless otherwise ordered. Register through eCourt Appearances at least two business days before the hearing. Existing hearings and deadlines remain in effect unless changed by order. Selection of this preset hearing date does not itself adjourn another matter.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers.
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

| | |
|---|---|
| In re THE RIDGEVIEW REALTOR LLC, | Chapter 11 |
| Debtor. | Case No. 26-43491-ess |

-----------------------------------------------------X

**Application to employ Sobers Law PLLC as Counsel for the Debtor**

The Ridgeview Realtor LLC, debtor and debtor in possession, applies under sections 327(a), 329 and 330 and Bankruptcy Rules 2014 and 2016 to employ Vivian Sobers and Sobers Law PLLC as general bankruptcy counsel effective as of the filing of this application. This application addresses employment, compensation arrangements, source of funds and connections separately. The proposed engagement is for the Debtor and estate, with no representation of an owner or affiliate by implication.

**Need and Services**

This chapter 11 case began July 21, 2026. Pending matters include stay relief, appointment of a trustee, counsel transition, claims and regulatory disputes. The Debtor requires general counsel to address Court compliance, prepare a plan and disclosure statement, investigate claims and transactions, evaluate a market-tested sale and a funded retention alternative, prepare appropriate applications and objections, and advise the Debtor on estate duties. Special counsel, broker and other professional services require separate appropriate authority.

Sobers Law PLLC's qualifications, relevant admissions and chapter 11 experience are set out in the accompanying declaration and supporting professional statement to be completed by counsel. No prior experience or admission not personally verified is represented. The Debtor requests approval only after all required connections and funding disclosures are supplied to the Court and United States Trustee.

**Compensation and source**

Counsel reports receipt of $25,000 paid by the Debtor on or about September 24, 2026. The requested hourly rate is $550 for Vivian Sobers. No additional staff will be needed. Actual

necessary expenses will be requested at cost subject to applicable rules. Employment approval is not fee allowance. Counsel will seek compensation and reimbursement only under the Code, Rules, applicable fee guidelines and orders, with no unilateral right to draw estate funds based solely on an invoice.

**Disinterestedness and safeguards**

I am a "disinterested person" within the meaning of 11 U.S.C. § 101(14), and neither I nor Sobers Law, PLLC holds or represents an interest adverse to the Debtor's estate within the meaning of 11 U.S.C. § 327(a). Except as disclosed in this declaration, neither I nor the firm has any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

Counsel will not represent owners or affiliates in this engagement. The application, declaration and proposed order shall be supplied to the United States Trustee simultaneously as required by the Local Rules.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers.
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X

In re THE RIDGEVIEW REALTOR LLC, Chapter 11

Debtor. Case No. 26-43491-ess

---------------------------------------------------X

**DECLARATION OF JOSEPH DOPPELT IN SUPPORT OF APPLICATION FOR AUTHORITY TO RETAIN SOBERS LAW, PLLC AS COUNSEL TO THE DEBTOR THE RIDGEVIEW REALTOR LLC**

I, Joseph Doppelt, declare as follows:

1. I am an authorized signatory of The Ridgeview Realtor LLC (the "Debtor"). I make this Declaration in support of the Debtor's Application for authority to retain Sobers Law, PLLC ("Sobers") as counsel to the Debtor.

a. I understand that any and all compensation received by Sobers from any source will be subject to review by this Court for reasonableness.

b. The Debtor paid Sobers $25,000.00 in connection with this representation. Sobers was retained and paid on September 24, 2026.

c. I understand that notwithstanding such payment, Sobers' undivided loyalty will remain with the Debtor.

d. There is no relationship between Joseph Doppelt and Sobers other than this representation and those disclosed in the application.

e. Sobers has not represented the Debtor in any other matters besides those disclosed.

f. I have been informed and am fully aware that all confidential information between the Debtor and Sobers is protected by Rule 1.6 of the New York Rules of Professional Conduct.

Dated: New York, New York

October 26, 2026

The Ridgeview Realtor LLC

By: /s/ Joseph Doppelt

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------X

| | |
|---|---|
| In re THE RIDGEVIEW REALTOR LLC, | Chapter 11 |
| Debtor. | Case No. 26-43491-ess |

----------------------------------------------------X

**DECLARATION OF VIVIAN SOBERS, ESQ. IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SOBERS LAW, PLLC AS COUNSEL TO THE DEBTOR IN POSSESSION**

I, Vivian Sobers, Esq., under penalty of perjury, declare as follows:

I am admitted to practice law in the State of New York and the Eastern District of New York. I am a member of Sobers Law, PLLC ("Sobers" or the "Firm"), which maintains an office at 11 Broadway, Suite 615, New York, New York 10004. I submit this declaration in support of the Debtor's Application for an Order Authorizing the Retention and Employment of Sobers as Counsel to the Debtor-in-Possession (the "Application"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

**Services to Be Provided**

The Debtor has requested that Sobers render services including, but not limited to, the following:

1. advising the Debtor with respect to its powers and duties as debtor in possession, including the legal and administrative requirements of operating in chapter 11;
2. attending meetings and negotiating with representatives of creditors and other parties-in-interest;
3. assisting with the preservation of the Debtor's estate, including the prosecution of actions commenced under the Bankruptcy Code or otherwise on its behalf, and objections to claims filed against the estate;
4. preparing and prosecuting on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary for the administration of the estate;
5. negotiating and preparing on the Debtor's behalf chapter 11 plan(s), disclosure statement(s) and all related agreements and/or documents;

6. advising the Debtor with respect to any sale of assets and negotiating and preparing on the Debtor's behalf all agreements related thereto;
7. appearing before the Court, and protecting the interests of the Debtor's estate before such court; and
8. performing all other legal services in connection with this chapter 11 case as requested by the Debtor.

**Professional Compensation During the Chapter 11 Case**

Sobers does not ordinarily determine its fees solely on the basis of hourly rates. Instead, Sobers ordinarily bases the fee for its services on all the factors prescribed by rule 1.5(a) of the New York Rules of Professional Conduct, including the firm's contribution to the relevant matter, the responsibility assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and the fees customarily charged for such matters. Post-petition, the Debtor has agreed to pay the Firm at a rate of $550.00 per hour upon approval of the Court. The Firm will not charge Debtor for paraprofessionals. Pursuant to Bankruptcy Rule 2016(b), Sobers has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, any compensation another person or party has received or may receive.

The Debtor paid Sobers $25,000.00 in connection with this representation. Sobers was retained and paid on or about September 24, 2026.

**Conflicts of Interest and Disinterestedness**

A review of the firm's records and databases revealed that Sobers does not represent any person or entity having an interest adverse to the Debtor in connection with this chapter 11 case and Sobers does not hold or represent an interest adverse to the Debtor's estate with respect to matters on which Sobers is employed.

Sobers does not have any connection with the Debtor, its creditors or any other parties-in-interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Eastern District of New York, except as disclosed or otherwise described herein. Sobers does not currently employ or intend to employ contract attorneys in this chapter 11 case.

No promises have been received by Sobers or by any partner, of counsel, special counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. No agreement or understanding in any form or guise exists between Sobers and any other person or entity for a division of compensation for services rendered in or in connection with this case, and no division of compensation prohibited by section 504 of the Bankruptcy Code will be made.

**Affirmative Statement of Disinterestedness**

To the best of my knowledge and insofar as I have been able to ascertain, (a) Sobers is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) Sobers does not represent any person or entity having an interest adverse to the Debtor in connection with this chapter 11 case, (c) Sobers does not hold or represent an interest adverse to the Debtor's estate with respect to matters on which Sobers is employed and (d) Sobers has no connection to the Debtor, its creditors or any other party-in-interest except as disclosed herein.

I am authorized to submit this Declaration on behalf of Sobers and, if called upon to testify, I would testify competently to the facts set forth herein.

I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change in circumstance relating thereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers.
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X

In re THE RIDGEVIEW REALTOR LLC, Chapter 11

Debtor. Case No. 26-43491-ess

---------------------------------------------------X

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SOBERS LAW, PLLC AS COUNSEL TO THE DEBTOR IN POSSESSION**

Upon the application of the Debtor (the "Application") for entry of an order (the "Order") pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rules authorizing the Debtor to retain and employ Sobers Law, PLLC, ("Sobers") as its counsel; this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this chapter 11 case and the Application in this district being proper pursuant to 28 U.S.C.§§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn or overruled on the merits; and upon the consideration of the Sobers Declaration; and this Court being satisfied based on the representations made in the Application that Sobers does not hold or represent any interest adverse to the Debtor's estate, with respect to the matters upon which Sobers is to be employed, that Sobers is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that Sobers' employment is necessary and is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.
2. In accordance with section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Debtor, as debtor in possession, is hereby authorized to retain and employ Sobers as counsel on the terms set forth in the Application and the Sobers Declaration, effective September 24, 2026.
3. To the extent the Application and Sobers Declaration are inconsistent with this Order, the terms of this Order shall govern.

4. That notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

5. That prior to any increases in Sobers' rates, Sobers shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

6. Sobers shall apply any unapplied portion of the $25,000.00 payment received from this Debtor and held for fees and expenses as a credit toward this Debtor's fees and expenses only after approval by an order of the Court.

7. That pursuant to 11 U.S.C. §327(a), Sobers shall seek compensation for legal services upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2016 and E.D.N.Y.L.B.R.2016-1 and the Guidelines of the Office of the United States Trustee.

8. That the United States Trustee retains all rights to object to Sobers' interim and final fee applications (including expense reimbursement) on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code.

Dated: Brooklyn, New York

________________________________

HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE