**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------X

In re THE RIDGEVIEW REALTOR LLC, Chapter 11

Debtor. Case No. 26-43491-ess

------------------------------------------------------X

**DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINES FOR FILING PROOFS OF CLAIM INCLUDING CLAIMS UNDER SECTION 503(b)(9) AND PROCEDURES RELATING THERETO AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

TO: THE UNITED STATES BANKRUPTCY JUDGE:

The Ridgeview Realtor LLC (the "Debtor"), respectfully represents:

**RELIEF REQUESTED**

1. By this Motion, the Debtor requests that, pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court:

(a) establish January 11, 2027 at 5:00 p.m. (Eastern Time) as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim (each a "Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, secured claims and priority claims, including claims under section 503(b)(9) of the Bankruptcy Code (each a "503(b)(9) Claim") against the Debtor (the "General Bar Date");

(b) establish January 19, 2027 at 5:00 p.m (Eastern Time) as the deadline for governmental units (as defined in section 101 (27) of the Bankruptcy Code) ("Governmental Units") to file a Proof of Claim in respect of a prepetition claim against the Debtor (the "Governmental Bar Date", together with the General Bar Date, the "Bar Dates");

(c) approve the proposed procedures for filing Proofs of Claim; and

(d) approve the form and manner of notice. The proposed order and its annexed Bar Date Notice are submitted herewith as Exhibit A (the "Proposed Order").

**The Bar Dates**

2. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which claimants must file a Proof of Claim in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim against the Debtor that (a) is not scheduled in the Debtor's schedules of assets and liabilities (the "Schedules") or (b) is listed on the Schedules as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed by the Court.

3. Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . ." 11 U.S.C. § 502(b)(9). The Debtor filed its petition on July 21, 2026. The 180th day is January 17, 2027, a Sunday, followed by the January 18 federal holiday; Bankruptcy Rule 9006(a) carries the minimum deadline to January 19, 2027.

4. The Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Eastern District of New York, (the "Procedural Guidelines") require that all requests for bar orders conform substantially to the standard order and notice provided for in the Procedural Guidelines. The applicable guidelines are Administrative Order No. 684.

5. Establishing the Bar Dates will enable the Debtor to review creditors' claims in a timely and efficient manner, complete its chapter 11 plan and disclosure statement and proceed with administration of this case. The proposed procedures will give creditors ample opportunity to prepare and file proofs of claim.

**The Proposed Procedures for Filing Proofs of Claim**

6. Unless otherwise provided herein, the General Bar Date shall be January 11, 2027 at 5:00 p.m. (Eastern Time).

7. Unless otherwise provided herein, the Governmental Bar Date shall be January 19, 2027 at 5:00 p.m. (Eastern Time).

8. Proofs of claim must (i) be written in English; (ii) be denominated in lawful United States currency as of July 21, 2026 (the "Commencement Date"); (iii) conform substantially to Official Bankruptcy Form No. 410; (iv) identify The Ridgeview Realtor LLC and Case No. 26-43491 (ESS); (v) state the legal and factual basis of the claim; (vi) include supporting documentation, a summary

if voluminous, or an explanation of its unavailability; and (vii) be signed by the claimant or its authorized agent. Filing methods and privacy protections are described in the Proposed Order and notice.

9. Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are actually received by the Court, on or before the applicable Bar Date.

10. If the Debtor amends the Schedules to designate a claim as disputed, contingent or unliquidated, change its amount or classification, or add a claim, the affected holder shall receive notice and have until the later of the applicable Bar Date and 30 days after service of that notice to file a proof of claim.

11. The following persons or entities need not file by the applicable Bar Date with respect to the following claims:

(a) any person or entity whose claim is listed on the Schedules and (i) whose claim is not described thereon as “disputed,” “contingent,” or “unliquidated,” (ii) who does not dispute the amount or classification of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) a holder of an administrative expense claim under sections 503(b) and 507(a)(2), other than a section 503(b)(9) claim; and (d) a holder whose claim has already been allowed by Court order;

(e) any holder of a claim for which a separate deadline is fixed by this Court;

(f) a holder that has already properly filed a proof of claim against the Debtor with the Clerk in a form substantially conforming to Official Form 410. Equity holders need not file proofs of interest solely for their ownership interests, but must comply with the claim-filing requirement if asserting a nonexempt debt claim. Rejection claims are governed by the later-date provisions in the Proposed Order.

12. A holder relying on the Schedules is responsible for determining that its claim is accurately listed.

**Consequences of Failure to File a Proof of Claim**

13. Bankruptcy Rule 3003(c)(2) provides that a creditor required to file a proof of claim that fails to do so timely shall not be treated as a creditor with respect to that claim for voting and distribution.

The Debtor requests that consequence, subject to applicable law and further Court order. Entry of a bar-date order does not itself discharge the Debtor, resolve an asserted informal proof of claim, or avoid a lien. No blanket termination of notice rights is requested.

**Notice of the Bar Dates**

14. Pursuant to Bankruptcy Rules 2002(a)(7), (f) and (l) and the Procedural Guidelines, the Debtor proposes the following notice procedures:

(a) Within ten days after entry, and in all events no later than December 18, 2026 and at least 45 days before the applicable Bar Date, the Debtor shall mail Official Form 410, the entered Order and Bar Date Notice to the notice parties identified in the Proposed Order;

(b) recipients include the United States Trustee, any official committee and DIP lender, parties requesting notice, filed claimants, scheduled creditors and all other known potential claimants identified after reasonable review of the Debtor's books and records;

(c) notice will also be sent to contract and lease counterparties, litigation parties and their counsel, Kleinman and any identified MAA claimant, SBA, the Town enforcement plaintiff and counsel, and the Claim No. 4 representative and counsel, with governmental service as required by Bankruptcy Rule 2002(j). Proof of service will be filed. The Debtor does not propose publication as a substitute for actual notice to known claimants. If the Court requires publication or additional notice to unknown claimants, the Debtor will comply with further directions, with at least 28 days after publication absent different Court order.

**Reasonably Calculated to Provide Due and Proper Notice**

15. Bankruptcy Rule 2002(a)(7) generally requires at least 21 days' notice of the deadline. Administrative Order No. 684 ordinarily calls for at least 35 days after mailing and at least 28 days after any ordered publication. Bankruptcy Rule 2002(p) governs foreign-address notice. The Debtor proposes at least 45 days after mailing, exceeding the ordinary mailed-notice minimum.

16. If entry or service timing prevents compliance with the proposed notice periods, the Debtor will request revised dates rather than serve an inadequately noticed deadline.

17. The proposed Bar Date Notice substantially conforms to the Procedural Guidelines and informs recipients of:

(a) the Bar Dates;

(b) who must file a Proof of Claim;

(c) the procedure for filing a Proof of Claim;

(d) the consequences for failing to timely file a Proof of Claim; and

(e) where parties can find further information.

18. Accordingly, the Debtor submits that no further or other notice of the Bar Dates are necessary and that the proposed notice procedures provide due and proper notice of the Bar Dates.

**Objections to Claims and Reservation of Rights**

19. The Debtor reserves all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds.

20. The Debtor also reserves all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto.

21. To the extent the Debtor disputes any claim listed on their Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtor shall amend their Schedules as appropriate.

22. Further, the Debtor reserves the right to seek a further order of this Court to fix a deadline by which holders of claims not subject to the Bar Dates must file Proofs of Claim against the Debtor or be forever barred from doing so.

23. Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of the estate and creditors, and should be granted in all respects.

**Notice**

24. This Motion and notice of presentment will be served on the United States Trustee, any official committee and DIP lender, all parties requesting notice, and other affected parties required by applicable rules and Administrative Order No. 684. The Debtor will file proof of actual service. No prior order concerning joint administration or a special notice protocol is assumed.

25. The Debtor submits that the proposed notice is sufficient, subject to any further direction of the Court.

26. No prior request for this relief appears on the October 26 docket reviewed through ECF No. 59.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order and such other and further relief as is just and appropriate.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers.
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor