# Letter of Intent

Proposed transaction terms for negotiation between The Ridgeview Realtor LLC as debtor and debtor in possession and the verified purchasing entity identified below. The commercial terms are subject to Bankruptcy Court approval.

1. Parties. Seller: The Ridgeview Realtor LLC, Chapter 11 Case No. 26-43491-ess, EDNY. Proposed buyer: Talmud torah ohel yochanan.

2. Property. Seller's transferable interest in 5 Ridgeview Road, Town of Rochester, Ulster County, with parcels, improvements and included personal property specifically defined in the definitive purchase agreement and title exhibit. No unsupported warranty of acreage, bed count, use, condition or current license.

3. Price. Proposed purchase price $7,500,000 cash, subject to the definitive agreement and an open competitive process approved where required. Identify and allocate any separate personal property, assumed liability or tax treatment in the final documents.

4. Proof of ability. Within five business days after agreement on a proposed definitive contract, buyer will provide current proof of equity funds, financial capacity and beneficial ownership, with confidentiality only to the extent consistent with Court disclosure. A general expression of bank interest is not a funding commitment.

5. Deposit. Proposed $750,000 deposited within five business days after execution of the definitive purchase agreement and any required authority. The agreement will define escrow ownership, interest, release and refund rights. No deposit is represented as paid by this letter.

6. Diligence. Proposed 45 calendar days from execution and delivery of agreed access materials. The buyer must give a written termination notice by the stated deadline identifying the applicable contractual condition. No open-ended diligence through closing. Existing orders and safety requirements govern access; no occupancy or operation is authorized.

7. Financing. Any financing condition expires no later than 60 calendar days after definitive agreement execution, with a written commitment required by that date. The seller may terminate and pursue alternatives if the condition fails. No automatic extension to the closing date, assignment to an unfunded buyer or buyer lien on the Property.

8. Deposit after conditions. After expiration or written waiver of the diligence and financing conditions, the deposit becomes nonrefundable upon buyer default, subject to the precise Court-

approved contract and escrow remedies. It remains refundable if the Court declines approval, seller elects an authorized retention alternative before a binding sale obligation, a superior transaction is approved, or another expressly stated seller-risk termination occurs. No conflicting liquidated-damages and specific-performance remedies should be implied.

9. Competition and estate duties. No exclusivity, no-shop, matching right, breakup fee, expense reimbursement or bid protection is granted by this letter. Seller may market, seek superior offers, pursue approvals, investigate retention, and comply with fiduciary duties. Any later bid protection requires a separately supported and noticed request and order.

10. Retention alternative. Before a binding Court-approved sale commitment, seller may pursue a fully funded retention, lease or refinancing alternative. A definitive agreement must state the exact termination right and deposit consequence. This reservation does not permit seller to disregard a subsequently approved binding contract or confirmed plan.

11. Court and plan condition. Closing is conditioned on a confirmed plan and all necessary sale, title, lease, lien and other approvals. Seller does not represent that confirmation, a free-and-clear transfer or tax exemption is assured. Materially adverse competing interests receive notice and lawful treatment. Buyer has no right to force a transfer contrary to an order or applicable law.

12. Closing. Proposed closing within 30 days after an effective, unstayed confirmation order and satisfaction of the agreement's conditions. Any change requires a written authorized agreement and Court approval where required; no automatic or indefinite extension. No preconfirmation deed transfer is contemplated.

13. Title and leases. The definitive agreement will identify all liens, leases, licenses, exceptions, cure obligations and permitted encumbrances, including any rights asserted. No vacant-possession promise until legally established. The buyer's remedy for an unresolved title or lease condition must be expressly defined.

14. Condition and approvals. Subject to negotiated express representations, the proposed purchase is as-is, where-is, with buyer diligence. Buyer is responsible for its intended-use approvals as allocated in the definitive agreement. No statement guarantees a rehabilitation license, prior nonconforming use, County approval, Town zoning or certificate of occupancy.

15. Taxes and costs. Allocate transfer taxes, recording fees, brokerage, escrow and other closing costs expressly. Seller may seek only lawful section 1146(a) stamp or similar tax relief for a postconfirmation transfer under the plan. No income, capital-gains or universal tax exemption is

promised. Buyer will cooperate in lawful applications without being required to assume an undisclosed tax burden.

16. Confidentiality and access. No binding confidentiality or access obligation is created until separately executed by authorized parties. Any such agreement must allow required Court, United States Trustee, creditor and regulatory disclosures and preserve existing protective orders. Buyer bears its diligence costs absent a separately approved agreement. No treatment records or unnecessary personal data are included in access.

17. Nonbinding effect. This proposal records negotiating terms only and creates no sale obligation, exclusivity, reimbursement right or authority to occupy or operate. No party is bound to purchase or sell unless a definitive agreement is executed by authorized parties and approved to the extent required. Any separately intended binding term must be identified expressly and lawfully authorized; none is created by implication here.

18. Signatures for discussion only. Any signature below acknowledges receipt as a basis for negotiation, not acceptance of a binding purchase or Court approval. The definitive agreement and required orders control.

Seller acknowledgment: [signature]

Name and verified authority: Joseph Doppelt The Riviera Ruxton

Date: 10/27/26

Buyer acknowledgment: [signature]

Name and verified authority: [signature]

Date: 10/27/26

10/27/2026

[signature]

SOLOMON ITZKOWITZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01IT4795441
Qualified in Kings County
Commission Expires July 30, 2030