**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X

| | |
|---|---|
| In re THE RIDGEVIEW REALTOR LLC, | Chapter 11 |
| Debtor. | Case No. 26-43491-ess |

---------------------------------------------------X

**Motion to extend the exclusive period to obtain acceptances of the Debtor plan**

The Ridgeview Realtor LLC, (the "Debtor"), requests under 11 U.S.C. § 1121(d) an extension through July 19, 2027 of the 180-day period referred to in section 1121(c)(3) to obtain acceptances of its plan. The Debtor is submitting its proposed plan now, rather than seeking to defer its initial filing until May 2027. The requested extension would preserve the Debtor's exclusive opportunity to advance its timely filed plan while it tests sale value and pursues governmental approvals for a potential retention alternative, subject to section 1121(c), further Court order and the safeguards below.

If the Court declines the requested period on the present record, the Debtor alternatively requests an initial acceptance-period extension through April 19, 2027, without prejudice to a timely supported further application. This motion seeks no extension of the initial 120-day filing period and no interim filing-period extension. Its requested relief rests on the Debtor actually filing its plan within the applicable initial filing period.

**Jurisdiction and requested relief**

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 and the applicable reference. This request concerns administration of the estate and the plan process under section 157(b)(2)(A) and (L). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

The Debtor requests extension of the acceptance period only. Subject to a timely filed plan, the absence of a chapter 11 trustee and any order shortening or terminating exclusivity, a creditor or other party in interest may not file a competing plan solely because the original acceptance period has passed while the extended period remains effective. This is statutory exclusivity, not a separate injunction against objections, trustee relief, stay relief or other lawful participation.

**Case history and present plan filing**

1. This voluntary chapter 11 case commenced July 21, 2026. The Debtor identified itself as a single asset real estate debtor and owns the Property at 5 Ridgeview Road, Town of Rochester, Ulster County, New York. ECF Nos. 1, 11 and 16. The schedules report a historical $5.2 million property value and no operating revenues; a current valuation remains necessary.

2. The Debtor has prepared a proposed chapter 11 plan and accompanying disclosure statement. Counsel is obtaining the remaining information from the Debtor and coordinating review and execution by its authorized representative. The Debtor anticipates filing both documents within three days after this motion is filed and before expiration of the initial exclusive filing period on November 18, 2026. Following filing, the Debtor will supplement the record with the filing dates and docket numbers.

3. The initial 120-day filing period expires November 18, 2026. The 180th day is January 17, 2027, a Sunday, followed by the January 18 federal holiday; the acceptance deadline is January 19, 2027 under Rule 9006(a), subject to a controlling order. This application is to be filed within the applicable acceptance period. No prior exclusivity-extension motion or entered order was located in the docket reviewed through ECF No. 59; counsel will update that review before filing.

4. The October 26 Claims Register lists County of Ulster $114,593.98; Ridgeview Lender LLC $4,979,257.61; Central Hudson $73,696.15; an unliquidated wrongful-death and related Claim No. 4; and IRS $4,500. The stated-dollar total is $5,172,047.74, plus the unliquidated claim. Scheduled KKZF debt is $2,187.50. Kleinman separately asserts at least $3.5 million and 10% equity; no numbered Kleinman proof appears on that register. The amount, basis and treatment of disputed assertions materially affect disclosure and confirmation.

5. The proposed plan presently pursues a sale closing after confirmation while preserving the ability to investigate governmental approvals and a funded retention alternative. The October 7 sale proposal currently in counsel's possession states $7.5 million as a sale price but is nonbinding and requires verified buyer identity, financing and definitive terms. The Debtor disputes that the alleged Central UTA lease became operative and states that the arrangement never materialized; no lease or rent receivable is admitted.

6. The Debtor reports no current operating capital. An individual owner is expected to contribute carrying costs without repayment or remuneration.

**Cause to extend the acceptance period**

7. Section 1121(d)(1) authorizes the Court, for cause and upon a timely request after notice and a hearing, to extend the 180-day period in section 1121(c)(3). The requested July 19, 2027 date is within the 20-month outside limit in section 1121(d)(2)(B). That ceiling does not create an entitlement to an extension.
8. Filing a plan now begins the formal plan process; it does not resolve transaction, claims, insurance, approval or feasibility issues or permit immediate solicitation of an unapproved disclosure statement. Additional time is requested to obtain adequate disclosure, conduct a meaningful market test, evaluate regulatory requirements and costs, reconcile claims and identify the transaction and funding on which creditors will actually vote. Concurrent marketing and governmental review allow the estate to compare achievable outcomes without committing prematurely to an unverified rental or operating assumption.
9. The Debtor proposes specific reporting and transaction milestones so the Court and parties can assess whether continued exclusivity serves the estate. The request is intended to support an evidence-based plan process, not to compel concessions or delay creditors without demonstrable progress. A supported earlier transaction will be advanced promptly; the Debtor will not wait until a milestone date merely because additional time was granted.
10. The Debtor acknowledges the countervailing circumstances: substantial secured accruals, absent current operating cash, incomplete funding evidence, regulatory uncertainty and pending requests for trustee and stay relief. Those circumstances require evidence of preservation funding and progress, not an unsupported assurance that success is certain.
11. If the Court requires a more developed record before granting the entire period, the April 19 alternative permits an initial extension followed by review on actual progress. A declaration completing the material facts accompanies this motion.

**Proposed milestones during the extension**

12. The initial proposed plan and disclosure statement will be filed now, within the applicable filing period. The May milestone below concerns amendments, supplements and completed transaction information; it does not defer the initial plan filing.

13. By January 15, 2027, the Debtor shall file a detailed report concerning marketing, governmental approvals, claims, insurance, preservation costs and funding, followed by reports on the fifteenth of each month or the next business day. By February 16, 2027, the Debtor shall identify the initial market response, the approval path, outstanding conditions, estimated costs and anticipated timetable. A material inability to fund preservation or maintain required insurance shall be reported promptly rather than held for the next report.
14. By April 16, 2027, the Debtor shall identify its proposed sale transaction or a demonstrably funded retention alternative, with a reasoned comparison. By May 18, 2027, the Debtor shall file any necessary amended plan, amended disclosure statement and transaction supplements and seek the required approval and solicitation procedures. Solicitation may proceed only as authorized by the Code and Court orders. By July 19, 2027, the Debtor shall obtain the acceptances required to preserve exclusivity or seek a timely further extension supported by evidence.
15. If the shorter April 19 acceptance extension is selected, the Court should conform the reporting and transaction dates to that shorter period; the proposed May supplementation date cannot itself authorize work beyond an expired exclusive period. No milestone modifies an existing Court deadline, authorizes unlawful occupancy, guarantees regulatory approval or creates automatic dismissal. Parties may seek appropriate relief on notice if progress or funding fails.

**Effect and limits of the requested order**

16. The Debtor seeks an extension of the 180-day acceptance period, not a declaration that filing its plan alone prevents competing plans indefinitely. Section 1121(c)(1) continues to govern trustee appointment, and any shortening or termination of exclusivity remains subject to applicable law and further order. The Debtor preserves its ability to amend its timely filed plan under section 1127, subject to the required disclosure, solicitation and confirmation procedures.
17. The extension supplies no automatic stay extension under section 362(d)(3), approval of cash-collateral use, financing authority, professional employment, fee allowance or ruling on the merits of a pending motion. Filing this application does not itself grant the requested extension. The Debtor requests determination before expiration of the existing acceptance period.

18. No creditor's consent is assumed. Exclusivity does not dispense with confirmation requirements, including section 1129(a)(10) where applicable, feasibility, the best-interests test and any applicable cramdown requirements. Nor does it establish an equity right to retain value contrary to the Code. The purpose is to allow the Debtor to develop and pursue a lawful plan on a defined schedule while competing-plan rights remain governed by section 1121.

**Conclusion**

19. The Debtor requests extension through July 19, 2027 of the acceptance period referred to in section 1121(c)(3), alternatively through April 19, 2027 on a conformed schedule, together with the reporting provisions above and such other relief consistent with this application as the Court deems appropriate.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

/s/ Vivian Sobers
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------X

| | |
|---|---|
| In re THE RIDGEVIEW REALTOR LLC, | Chapter 11 |
| Debtor. | Case No. 26-43491-ess |

----------------------------------------------------X

**DECLARATION**

I, Joseph Doppelt, declare under penalty of perjury:

1. I am a manager of the Debtor and have personal knowledge of the business facts stated here except where the identified records supply the source.
2. The Debtor has prepared a proposed chapter 11 plan and accompanying disclosure statement. The Debtor is providing counsel with the remaining information needed to complete those documents and is arranging for review and execution by its authorized representative. The Debtor anticipates filing both documents within three days after the motion is filed and before expiration of the initial exclusive filing period on November 18, 2026.
3. No historical ACI proposal is represented as current rent or committed funding. The Debtor's factual basis for disputing the alleged Central UTA lease is that the lease never came into fruition.

I declare under penalty of perjury that the foregoing, as completed, is true and correct. Executed on October 26, 2026

The Ridgeview Realtor LLC

/s/ Joseph Doppelt
______________________________

By: Joseph Doppelt