# SOBERS LAW, PLLC

Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004

P: (917) 225-4501
vsobers@soberslaw.com
www.soberslaw.com


October 28, 2026

Honorable Elizabeth S. Stong
United States Bankruptcy Court
271-C Cadman Plaza East
Brooklyn, New York 11201

**Re: The Ridgeview Realtor LLC, Case No. 26-43491 (ESS)**
**Request for a Conference About Written Discovery**

Dear Judge Stong:

We represent The Ridgeview Realtor LLC. We request a conference about the documents and written answers the Debtor needs to respond to Abraham Kleinman's ("Kleinman") motion to appoint a trustee. If possible, we ask to address these issues at the hearing already scheduled for November 12, 2026.

In light of Mr. Kleinman's hearing subpoenas, the Debtor requests clarification whether its corporate representative must attend the November 12 hearing personally if counsel appears. If the Court does not intend to receive testimony that day, the Debtor respectfully requests that its representative be excused from personal attendance, subject to further direction from the Court.

As to discovery, Mr. Kleinman's submissions raise questions about his asserted debt and ownership interest. The Debtor seeks loan and assignment documents, proof of the claimed payments and 10% ownership interest, and records of his management role and the alleged Central UTA lease arrangement, which the Debtor maintains never materialized.

Exhibit A contains proposed document requests, written questions to be answered under oath, and requests for admission directed to Mr. Kleinman. Exhibit B contains proposed third-party document requests. These are submitted for discussion; their attachment does not constitute service or start a response deadline. No depositions are requested.

The Debtor asks the Court to determine when discovery may begin, which requests should proceed first, and a reasonable schedule for responses and further briefing. It also seeks authorization for the proposed written questions to the extent required by Local Bankruptcy Rule 7033-1.

The Debtor further requests clarification of Mr. Kleinman's discovery requests. The docket reviewed through entry 59 includes his request for a Bankruptcy Rule 2004 examination and a proposed order, but we did not locate a signed order granting that request. Separately, the docket contains hearing subpoenas seeking documents.

This request is made before filing a discovery motion, as required by Local Bankruptcy Rule 7007-1. If a motion remains necessary after the conference, the Debtor will address the specific unresolved issues and provide the required statement of efforts to resolve them.

We request no change to the existing November 12 hearing or any other deadline through this letter. Thank you for the Court's consideration.

Respectfully submitted,

Vivian Sobers

Vivian Sobers, Esq.

Enclosures:

Exhibit A — Proposed Written Discovery to Abraham Kleinman
Exhibit B — Proposed Third Party Document Requests

cc: Abraham Kleinman;
Office of the United States Trustee;
counsel for Ridgeview Lender LLC; and
other affected parties and counsel

EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re THE RIDGEVIEW REALTOR LLC, Debtor

Chapter 11 | Case No. 26-43491-ess

**DEBTOR'S FIRST REQUESTS FOR DOCUMENTS, INTERROGATORIES AND REQUESTS FOR ADMISSION TO ABRAHAM KLEINMAN**

The Debtor disputes that the proposed Central UTA lease ever took effect and states that the arrangement never materialized. Any reference below to a lease, tenant, rent or deposit is intended to identify the allegations and documents in your papers. By asking for these records, the Debtor does not admit that a lease existed or that any rent or deposit was paid or owed.

These requests are directed to Abraham Kleinman in connection with his motion to appoint a trustee, filed at docket entry 36. Please provide the documents and written responses described below. No deposition or personal appearance is requested.

**Instructions for Responding**

These proposed requests are made under Bankruptcy Rules 9014, 7026, 7033, 7034 and 7036 and the corresponding Federal Rules of Civil Procedure. They are submitted for the Court's review and do not start a response deadline. Once discovery is authorized and the requests are properly served, responses shall be due within 30 days after service unless the Court orders otherwise, with time computed under the applicable rules. Documents may be delivered securely by arrangements made with vsobers@soberslaw.com or on an agreed physical medium to Sobers Law PLLC, 11 Broadway, Suite 615, New York, New York 10004.

In these requests, "Debtor" means The Ridgeview Realtor LLC, "Property" means the property at 5 Ridgeview Road, Town of Rochester, Ulster County, and "MAA" means MAA Capital Management LLC. "Advances" means the expenditures included in the debt you assert in docket entries 27 and 36-1. When responding about an entity referred to in your papers as "YMAH," please identify the particular legal entity involved. Unless a request states a narrower period, the requests cover August 1, 2023 through the date of service, including earlier agreements that governed transactions during that period.

Please make a reasonable search and produce responsive documents within your possession, custody or control. You need not obtain records that you have no legal right to obtain or create

documents that do not exist. Produce the records as ordinarily maintained or organize them by request number. Exact duplicates need not be produced more than once. If a complete document has already been produced or filed publicly, identify it precisely, including its document identifier or docket entry and page number. Related attachments and communications must still be produced if they have not already been supplied.

If you object to a request, state the specific reason and explain whether documents are being withheld. Please produce any responsive portion that is not subject to the objection. If you withhold a document as privileged or protected, provide the information required by Rule 26(b)(5). These requests do not seek privileged legal advice, unrelated clients' records, medical treatment records or identifying information about minors. Confidential financial records should be exchanged securely, with unrelated information redacted and account numbers ordinarily limited to their last four digits. If further protection is needed, it may be addressed through a protective order.

Please include the relevant surrounding conversation when producing an email or message, together with its date, sender, recipients and attachments. Ordinary records may be supplied as searchable PDFs. Existing electronic ledgers should be provided in their native format when necessary to preserve formulas and transaction details. These requests do not call for duplicate formats, access to your devices or unrelated messages, or recovery of deleted material. Responsive records must be preserved as required by applicable law.

The interrogatories below seek separate written answers under oath. The Debtor requests Court authorization for questions that fall outside the ordinary initial interrogatories permitted by Local Bankruptcy Rule 7033-1. The questions remain subject to the limit of 25 interrogatories, counting discrete subparts, unless the Court permits more. If you contend that the limit is exceeded, identify the questions and explain your count so the issue can be resolved. Please also answer each request for admission separately under Rule 36. If you cannot admit or deny a request after reasonable inquiry, explain why. The admissions are sought for this contested matter only.

**First Requests for Production of Documents**

1. Produce the signed agreement by which you contend you purchased a 10% interest from David Braun on March 15, 2024, together with any amendments.

2. Produce records showing what you paid or otherwise gave for that purchase and records showing that the consideration was received.

3. Produce the signed assignment or other document by which you contend the 10% interest was transferred to you.

4. Produce the member consents or voting records on which you rely to show that the transfer was authorized.

5. Produce the member consents or voting records on which you rely to show that you were admitted as a member, rather than receiving only an economic interest.

6. Produce the operating agreement that you contend governed the Debtor on the claimed transfer date, together with the signed amendments on which you rely.

7. Produce nonprivileged records showing whether and how the unsigned operating agreement filed at docket entry 36-19 was adopted or put into effect.

8. Produce the membership register, ownership schedule or interest certificate that reflects your claimed interest, including dated revisions within your control.

9. Produce the portions of tax filings and capital-account records that identify the Debtor's owners, their ownership percentages or your asserted debt. Unrelated information may be redacted.

10. Produce your communications with David Braun about the terms or completion of the purchase from March 1 through April 30, 2024, together with later communications changing those terms.

11. Produce notices informing the other members of your purchase or admission as a member, together with their responses.

12. Produce the appointments, delegations or resolutions on which you relied when describing yourself as the managing member in docket entry 36-39.

13. Produce nonprivileged documents supporting your contention that Joseph Doppelt lacked authority to act for the Debtor.

14. Produce records showing the notice you received of the July 20, 2026 member resolution and your participation in, approval of, ratification of or objection to that resolution.

15. Produce the signed June 15, 2026 assignment from MAA to you, together with its schedules and amendments.

16. Produce records showing that MAA authorized the assignment and that the person signing it had authority to do so.

17. Produce documents showing the consideration for the assignment and any conditions, rights to reclaim the claim, collection arrangements or retained interests affecting your ownership of it.

18. Produce the written loan instrument described in paragraph 6 of your affidavit at docket entry 36-1, including signed counterparts and amendments.

19. Produce the contemporaneous messages described in that paragraph concerning the Advances and their repayment terms, including the relevant surrounding conversation.

20. Produce documents showing the agreement on which you base the claimed annual interest rate of 21% for the Advances.

21. Produce documents showing the agreement on which you base the claimed June 15, 2026 maturity date for the construction portion of the Advances.

22. Produce documents on which you rely to show that the Debtor owes repayment of the Advances, including any guarantees or acknowledgments.

23. Produce the existing ledger or accounting schedule supporting the asserted $3.5 million debt and showing separately the principal, interest and other charges.

24. Produce the invoices and corresponding payment records supporting the approximately $1.5 million construction portion of the asserted debt.

25. Produce the invoices and corresponding payment records supporting the approximately $2 million vendor and mortgage portion of the asserted debt.

26. Produce MAA's bank records showing the source and completion of the transactions included in the Advances. This request is limited to those transactions and does not seek unrelated account activity.

27. Produce cancelled checks, wire confirmations and ACH records for the Advances to the extent they have not been produced in response to another request.

28. Produce cash receipts or other contemporaneous records of any Advances made in cash that show the recipient and the transaction involved.

29. Produce records tracing the Advances through each entity you identify as YMAH to the Debtor, a creditor of the Debtor or a vendor for the Property.

30. Produce the communications in which Joseph Doppelt allegedly stated that the entities were all one or shared bank accounts, including the relevant surrounding conversation.

31. Produce records of the PSI Concrete payments included in the asserted debt that show whether you, MAA or another entity made each payment.

32. Produce the repayment guarantee described in paragraph 12 of docket entry 36-1 and nonprivileged communications recording its terms.

33. Produce records of repayments, reimbursements, refunds, credits or other recoveries received from any source on the Advances included in the asserted debt.

34. Produce complaints, proofs of claim or other demands by which you or MAA have sought recovery of the same Advances, together with records identifying the amount sought and any recovery received.

35. Produce the interest and charge calculations for the assigned claim, showing the principal balances, interest rates, periods of accrual and credits used.

36. Produce records supporting any contention that you or MAA supplied funds reflected in the lender's $696,599 payment history. The records should distinguish amounts deducted from the original loan proceeds from later payments made with outside funds.

37. Produce the relevant April 3, 2025 message conversation underlying docket entry 36-37, including messages explaining what was meant by "the rest."

38. Produce confirmations of payments made in response to the April 3, 2025 instruction.

39. Produce records within your control supporting your identification of the TD Bank account ending in 0416, limited to the account holder, authorized signatories and relevant transfers.

40. Produce records supporting your statement that the Debtor had no bank account of any kind before August 7, 2026.

41. Produce nonprivileged records describing your responsibilities for supervising contractors, rehabilitation or maintenance during 2024 and 2025.

42. Produce communications you sent or received about your role or authority in the summer uses of the Property described in your September 2025 affidavit.

43. Produce the nonprivileged materials you supplied to support the factual statements in your September 2025 affidavit. This request excludes privileged drafts and legal advice.

44. Produce your nonprivileged communications with the Town or County during the relevant period about your authority or the uses permitted at the Property.

45. Produce records of inspections or corrective work you personally managed concerning the violations identified in docket entries 36-26 and 36-29.

46. Produce the February 26, 2026 email described in paragraph 20 of docket entry 36-1, together with the original purported lease attachment and all schedules you received.

47. Produce communications about whether the first rent, the $100,000 deposit or the required insurance under section 6C of the purported Central UTA lease was provided.

48. Produce records within your control showing any actual rent or deposit received under that proposed arrangement, the account receiving it, and any related credits or refunds.

49. Produce amendments, termination notices, surrender records or later agreements within your control concerning the purported Central UTA lease.

50. Produce the original relevant photographs and video from August 3, 2026, including existing creation metadata and relevant surrounding footage. This request does not seek unrelated media or access to any device.

51. Produce documents supporting your identification of the entities using the Property on August 3, 2026 or your attribution of that activity to the Debtor.

52. Produce any signed SBA loan, guarantee, mortgage or recording documents in your possession, whether or not they were included in the package filed at docket entry 36-13.

53. Produce nonprivileged communications with the SBA servicing center supporting paragraph 15 of docket entry 36-1, limited to the loan and Property discussed there.

54. Produce any complete proof of claim filed by you or MAA in this case and its filing confirmation, together with the complaint and filing confirmation for the adversary proceeding described in docket entry 36.

55. Produce any additional nonprivileged documents on which you intend to rely to establish the debt, assignment, claimed 10% interest or factual grounds for the trustee motion. Identify the contention each document supports.

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

In re THE RIDGEVIEW REALTOR LLC, Debtor

Chapter 11 | Case No. 26-43491-ess

**First Interrogatories**

1. Identify the written instrument by which you contend David Braun transferred the claimed 10% interest to you.

2. State the consideration you contend you delivered for that purchase.

3. Identify the consent or vote on which you rely for admission as a member.

4. Identify the agreement you contend governed transfer and admission on March 15, 2024.

5. State the factual basis for describing yourself as managing member in your September 2025 affidavit.

6. State how, if at all, your September 2025 description of your role differs from the role described in ECF No. 36-1 paragraph 9.

7. Identify the written instrument by which MAA assigned the asserted debt to you.

8. State the total principal, excluding interest and charges, you presently contend the Debtor owes on the assigned claim.

9. State the contractual basis on which you contend the Debtor, rather than only an affiliate or individual, owes repayment of the Advances.

10. Identify the existing ledger or transaction schedule that most completely sets out the Advances included in your principal claim.

11. State the factual basis for the asserted 21% annual interest rate.

12. State whether any included principal represents money you personally supplied rather than money supplied by MAA.

13. State the total repayments, credits or other recoveries you or MAA received on included Advances.

14. Identify any other judicial proceeding in which you or MAA seek recovery of the same Advances.

15. Identify the account holder of TD Bank account ending 0416 referenced in the April 3, 2025 exhibit, according to information presently known to you.

16. Explain the basis for your statement that the Debtor had no bank account before August 2026, including how you reconcile that statement with the April 3, 2025 message identifying a TD Bank account as the Debtor's.

17. State the facts presently known to you supporting any contention that a particular person or entity actually received rent or a deposit under the purported Central UTA arrangement.

18. State the factual basis for attributing the August 3, 2026 activity you observed to the Debtor's operation of the Property.

19. Identify the formal claim filing or other bankruptcy filing on which you rely as your claim submission in this case.

20. Identify the known custodian most likely to hold any requested loan, assignment or membership instrument you contend exists outside your possession, custody or control.

Verification: I, Abraham Kleinman, declare under penalty of perjury that the foregoing interrogatory answers are true and correct. Executed on __________ at __________.

______________________________

Abraham Kleinman

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

In re THE RIDGEVIEW REALTOR LLC, Debtor

Chapter 11 | Case No. 26-43491-ess

**First Requests for Admission**

1. Admit that you contend that your 10% interest was purchased from David Braun.

2. Admit that you contend that the purchase date was March 15, 2024.

3. Admit that you contend that the 10% was carved from David Braun's 40% interest.

4. Admit that you contend that your purchase was distinct from MAA's assigned debt.

5. Admit that the operating-agreement copy in ECF No. 36-19 contains blank signature lines.

6. Admit that paragraph 9 of that copy states a 60% consent requirement for assignment.

7. Admit that paragraph 11 of that copy states a 60% consent requirement for admission of an additional member.

8. Admit that the zoning application in ECF No. 36-21 is not itself a contract by which Braun sells an LLC interest to you.

9. Admit that the ECF No. 36-22 letter is an engagement for legal services.

10. Admit that you identified yourself as managing member in ECF No. 36-39 PDF page 5 paragraph 1.

11. Admit that paragraph 6 of that affidavit describes a decision to operate the facility in summer 2024.

12. Admit that paragraph 11 of that affidavit describes use of the facility in summer 2025.

13. Admit that you stated in ECF No. 36-1 paragraph 9 that you had no role in the camp's summer operation.

14. Admit that you stated in that paragraph that you personally managed rehabilitation and maintenance outside the summer seasons.

15. Admit that you own and control MAA Capital Management LLC.

16. Admit that you contend that MAA absolutely assigned the Advances claim to you on June 15, 2026.

17. Admit that you contend that the Advances were loans rather than capital contributions.

18. Admit that you contend that the agreed annual interest rate was 21%.

19. Admit that you stated in ECF No. 36-1 paragraph 6 that a written instrument evidenced the Advances.

20. Admit that you stated in that paragraph that you would produce contemporaneous messages.

21. Admit that you contend that some Advances were routed through YMAH.

22. Admit that you stated in ECF No. 36-1 paragraph 12 that you paid PSI Concrete in full.

23. Admit that the lender history in ECF No. 36-36 identifies some entries as funded from loan proceeds or deposit.

24. Admit that that history does not identify the originating bank account for the April 10, 2025 payment.

25. Admit that you stated that the Debtor had no bank account of any kind before August 7, 2026.

26. Admit that you stated that the April 3, 2025 instruction identified a TD Bank account as the Debtor's.

27. Admit that you received the email transmitting the purported Central UTA lease on February 26, 2026.

28. Admit that you stated in ECF No. 36-1 paragraph 20 that you had not received an accounting of rent or deposit.

29. Admit that you stated in paragraph 15 that the SBA closing set reproduced as your exhibit did not bear signatures.

30. Admit that you joined in and ratified the decision to seek chapter 11 relief in paragraph 5.

31. Admit that your ECF No. 27 notice states that you were filing a proof of claim contemporaneously.

32. Admit that the temporary-residence permit at ECF No. 36-39 PDF page 17 states an expiration date of November 30, 2025.

An admission that a document contains particular words does not admit that every underlying allegation is true. Under Rule 36(b), an admission in this contested matter is not an admission for another proceeding.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers.
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor

EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re THE RIDGEVIEW REALTOR LLC, Debtor

Chapter 11 | Case No. 26-43491-ess

## PROPOSED THIRD PARTY REQUESTS FOR DOCUMENTS

The Debtor disputes that the proposed Central UTA lease ever took effect and states that the arrangement never materialized. Any reference below to a lease, tenant, rent or deposit is intended to identify the allegations and documents in your papers. By asking for these records, the Debtor does not admit that a lease existed or that any rent or deposit was paid or owed.

These requests describe the documents sought from each named third party in connection with Abraham Kleinman's motion to appoint a trustee. They do not require a deposition, testimony or personal appearance. The Property means 5 Ridgeview Road, Town of Rochester, Ulster County. The Advances means the expenditures included in the debt asserted in docket entries 27 and 36-1. MAA means MAA Capital Management LLC.

### Instructions Applicable to Each Recipient

Please produce existing, nonprivileged documents within your possession, custody or control, either as ordinarily maintained or organized by request number. Ordinary records may be supplied as searchable PDFs. Existing spreadsheets should retain relevant transaction details and formulas. Include the date, sender, recipients and attachments of relevant messages. You need not produce duplicate formats, allow access to a device, recover deleted material or create a new narrative. Identify withheld privileged material as required by Rule 45(e)(2). Unrelated customer information and identifying information about minors should be redacted. Necessary account identifiers must be exchanged securely rather than filed publicly. A protective order may be requested where appropriate.

**Schedule for MAA Capital Management LLC**

Recipient: MAA Capital Management LLC

Service address: ____________________

Place of production: ____________________

Production date and time: ____________________

Secure electronic delivery may be arranged with counsel.

1. Please produce executed loan instruments for the Advances described in ECF No. 36-1 paragraphs 6–7, with amendments and identified obligors.

2. Please produce the June 15, 2026 assignment to Abraham Kleinman, its schedules, authorization and records of retained rights or conditions.

3. Please produce existing ledgers separating principal, interest and charges for Advances asserted against The Ridgeview Realtor LLC.

4. Please produce transaction records showing source and completion of those Advances, including relevant wires, cancelled checks and cash receipts; unrelated account transactions may be redacted.

5. Please produce invoices and records supporting construction, PSI Concrete, vendor and mortgage expenditures included in the asserted claim.

6. Please produce tracing records for included Advances routed through an affiliate, identifying the actual legal recipient.

7. Please produce repayment, reimbursement, credit, refund and other recovery records on included Advances.

8. Please produce nonprivileged communications recording the Debtor’s undertaking to repay or the agreed rate and maturity.

**Schedule for Ridgeview Lender LLC**

Recipient: Ridgeview Lender LLC

Service address: ____________________

Place of production: ____________________

Production date and time: ____________________

Secure electronic delivery may be arranged with counsel.

1. Please produce the payment ledger for the Debtor's November 20, 2023 loan through production, showing application of receipts to principal, interest, fees and reserves.

2. Please produce incoming transfer confirmations or remittance records for payments credited January 16, February 7, March 6 and March 7, 2024, May 28, 2024 and April 10, 2025, limited to source attribution and amount.

3. Please produce records identifying which November 20, 2023 entries were deducted or reserved from loan proceeds rather than received as new outside funds.

4. Please produce existing payoff computations supporting Claim No. 2, separating petition-date debt, later interest, taxes, insurance, fees and credits.

5. Please produce nonprivileged payment-direction communications identifying MAA or Kleinman as sender or reimbursement claimant for those payments.

**Schedule for Bais Ruchel D Satmar Inc dba Central UTA**

Recipient: Bais Ruchel D Satmar Inc dba Central UTA

Service address: ____________________

Place of production: ____________________

Production date and time: ____________________

Secure electronic delivery may be arranged with counsel.

1. Please produce every version of the purported February 11, 2026 Ridgeview lease in the recipient's possession, including any version claimed to have been executed, with amendments and schedules.

2. Please produce records of first rent, security deposit and required tenant insurance delivered or withheld under lease section 6C.

3. Please produce records of actual rent, deposit, additional rent and reimbursements for the Property from February 1, 2026 through production, identifying recipient and payment date.

4. Please produce records of refunds, credits, escrow, setoffs or nonpayment concerning those sums.

5. Please produce notices and agreements concerning commencement, occupancy, cancellation, surrender or termination.

6. Please produce nonprivileged communications with Kleinman, MAA or the Debtor concerning lease performance or payment destinations; exclude student rosters and individual medical information.

## Requests to PSI Concrete

Recipient: PSI Concrete

Service address: ____________________

Place of production: ____________________

Production date and time: ____________________

Secure electronic delivery may be arranged with counsel.

1. Please produce contracts, proposals, change orders and invoices for the work at 5 Ridgeview Road under the permits identified in ECF No. 36-1 paragraph 12.

2. Please produce receipts, deposit records and remittance information identifying payer, payment date and amount for that work.

3. Please produce records of unpaid balances, refunds, credits and lien waivers concerning that work.

4. Please produce nonprivileged communications identifying the customer, person ordering the work, payer or person undertaking repayment.

**Schedule for Arugath Habosem Inc DOS ID 1917477**

Recipient: Arugath Habosem Inc DOS ID 1917477

Service address: ____________________

Place of production: ____________________

Production date and time: ____________________

Secure electronic delivery may be arranged with counsel.

1. Please produce existing records identifying this entity's role in the Advances described in ECF Nos. 27 and 36-1, limited to transactions for the Ridgeview Property.

2. Please produce receipts and onward transfers of funds from MAA or Kleinman included in the asserted claim, with invoices or other records showing use for the Debtor or a different obligor.

3. Please produce relevant records identifying payments to Ridgeview Lender LLC, PSI Concrete or the Debtor's vendors made with those funds.

4. Please produce records of repayment, credit or reimbursement to MAA or Kleinman on those Advances.

5. Please produce nonprivileged agreements allocating repayment responsibility, rent or deposits between this entity and the Debtor.

**Schedule for Kehilath Jakov Arugath Habosem Inc DOS ID 954291**

Recipient: Kehilath Jakov Arugath Habosem Inc DOS ID 954291

Service address: ____________________

Place of production: ____________________

Production date and time: ____________________

Secure electronic delivery may be arranged with counsel.

1. Please produce existing records identifying this entity's role in the Advances described in ECF Nos. 27 and 36-1, limited to the Ridgeview Property.

2. Please produce receipts and onward transfers of funds from MAA or Kleinman included in the asserted claim, showing their actual use and legal recipient.

3. Please produce relevant payments to Ridgeview Lender LLC, PSI Concrete or the Debtor's vendors made with those funds.

4. Please produce repayments, credits or reimbursements to MAA or Kleinman on included Advances.

5. Please produce nonprivileged agreements allocating repayment responsibility or Property receipts between this entity and the Debtor.

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

In re THE RIDGEVIEW REALTOR LLC, Debtor

Chapter 11 | Case No. 26-43491-ess

**Prior notice of document subpoena**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45(a)(4), incorporated by Bankruptcy Rule 9016, the Debtor intends to serve the attached document subpoena upon ________________________ The subpoena seeks records concerning the transactions at issue in Abraham Kleinman's trustee motion at docket entry 36. It does not require testimony or a personal appearance. The attached subpoena states the production date and place and includes the recipient's rights under Rule 45.

This notice does not substitute for lawful service of the subpoena on its recipient. Any objection or request for protection will be addressed under applicable law. Copies of produced nonprivileged records will be made available to parties on reasonable request, subject to an applicable protective order and privacy protections.

Dated: New York, New York
October 26, 2026

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers.
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
vsobers@soberslaw.com | (917) 225-4501
Counsel for the Debtor