Hearing Date: November 12, 2026 at 10:30 a.m., in person (ECF No. 54)
Objection Deadline: October 7, 2026 at 4:00 p.m. (no opposition filed)

**ABRAHAM KLEINMAN**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com
*Creditor and Party in Interest, Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re: | Chapter 11

THE RIDGEVIEW REALTOR LLC, | Case No. 26-43491 (ESS)

Debtor.

---------------------------------------------------------------x

**REPLY OF ABRAHAM KLEINMAN IN FURTHER SUPPORT FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE, (ECF NO. 36).**

**TO THE HONORABLE ELIZABETH S. STONG, UNITED STATES BANKRUPTCY JUDGE:**

Abraham Kleinman ("Kleinman"), a creditor and party in interest, submits this reply under LBR 9006-1(a)(iii) in further support of his Motion for Appointment of a Chapter 11 Trustee (ECF No. 36) (the "Motion"), originally returnable October 14, 2026, adjourned by the Court on its own initiative, and now set for an in-person hearing on November 12, 2026 at 10:30 a.m. ECF No. 54. The facts stated below are supported by the Supplemental Declaration of Abraham Kleinman dated November 3, 2026 ("Supp. Decl."), filed with this reply.

## I. THE MOTION IS UNOPPOSED

1. The Motion was filed and served on September 23, 2026, with its notice of motion, the Declaration of Abraham Kleinman, a proposed order, a schedule of exhibits and thirty-

six exhibits. ECF Nos. 36, 36-1 to 36-39, 48. The notice fixed October 7, 2026 at 4:00 p.m. as the deadline for answering papers, seven days before the hearing, as LBR 9006-1(a)(ii) requires. ECF No. 36 at 1. The Motion was served twenty-one days before the hearing, by first-class mail and electronically, so no addition to that period under LBR 9006-1(c) affects the deadline. ECF No. 48.

2. The deadline has passed. No objection, response or other answering paper has been filed by the Debtor, by Rubin LLC on its behalf, by Ridgeview Lender LLC, or by anyone else. The United States Trustee has not opposed the Motion either; on October 14, 2026 its trial attorney wrote that it has no objection to the appointment of a trustee. Supp. Decl. Ex. 1. The United States Trustee has also been alarmed by, and has put in issue in this case, the Debtor's management, and the concerns it raised on August 13, 2026 are the concerns the Motion rests on: that the Debtor's counsel was funded not by the Debtor but by Doppelt personally, that Doppelt holds all of the Debtor's books and records, and that "[a]bsent a clear and consistent explanation of the source of funding for counsel and the authority of the individual directing the actions of the Debtor," the Court cannot know who is running this estate or with whose money. ECF No. 17 at 2-4 (annexed as Exhibit 1). Eleven weeks later the Debtor has not supplied that explanation, its first counsel has left over the Debtor's refusal to provide documents, and its second has arrived swearing that "[t]he Debtor paid" her $25,000, from a Debtor whose operating reports show $100. ECF No. 64 at 2, 4, 6; ECF No. 26-1; Supp. Decl. § IV.

3. The Debtor has not been silent for lack of notice or opportunity. The Motion was served on the Debtor at its address of record, on its counsel of record by mail and through the Court's electronic-filing system, on Joseph Doppelt, and on Yeshivah and Mesivta Arugath Habosem ("YMAH"). ECF No. 48. In the weeks since, the Debtor's counsel withdrew its own

retention application (ECF No. 39) and applied to withdraw from the case (ECF No. 42); when Kleinman objected and asked that the withdrawal be conditioned on Rubin LLC first disclosing the source of the money it was paid, which on the record appears to have been YMAH (ECF No. 49 ¶¶ 1-6), Rubin LLC did not answer, and instead signed a consent substituting new counsel (ECF No. 50, Ex. A); the Debtor retained that counsel on October 7, 2026, the day of the objection deadline; and the new counsel's first act, on October 8, was to ask Kleinman to agree to adjourn the hearing. ECF No. 50; ECF No. 52 ¶ 2 and Exhibit 1 thereto (ECF No. 52-1). None of them filed a response to the Motion, before October 7 or since. What the Debtor filed instead, on October 28, was a plan, a disclosure statement, an exclusivity motion, a bar date motion, a retention application, an insurance letter and a letter asking that Doppelt be excused from the hearing. ECF Nos. 64 to 69, 71. Not one of them answers the Motion. Supp. Decl. ¶ 1. The Debtor has likewise filed nothing in response to the United States Trustee's objection (ECF No. 17), to Kleinman's Rule 2004 motion (ECF No. 30), or to his objection to the withdrawal application (ECF No. 49).

## II. THE MOTION SHOULD BE GRANTED AS UNOPPOSED, ON THE RECORD, ON NOVEMBER 12

4. Under LBR 9006-1, "[u]ntimely papers may not be considered by the Court." Under LBR 9013-1(b), a respondent's failure to set out the factual grounds and legal authority for its opposition in a written response "may be grounds" for the Court "to grant the motion by default." The Motion was noticed for the earliest date the rules allowed, and its notice stated that if the Court set a later return date the objection period would run from that date. ECF No. 36 at 50. The Court did so; the Debtor therefore has had, in all, more than forty days from service of the Motion to answer it, and as of this reply it has not. Kleinman asks the Court to apply both rules and grant the Motion as unopposed.

5. Kleinman recognizes that the appointment of a trustee under 11 U.S.C. § 1104(a) requires the Court to find cause, or that appointment is in the interests of creditors and the estate, and that the Debtor's silence does not by itself supply those findings. But no evidentiary hearing is needed to make them. A motion under section 1104 is a contested matter under Bankruptcy Rule 9014, and "[i]t is unnecessary to conduct an evidentiary hearing on a contested matter unless there are disputed issues of material fact that a Bankruptcy Court cannot decide based on the record." *Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 479 (S.D.N.Y. 2013). Where the record is uncontroverted and the debtor's own filings and admissions supply clear and convincing evidence of cause, "there is no need for an evidentiary hearing." *In re Sillerman*, 605 B.R. 631 (Bankr. S.D.N.Y. 2019) (applying *In re Taub*, 427 B.R. 208 (Bankr. E.D.N.Y. 2010)). LBR 9014-2 provides that the first scheduled hearing in a contested matter is not an evidentiary hearing unless the Court so directs; that is consistent with deciding this Motion on November 12 on the papers, because there is no disputed fact to try.

6. There is none because the Motion is built from documents, nearly all of them the Debtor's own sworn filings set against documents its manager signed: the petition declaration (ECF No. 1 at 10-12), the schedules and statement of financial affairs (ECF No. 11), the affirmation of vacancy (ECF No. 16), the operating reports (ECF Nos. 25, 26), and the transcript of the meeting of creditors (ECF No. 36-20), on one side; and on the other, the February 11, 2026 lease of the Property (ECF Nos. 36-4, 51), the SBA certificate naming YMAH as a member of the Debtor (ECF No. 36-13), the camp permits and YMAH's audited statements (ECF Nos. 36-6, 36-11, 36-14), and the April 3, 2025 text identifying a TD Bank account as the Debtor's (ECF No. 36-37). No one has filed a declaration denying that the lease was signed, that the rent is unaccounted for, that the TD Bank account existed, or that YMAH collected the camp revenue. Each of those facts,

standing alone, is cause under section 1104(a)(1): a failure to disclose required information, a failure to comply with the Code's reporting duties, and a breach of the fiduciary duty a debtor in possession owes its creditors. Together they also satisfy section 1104(a)(2). On such a showing section 1104(a) provides that the Court "shall" order the appointment of a trustee.

7. One further ground for a trustee is not in dispute either, and it is the gravest. On August 20, 2025 a seventeen-year-old attending the camp at the Property was electrocuted in a ritual bath there. ECF No. 16 ¶ 4; ECF No. 36-18. The record shows who put that ritual bath there and who was responsible for the camp. The order confirmation for the ritual bath, dated June 17, 2024, is addressed to "Mesivta Arugath Habosem, 5 Ridgeview road," and it was paid for by YMAH check No. 12034, which Joseph Doppelt personally signed. ECF No. 36-17. Doppelt applied for the camp permit as its director, the County's inspection reports are addressed to him, and the fire constable recorded his statement on July 6, 2025 that "he is person responsible for the facility and participants of the camp." ECF Nos. 36-8, 36-10, 36-30. Two days after the death, the County found "modifications to electrical wiring done ... in a garage converted to a Mikvah room without building department approval," extension cords taped with electrical tape, and overhead wiring within three feet of the pool, and charged "The Ridgeview Realtor LLC/Yeshiva and Mesivta Arugath Habosem" as one respondent; Doppelt signed the settlement for both. ECF No. 36-7. A wrongful-death action is pending and its plaintiff is a scheduled creditor of this estate. ECF No. 11 (Schedule E/F; SOFA Exh. 7). This Court should recognize that the estate's claims arising from it, against YMAH, the Debtor's alter ego, ECF No. 49 ¶¶ 12-13, and against Doppelt himself, cannot be investigated or prosecuted by a debtor in possession that Doppelt controls. A debtor in possession whose manager is a potential defendant on the estate's own claims is the paradigm case for section 1104(a), and that conflict does not change with a change of counsel.

8. Because the Motion is unopposed, Kleinman asks the Court to decide it on the documentary record. If the Court is inclined to give any weight to the declarations Doppelt signed on October 26, 2026 (ECF Nos. 64, 67-2), or to take evidence at all, Doppelt must be present on November 12 and subject to cross-examination, for the reasons stated in Kleinman's letter of November 3, 2026 and in his Supplemental Declaration. Supp. Decl. §§ IX, X. A party may not offer its manager's sworn word and then excuse him from the witness stand.

## III. THE SECTION 362(d)(3) PERIOD AND THE LEASE

9. The Debtor designated itself a single asset real estate debtor. ECF No. 1 at 2, 10. Under 11 U.S.C. § 362(d)(3), the Court shall grant the Lender relief from the stay unless, within ninety days after the order for relief, the Debtor has either filed a plan with a reasonable possibility of being confirmed within a reasonable time or commenced monthly payments to the Lender. The ninetieth day was October 19, 2026. Because the Court's adjournment of October 9, 2026 placed the hearing on this Motion after that date, Kleinman moved by letter on October 12, 2026 for the extension requested in Part III of the Motion. ECF No. 53. On October 20, 2026 the Court extended the period, on an interim basis, through November 23, 2026. ECF No. 54. The Debtor has made no payment, and its only account holds $100. ECF No. 26-1. The plan it filed on October 28 does not have a reasonable possibility of being confirmed within a reasonable time: it rests on a letter of intent that binds no one, from the Doppelts' own congregation, with no deposit and no proof of funds, and the plan itself disclaims any representation of feasibility. ECF Nos. 66-2, 66-3; Supp. Decl. § III.

10. The Debtor's one source of money for the payments section 362(d)(3)(B) contemplates is the lease of the Property at $50,000 a month, which it did not disclose and either is not collecting, or is collecting and has never reported, for the same reason Doppelt has still not

disclosed the TD Bank account he identified as the Debtor's. ECF Nos. 36-4, 36-37, 51. A trustee can demand that rent and account for it. A debtor in possession that sat on a lease worth $600,000 a year while the single-asset clock ran out, and told this Court it had no lease and no income, is not managing the estate for its creditors. That is cause under section 1104(a)(1) and it is the interest of creditors under section 1104(a)(2), and the Debtor has offered the Court nothing to the contrary.

## CONCLUSION

For these reasons and those stated in the Motion, Kleinman respectfully requests that on November 12, 2026 the Court (i) treat the Motion as unopposed; (ii) grant it on the present record and enter the proposed order filed at ECF No. 36-2, directing the United States Trustee to appoint a chapter 11 trustee under 11 U.S.C. § 1104(d), with the period under 11 U.S.C. § 362(d)(3) extended as that order provides; and (iii) grant such other relief as is just.

Dated: Miami Beach, Florida
November 3, 2026

Respectfully submitted,

/s/ Abraham Kleinman

**Abraham Kleinman**
Creditor and Party in Interest, Pro Se
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com

UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK
In re The Ridgeview Realtor LLC, Chapter 11 Case No. 1-26-43491 (ESS)

# EXHIBIT 1

**Objection of the United States Trustee to the Debtor's Application to Retain Rubin LLC as Counsel, filed August 13, 2026 (ECF No. 17)**

Objection by William K. Harrington, United States Trustee for Region 2, by Greg M. Zipes, Trial Attorney, stating that the source of the retainer is Joseph Doppelt individually and that, absent a clear and consistent explanation of the source of funding for counsel and the authority of the individual directing the actions of the Debtor, the disinterestedness of proposed counsel cannot be determined.

*Source: Docket of this case, ECF No. 17.*

WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004-1408
Tel. (212) 510-0500
By: Greg M. Zipes, Esq.
Trial Attorney

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | Case No. 26-43491 ess |
| Debtor. | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATION TO EMPLOY**
**<u>LAW OFFICES OF RUBIN LLC AS COUNSEL FOR THE DEBTOR</u>**

TO: THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby objects to the application for entry of an order, pursuant to section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Rubin LLC ("Rubin") for The Ridgeview Realtor LLC (the "Debtor" and the "Retention Application") (ECF Doc. No. 7). In support of this motion, the United States Trustee represents and alleges as follows:

## INTRODUCTION

The Retention Application should be denied or adjourned pending the meeting of creditors. The source of the retainer is Joseph Doppelt individually. As confirmed by a declaration filed by Mr. Doppelt dated August 13, 2026 (the "Declaration") (ECF Doc. No. 16), the Debtor's premises was the site of a tragedy within the last year. Mr. Doppelt had an ownership interest in the Debtor at the time, and he holds all the books and records of the Debtor.

The funding by a third-party under such circumstances introduces questions of conflict of interest and the preservation of attorney-client privilege. The United States Trustee requests that the Retention Application be denied or adjourned until such time that Mr. Doppelt can appear and answer questions under oath. Absent a clear and consistent explanation of the source of funding for counsel and the authority of the individual directing the actions of the Debtor, it cannot be determined if proposed counsel is disinterested or free from adverse interests under Section 327 of the Bankruptcy Code.

## BACKGROUND

1. On July 21, 2026 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition chapter 11 petition (the "Petition"), along with the Local Rule 1007-4 Affidavit. *See* ECF Doc. No. 1. On August 11, 2026, the Debtor filed the schedules of assets and liabilities (the "Schedules") and a statement of financial affairs (the "SOFA"). *See* ECF Doc. No. 11.

2. The Petition's declaration and signature page were executed by Joseph Doppelt as manager, as were the Local Rule 1007-4 Declaration, the Schedules, and SOFA.

Case 1-26-43491-ess Doc 23 Filed 08/12/26 Entered 08/13/26 10:30:22

3. The Debtor has requested the initial meeting of creditors be adjourned from August 28, 2026, due to a scheduling conflict. It is now scheduled for September 14, 2026.

**A. The Debtor's Assets and Liabilities**

4. The Debtor listed itself as a single asset real estate entity. The Debtor reported its primary asset as property located at 5 Ridgeview Road, Kerhonkson, New York (the "Property"). The Debtor valued the Property at $5.2 million. The Debtor also listed Ridgeview Lender LLC (the "Lender") as a secured creditor with a mortgage of $4,550,600 (the "Mortgage"). *See* Schedules A/B at question 55; Schedule D at question 2.1.

5. The Property is "approximately 85 acres of parkland, upon which is built an over 55,000 square foot facility consisting of five interconnected buildings with 83 residential rooms, a separate single-family four bedroom, 3 bath ranch style home, an in-ground pool, and a private pond." *See* Local Rule 1007-4 Declaration at ¶ 2.

6. The Debtor filed for bankruptcy relief because the Lender had commenced a foreclosure action (the "Foreclosure Action") in the Supreme Court of the State of New York, County of Ulster to foreclose on the Mortgage. *Id.* at ¶ 4.

7. The Debtor filed for relief bankruptcy the day before the scheduled foreclosure sale. *Id*.

**B. The Debtor's Management and Business Operations**

8. The Debtor listed the previous manager between 2023 and 2026 as David Braun. However, Joseph Doppelt is listed as having a 10 percent interest in the Debtor with no change in ownership in the year before the Filing Date (SOFA, Question 28).

9. Joseph Doppelt is also listed as having all relevant books and records (SOFA, Question 26c.1). The Debtor did not indicate that any books of account and records were unavailable. *Id.*

10. The Debtor listed no income in its SOFA for the last two years. *See* SOFA at 1.

11. Based on certain documents reviewed by the United States Trustee, the Property was the site of a tragic death within the last year. The circumstances remain unclear but Mr. Doppelt was a member of the Debtor at the time of the death.

**C. The Retention Application**

12. On July 27, 2026, the Debtor filed the Retention Application. *See* ECF Doc. No. 7. The *Lar Dan* Declaration indicates that the $25,000 retainer was from Joseph Doppelt, rather than the Debtor.

## DISCUSSION

**Governing Standards**

Section 327 of the Bankruptcy Code governs the employment of professional persons and provides, in part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, [. . .] or other professional persons, **that do not hold or represent an interest adverse to the estate, and that are disinterested persons**, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

Thus a professional:

> (1) must not hold an interest adverse to the bankruptcy estate; (2) must not represent an interest adverse to the estate; and (3) must be disinterested.

*In re Worldcom*, 311 B.R. 151, 163 (Bankr. S.D.N.Y. 2004). Pursuant to 11 U.S.C. § 101(14), a person is disinterested if he or she:

> does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). The disinterestedness standard under Section 327(a) is designed to guarantee "that the professionals' service presents no conflict of interest." *In re Vouzianas*, 259 F.3d 103, 107 (2d Cir. 2001); *see also In re Vebeliunas*, 231 B.R. 181, 191 (Bankr. S.D.N.Y. 1999) (even the appearance of a conflict is to be avoided). "What is clear is that undivided loyalty is central to disinterestedness." *In re Angelika Films 57th Inc.*, 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998).

"The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted); *In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 532 (Bankr. S.D.N.Y. Dec. 15, 1994) (quoting *In re Martin*, 817 F.2d 175, 181 (1st Cir.1987)) ("[T]he twin requirements of disinterestedness and lack of adversity telescope into a single hallmark."). Section 327(a)'s prohibition of "[a]n interest adverse to the estate" has been construed strictly, and operates as a 'catch-all clause,' *In re Vebeliunas*, 231 B.R. at 191 n.10, 191–92, where any doubt will result in disqualification. *See In re Angelika Films 57th Inc.*, 227 B.R. at 39.

While the term "adverse interest" is not defined in the Bankruptcy Code, the Second Circuit has adopted the following definition:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 623 (2d Cir. 1999); *see also In re Enron*, No. 01-16034, 2002 WL 32034346 at *1, *8 (Bankr. S.D.N.Y. May 23, 2002) ("Said another way, if it is plausible that the representation of another interest may cause the professional to act any differently than they would without that other representation, then that professional would have a conflict and an interest adverse to the estate warranting disqualification."). The decision whether an adverse interest exists is determined by the court on a case-by-case basis. *See In re AroChem Corp.*, 176 F.3d at 623; *In re Caldor, Inc. NY*, 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996).

A disabling adverse interest arises where a professional has "a meaningful incentive, **or the perception of one**, to act contrary to the interests of the estates." *In re Granite Partners*, 219 B.R. at 36 (emphasis added); *see also In re Leslie Fay Companies, Inc.*, 175 B.R. at 534 (debtor's counsel investigating a client "had a perceptible economic incentive not to pursue the possibility of claims . . . with the same vigor and intensity it might have otherwise applied.). "To be disinterested is 'to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration.'" *In re Vebeliunas*, 231 B.R. at 191. A conflict related to a party that is central to a debtor's reorganization may be disqualifying even where the proposed counsel seeks to utilize "conflicts counsel." *See In re Project Orange Assocs., LLC*, 431 B.R. 363, 379 (Bankr. S.D.N.Y. 2010).

Section 327(c) of the Code provides that a professional is not disqualified from employment by the debtor in possession solely because of the professional's representation of a creditor. Section 327(c) provides in full:

> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Thus, section 327(c) does not eliminate the basic requirements of section 327(a) that the professional be disinterested and not hold or represent an interest adverse to the estate. By the same token, section 327(c) expresses the recognition that a prospective professional for a trustee or debtor in possession may have represented, or even continue to represent, one or more creditors unless there is an actual conflict of interest. While not defined in the Code, an actual conflict of interest has been interpreted to mean "an active competition between two interests, in which one interest can only be served at the expense of the other." *In re Mercury*, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002).

Former Chief Judge Tina Brozman (SDNY) stated that "[w]hen the [law] firm concurrently represents both parties, courts are to apply a *per se* prohibition; the representation is *prima facie* improper unless the clients consent or the attorney shows, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *In re Wingspread Corp.*, 152 B.R. 861, 863 (Bankr. S.D.N.Y. 1993) (internal citations omitted).

**PROPOSED COUNSEL HAS NOT ESTABLISHED THAT IT IS DISINTERESTED AND THEREFORE CANNOT BE RETAINED**

Rubin cannot be retained because it has failed to demonstrate that it is a disinterested person free from conflicts of interest. Proposed counsel relies on a *Lar Dan* declaration from Mr. Doppelt stating he paid a $25,000 retainer in his personal capacity. *See* Retention Application. Representing a Debtor while taking direction from an individual whose may have had knowledge of wrongdoing raises the perception of a meaningful incentive to act contrary to the interests of the estate. Doppelt made reference to a tragedy on the Property in the Declaration. The Court's consideration of the Retention Application should await further discovery by the United States Trustee to clarify these issues, because disclosure of information may uncover connections impacting proposed counsel's disinterestedness.

**CONCLUSION**

For the reasons set forth in this Objection, the United States Trustee respectfully requests that the Court deny the Retention Application absent further explanation and evidentiary support and grant such other relief as is just and proper.

Dated: New York, New York
August 13, 2026

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

By: *<u>/s/ Greg Zipes</u>*
Greg Zipes
Trial Attorney