Hearing Date: November 12, 2026 at 10:30 a.m. (ECF No. 54)
Objection Deadline: None (the Motion is unopposed; ECF No. 48)

**ABRAHAM KLEINMAN**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com
*Creditor and Party in Interest, Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE RIDGEVIEW REALTOR LLC, | Case No. 26-43491 (ESS) |
| Debtor. | |

-----------------------------------------------------------x

**SECOND SUPPLEMENTAL DECLARATION OF ABRAHAM KLEINMAN IN FURTHER SUPPORT OF THE MOTION TO APPOINT A CHAPTER 11 TRUSTEE (ECF NO. 36) AND IN FURTHER OPPOSITION TO ECF NOS. 50 AND 64**

I, Abraham Kleinman, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am a creditor and party in interest and the movant on the Motion to Appoint a Chapter 11 Trustee (ECF No. 36) (the "Motion"). I submit this declaration on events that occurred after I signed my Supplemental Declaration dated November 3, 2026 (ECF No. 74). At 5:31 a.m. on November 4, 2026, eight days before the November 12 hearing on the Motion and on Vivian Sobers' motion to substitute as the Debtor's counsel (ECF No. 50), Ms. Sobers filed a second chapter 11 case for the Doppelt family in this Court: *In re 1583 58 Street LLC*, No. 1-26-45153 (ESS) (Bankr. E.D.N.Y.). The petition is signed by Raizel Doppelt, Joseph Doppelt's wife. It conceals that case's relationship to this one, and it puts the Debtor's proposed counsel on both sides of the question this Court must answer on November 12: who owns and controls this Debtor.

## I. THE SECOND CASE: A PETITION FILED FIVE HOURS BEFORE A SHERIFF'S SALE

2. The petition is Official Form 201 for 1583 58 Street LLC, a single asset real estate debtor whose only asset is a two-family house at 1583 58th Street, Brooklyn. It was signed under penalty of perjury on November 2, 2026 by "Raizel Doppelt," whose stated title is "Manager," and by Vivian Sobers, Sobers Law, PLLC, as attorney for the debtor. It was entered on the docket at 5:31 a.m. on November 4, 2026. (Exhibit 1, at 1, 4.) The verification of the creditor matrix is signed by Ms. Sobers alone. (Exhibit 2.)

3. The reason for the hour is on the state-court docket. A Sheriff's sale of the house was noticed for 10:30 a.m. that same morning, November 4, 2026, under a $204,982.08 judgment entered July 15, 2025 in *TYH Trading Inc. v. 1583 58 Street LLC*, Index No. 522601/2025 (Sup. Ct. Kings Cnty.). (Exhibit 3, Affirmation of Samuel Kadosh, Sept. 4, 2026, at ¶¶ 2, 4, 7.) Ms. Sobers filed her Notice of Bankruptcy in that action at 5:35 a.m. (Exhibit 3, NYSCEF Doc. No. 18.) A commercial foreclosure by the holder of a $1,350,000 mortgage, *Wilmington Savings Fund Society, FSB v. 1583 58 Street LLC*, Index No. 509939/2026 (Sup. Ct. Kings Cnty.), has been pending since March 2026. (Exhibit 4.) This is not a reorganization. It is a stay, bought with a petition, to stop a sale.

## II. WHO RAIZEL DOPPELT IS

4. I state the following on personal knowledge. Raizel Doppelt is the wife of Joseph Doppelt, the Debtor's self-described Manager, and the daughter of the late David Braun. I knew David Braun well for many years, and we were close. He died on September 28, 2025. Raizel Doppelt is the executor named in his will.

5. Mr. Braun's death is a matter of record in the state courts: in the mortgage foreclosure on the 1583 58th Street house, TYH Trading Inc. has filed a notice of his death, stating that he died on September 28, 2025, before that action was commenced. (Exhibit 4, Notice of Death of Defendant David Braun, NYSCEF Doc. No. 41 in Index No. 509939/2026, ¶ 1.) His will is the

subject of a probate proceeding in the Surrogate's Court, Kings County, *Estate of David Braun*, File No. 2026-1215.

## III. DOPPELT'S SWORN ACCOUNT OF WHO OWNS THE DEBTOR

6. At the meeting of creditors on September 14, 2026, under affirmation administered by the United States Trustee, Joseph Doppelt testified (Exhibit 5, ECF No. 49-5, at 04:11 and 04:25):

> "The owners of this property are my father-in-law who passed away. My father, me, and my wife." . . . "The original partnership was 40 my father-in-law, 40 my father, 10 me, and 10 my wife. My wife is an only child, so the whole 40% goes down. So basically, we are the 60% owner."

7. I take Doppelt's sworn testimony for what it is.[1] On his own sworn contention, three consequences follow, and each one destroys a position the Debtor and its proposed counsel are taking before this Court.

## IV. ON DOPPELT'S OWN ACCOUNT, 1583 58 STREET LLC IS THE DEBTOR'S AFFILIATE, AND THE PETITION HIDES IT

8. An "affiliate" of a debtor includes an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor," and a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote . . . by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A), (B). An "entity" includes a person and an estate, § 101(15); a "person" includes an individual, § 101(41); and a "corporation" includes an "unincorporated company or association," which reaches a limited liability company, § 101(9)(A)(iv).

[1] I vehemently deny that account as it pertains to the membership interests. The Braun share of the Debtor is not 40%, and Doppelt's math, which adds to 100% without me, erases the 10% membership interest I have asserted from my first paper in this case (ECF No. 30; ECF No. 36-1), which is not repeated here. Nothing in this declaration concedes his account; I hold him to it because it is what he swore.

9. On Doppelt's testimony, the estate of David Braun holds 40% of the Debtor, and Raizel Doppelt, as Braun's only child and named executor, holds or controls that 40% together with her own 10%: half of the Debtor. Every recorded instrument of 1583 58 Street LLC identifies David Braun as its member: "David Braun, Managing Member," on the $1,350,000 note, mortgage riders and personal guaranty of March 22, 2024 (Exhibit 6), and "David Braun, Member and Authorized Signatory," on the $197,000 confession of judgment of May 5, 2025 (Exhibit 7). The same holder, the Braun interest in the hands of Raizel Doppelt, who signs for one company and, by her husband's sworn account, holds the Braun share of the other, thus stands behind both companies, at well over 20% of each. Under § 101(2)(B), 1583 58 Street LLC is an affiliate of this Debtor.

10. Question 10 of Official Form 201 asks: "Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?" Raizel Doppelt and Ms. Sobers checked neither "No" nor "Yes" and listed nothing. Question 11, which asks whether venue rests on "[a] bankruptcy case concerning debtor's affiliate," is likewise blank. (Exhibit 1, at 3.) No statement of related cases under E.D.N.Y. LBR 1073-2(b) appears on that docket, which consists of the petition, the matrix and the Notice of the meeting of creditors. The omission sits in a paper signed under penalty of perjury, directly beneath the Official Form's warning that "[m]aking a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both." (Exhibit 1, at 4.) And it was signed by counsel, whose signature certifies that the factual contentions have evidentiary support after an inquiry reasonable under the circumstances. Fed. R. Bankr. P. 9011(b)(3).

11. Ms. Sobers cannot say she did not know. She is the Debtor's proposed counsel in this case (ECF Nos. 50, 64). The transcript of Doppelt's testimony has been on this docket since October 7, 2026 (Exhibit 5, ECF No. 49-5). She knew this case was pending, and before whom, when she left Question 10 blank. The only effect of the blank was to keep this Court from seeing, on the face of the new petition, that the same family, through the same lawyer, now has two estates before it. Ms. Sobers is not new to this Court. She has practiced before it for more than a decade

(Section VIII), and she knows what Questions 10 and 11 are for. She did not overlook them. She dodged them, on purpose, because a truthful answer would have put this case, this creditor and this Judge on the face of a petition whose only purpose was an eleventh-hour stop of a Sheriff's sale five hours away. Two blank boxes bought her clients the automatic stay before anyone could ask the question.

## V. MS. SOBERS ACTS FOR RAIZEL DOPPELT, WHOM DOPPELT SWORE IS AN OWNER OF THIS DEBTOR

12. Raizel Doppelt signed the petition under penalty of perjury as "Manager" and declared "I have been authorized to file this petition on behalf of the debtor." (Exhibit 1, at 4.) Ms. Sobers signed beside her as counsel. The same lawyer now asks to speak for this Debtor. Joseph Doppelt swore that this Debtor's owners are "my father-in-law who passed away. My father, me, and my wife" (Exhibit 5, at 04:11), and that through her "we are the 60% owner" (*id.* at 04:25). As footnote 1 states, I dispute that testimony; but I hold him to it, because in his own words he cannot hire Ms. Sobers to represent this Debtor. On his testimony, Raizel Doppelt is not a stranger to this case: she is, by her husband's sworn account, an owner of this Debtor and the person through whom the Braun share passes. Ms. Sobers therefore takes her instructions in this case from Joseph Doppelt, whose authority to act as this Debtor's Manager I have contested from the outset (ECF No. 36-1, ¶ 5), whose interests conflict with the estate's at every turn, and whose continued control even the United States Trustee no longer defends: on October 14, 2026, its trial attorney wrote that the United States Trustee has no objection to the appointment of a trustee (ECF No. 74-3, Exhibit 1 to my Supplemental Declaration). And, as we now know, she takes them as well from the very owner Doppelt named, Raizel Doppelt, who retained Ms. Sobers to represent her company in the second case and is at the same time her signatory client there. Whatever Ms. Sobers advises this Debtor about its ownership, its equity and its insiders, she advises on instructions from the insiders who claim, by their own testimony, to own 60% of it, and for whom she acts in a second estate before this Court.

## VI. THE BRAUN SHARE BELONGS TO AN ESTATE, AND DOPPELT'S "60%" IS FALSE ON HIS OWN NUMBERS

13. Even accepting Doppelt's 40%, it did not "go[] down" to Raizel Doppelt on her father's death. It is property of the estate of David Braun, to be administered under the Surrogate's supervision for Braun's beneficiaries and creditors, not claimed by his son-in-law at a meeting of creditors. On the record as it stands today, and on Doppelt's own numbers, Joseph and Raizel Doppelt hold 10% each, 20% together, and not the "60%" Doppelt swore to the United States Trustee. The Debtor's management is claiming a controlling interest it does not have, and the plan, disclosure statement, exclusivity motion and proposed sale to the Doppelts' own congregation (ECF Nos. 66, 67) all rest on that claimed control.

14. The consequence for the Motion is direct. By Doppelt's account, a 40% equity holder of this Debtor is a decedent's estate whose creditors include the holder of Braun's $1,350,000 personal guaranty (Exhibit 6), while the man who claims to speak for that share is the husband of the executor-designate, who is herself the signatory of a second chapter 11 petition filed by the same lawyer. The interests of creditors and equity security holders cannot be protected by management whose own description of the Debtor's ownership is false on its face. That is cause under 11 U.S.C. § 1104(a)(1), and appointment of a trustee is in the interests of creditors, equity security holders and the estate under § 1104(a)(2). The United States Trustee, whose office is charged with the oversight of this case, has already said so: it has no objection to the appointment of a trustee (ECF No. 74-3, Exhibit 1 to my Supplemental Declaration). The Motion stands unopposed by the Debtor and unopposed by the United States Trustee.

## VII. MS. SOBERS NOW REPRESENTS TWO DOPPELT-FAMILY DEBTORS WHOSE INTERESTS COLLIDE, AND HAS DISCLOSED NEITHER CONNECTION

15. A professional seeking employment by a debtor in possession must file a verified statement setting forth "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." Fed. R. Bankr. P. 2014(a). The professional

must not "hold or represent an interest adverse to the estate" and must be "disinterested." 11 U.S.C. § 327(a); *see* § 101(14)(C). The duty to disclose continues after the application is filed.

16. Ms. Sobers filed her application to be employed by this Debtor on October 28, 2026 (ECF No. 64). Five days later she took on 1583 58 Street LLC, through Raizel Doppelt, who by Doppelt's sworn account controls half of this Debtor's equity and who, as executor-designate, will owe fiduciary duties to her father's creditors. Those creditors include the mortgage holder on the 1583 58th Street house, whose $1,350,000 loan Mr. Braun personally guaranteed (Exhibit 6, Guaranty), and TYH Trading Inc. (Exhibits 4, 7). By Doppelt's account, any value this Debtor's plan leaves for equity flows 40% to an estate whose creditors are pursuing Ms. Sobers' other client. She cannot advise this Debtor on the treatment of its equity, on its sale to insiders, or on claims against its insiders while representing the family company whose principal claims, through Doppelt, half of that equity.

17. And the second engagement is not confined to this Court. On the same morning, November 4, 2026, Ms. Sobers appeared as counsel of record for 1583 58 Street LLC in the New York State Supreme Court, Kings County, in *TYH Trading Inc. v. 1583 58 Street LLC*, Index No. 522601/2025, the action in which the Sheriff was to sell the house at 10:30 a.m. that day, and filed the notice of the bankruptcy there at 5:35 a.m. (Exhibit 8, NYSCEF case details showing "SOBERS, VIVIAN CRISTINA on 11/04/2026, Sobers Law, PLLC" as counsel for 1583 58 Street LLC; Exhibit 3, NYSCEF Doc. No. 18.) She filed the same notice in the mortgage foreclosure, Index No. 509939/2026 (NYSCEF Doc. No. 44). So the lawyer who asks this Court to make her this Debtor's counsel is, at the same time, the Doppelt family's lawyer in this Court for a second estate and its lawyer in two state-court actions against that estate's property. Her Rule 2014 declaration discloses none of it.

18. That is an interest adverse to this estate, held now. It is an independent reason to deny the substitution (ECF No. 50) and the retention (ECF No. 64), and it is further cause for a trustee: <u>a debtor whose management chooses counsel on both sides of its own ownership dispute cannot be left in possession</u>.

## VIII. MS. SOBERS' CONDUCT BEFORE THIS COURT IS ALREADY DOCUMENTED IN ANOTHER CASE, AND SHE COMES TO THIS ONE WITH UNCLEAN HANDS

19. Ms. Sobers' conduct before this Court has been documented in another case, and I set it out again here, with citations to the records already on this docket, because it bears on three questions now before the Court: whether her inquiry before she signed the November 2 petition and left Question 10 blank was reasonable; whether her Rule 2014 declaration can be credited; and whether she may be retained at all. A lawyer who asks this Court to substitute her in and to employ her under 11 U.S.C. § 327(a) asks for equitable relief, and she asks for it with unclean hands when her own record in this Court shows the very conduct now repeated: certify first, inquire later, and leave the Court to find out.

20. The lawyer certifying these papers has done this before. In *In re Devani*, No. 13-45106 (CEC) (Bankr. E.D.N.Y.), Ms. Sobers filed a chapter 7 petition and schedules for a debtor and then, in January 2014, told this Court in a signed affirmation that her client "made full and candid disclosure" and "did not favor insiders." ECF No. 74-7 (*Devani*, ECF No. 32; Exhibit 12 to my Supplemental Declaration) at 5. Four months later, moving to get out of the case in the middle of contested discovery, she affirmed "under the penalties of perjury" the opposite: that "the case law is not in his favor due to the various misstatements and inadvertent omissions as well as incomplete responses to interrogatories," and that "pursuing this matter would only end up in a decision against him." ECF No. 74-8 (*Devani*, ECF No. 45, Ex. A; Exhibit 13 to my Supplemental Declaration) ¶¶ 15, 22-23.

21. The schedules she certified were the basis on which the creditor moved for sanctions against her personally under Rule 9011 and 28 U.S.C. § 1927. ECF Nos. 74-9, 74-10 (*Devani*, ECF Nos. 31, 31-1, 31-2; Exhibit 14 to my Supplemental Declaration). The debtor she left was denied a discharge under § 727(a)(3) for record-keeping failures. ECF No. 74-11 (*Desiderio v. Devani*, Adv. No. 14-01025, ECF No. 27; Exhibit 15 to my Supplemental Declaration). Judge Craig conditioned her withdrawal on refunding her client $500. ECF No. 74-11 (*Devani*, ECF No.

47 ¶ 2; Exhibit 16 to my Supplemental Declaration). I ask the Court to take judicial notice of those filings, orders and transcripts as records of this Court, Fed. R. Evid. 201, for what was filed, sworn and ordered.

22. The pattern in *Devani* is the pattern here: certify first and inquire later. In one week in this case Ms. Sobers signed a plan and disclosure statement built on a sale that did not exist when she signed them (ECF Nos. 66-1, 66-2, dated October 26, 2026; the letter of intent, ECF No. 66-3, is dated October 27); a Rule 2014 declaration that discloses no connection to anyone while the application it supports concedes the connection and funding disclosures have not been supplied (ECF No. 64 at 2, 6-7); a letter vouching for insurance the Debtor's own disclosure statement said it did not yet have (ECF No. 71; ECF No. 66-1 at 4); and an e-mail to the United States Trustee vouching for coverage "to my knowledge" (ECF No. 74-11, Exhibit 17 to my Supplemental Declaration). Then, on November 2, she signed a petition for a second Doppelt-family debtor with the affiliate question blank (Section IV). A lawyer who certified one debtor's disclosures as "full and candid" and then swore they rested on "misstatements" is now certifying this Debtor's, and its affiliate's. The estate's creditors should not have to wait for the second affirmation.

23. None of this is a matter of style. Counsel's signature on every one of those papers is a certification, under Fed. R. Bankr. P. 9011(b), that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the factual contentions "have evidentiary support." This Court has held that the rule "requires an attorney to conduct an inquiry 'reasonable under the circumstances' prior to filing" bankruptcy papers; that "[a]t a minimum, Rule 9011(b)(3) places on attorneys a duty to make at least some affirmative investigation into the facts represented in documents submitted to the court"; that a "signer must explore readily available avenues of factual inquiry"; and that while a lawyer may rely on a client's representations, "the attorney must independently verify publicly available facts to determine if the client representations are objectively reasonable." *Desiderio v. Parikh (In re Parikh)*, 508 B.R. 572, 578, 585 (Bankr. E.D.N.Y. 2014) (Grossman, J.) (sanctioning debtor's counsel under Rule

9011(b)(3) for schedules that were "incomplete and/or inaccurate" when "if [counsel] had conducted a reasonable inquiry, he would have known that").

24. The New York Rules of Professional Conduct, which this Court enforces, add a continuing duty: once on notice, counsel must "correct a false statement of material fact or law previously made to the tribunal by the lawyer." 22 N.Y.C.R.R. § 1200.0, Rule 3.3(a)(1). Ms. Sobers has been on notice of the transcript of Doppelt's testimony since October 7, 2026 (Exhibit 5), and of my objections to her substitution since October 9 (ECF No. 52). She has corrected nothing: not the Rule 2014 declaration, not the "Debtor paid" certifications, not the insurance letter, and not Question 10 of the petition she filed on November 4.

25. Every one of those inquiries takes less time than it took to draft the papers that avoided them. A petition for an affiliate of this Debtor that does not say so, signed by counsel who is at the same time asking this Court to make her this Debtor's lawyer, is not a paper signed after a reasonable inquiry. It is a paper signed instead of one. The creditors of this estate are entitled to counsel who has looked before she signed, to a Rule 2014 statement that tells the truth, and to a fiduciary who is not the client she is signing for. Ms. Sobers is none of those, and the Court should not make her the Debtor's counsel.

## IX. RELIEF

I ask that the Court, on November 12, 2026: (i) grant the Motion (ECF No. 36) and direct the United States Trustee to appoint a chapter 11 trustee; (ii) deny the motion to substitute Sobers Law, PLLC as the Debtor's counsel (ECF No. 50), and direct Ms. Sobers to file, within three days, a supplemental verified statement under Fed. R. Bankr. P. 2014(a) disclosing her engagement by 1583 58 Street LLC and Raizel Doppelt, who retained and who pays her in each case, and every connection with the estate of David Braun; (iii) direct the Debtor to file a sworn statement identifying every holder of a membership interest in the Debtor and its percentage, including the interest Doppelt attributes to the late David Braun, and the instrument under which Joseph Doppelt claims to act as Manager; and (iv) take judicial notice under Fed. R. Evid. 201 of the dockets in *In*

*re 1583 58 Street LLC*, No. 1-26-45153 (ESS) (Bankr. E.D.N.Y.), *In re Devani*, No. 13-45106 (CEC) (Bankr. E.D.N.Y.), and *Desiderio v. Devani*, Adv. Pro. No. 14-01025 (CEC), and Index Nos. 522601/2025 and 509939/2026 (Sup. Ct. Kings Cnty.).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Miami Beach, Florida
November 5, 2026

Respectfully submitted,

/s/ Abraham Kleinman
**Abraham Kleinman**
Creditor and Party in Interest, Pro Se
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com