# EXHIBIT 4

*Wilmington Savings Fund Society, FSB v. 1583 58 Street LLC*, Index No. 509939/2026 (Sup. Ct. Kings Cnty.), NYSCEF Doc. No. 41: TYH Trading Inc.'s Notice of Death of Defendant David Braun, June 10, 2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF OBX 2024-NQM8 TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>1583 58 STREET LLC; DAVID BRAUN; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; TYH TRADING INC.; PTC 7-23 01 LLC; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY PARKING VIOLATIONS BUREAU; “JOHN DOE” AND “JANE DOE”,<br><br>Defendants. | Index No. 509939/2026<br><br>NOTICE OF DEATH OF DEFENDANT<br><br>DAVID BRAUN |

PLEASE TAKE NOTICE that Defendant TYH Trading Inc. (“TYH”), by its attorneys Gulko Schwed LLP, hereby notifies this Court and all parties of the death of Defendant David Braun prior to the commencement of this action, and of the legal consequences thereof.

1. Defendant David Braun died on September 28, 2025. A a copy of the Surrogate's Court docket concerning David Braun's estate, the attached is **Exhibit A**.

2. This action was commenced by the filing of a Summons and Verified Complaint on February 25, 2026 — approximately five months after Braun’s death. Plaintiff named David Braun as a defendant in his individual capacity as guarantor of the subject mortgage obligation.

3. At the time this action was filed, David Braun was deceased and possessed no legal capacity to be named as a defendant or to be sued in any capacity.

4. Because David Braun was already deceased when this action was commenced, this action is a legal nullity from its inception. As the First Department has held, "the action from its inception was a nullity since it is well established that the dead cannot be sued." *Marte v. Graber*, 58 A.D.3d 1, 3 (t Dep't 2008). The Second Department is in accord: "[a] party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate." *Jordan v. City of New York*, 23 A.D.3d 436, 437 (2d Dep't 2005).

5. The proper party to be named in connection with the claims asserted against Braun is the duly appointed executor or administrator of the Estate of David Braun. Plaintiff has failed to name or serve any such representative.

6. Accordingly, all proceedings in this action — including the filing of the Summons and Verified Complaint, any purported service of process upon David Braun, and any judgment of foreclosure and sale, deficiency judgment, or other relief entered herein — are void and without legal effect.

Dated: June 10, 2026

Respectfully submitted,

GULKO SCHWED LLP
*Attorneys for Defendant TYH Trading*

By: */s/ Samuel Kadosh*
Samuel Kadosh
525 Chestnut Street, Suite 209
Cedarhurst, New York 11516
212-634-7927
skadosh@gulkoschwed.com