# EXHIBIT 6

*Wilmington Savings Fund Society, FSB v. 1583 58 Street LLC*, NYSCEF Doc. No. 2: Note, riders and Guaranty dated March 22, 2024 ($1,350,000; Ark Mortgage, Inc.), signed by David Braun as Managing Member of 1583 58 Street LLC and as Guarantor

# EXHIBIT A

ORIGINAL

# NOTE

[redacted]

March 22, 2024 [Note Date] | Brooklyn, [City] | New York [State]

1583 58th street, Brooklyn, NY 11219
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan in the amount of U.S. $1,350,000.00 (the "Principal") that I have received from Ark Mortgage, Inc. (the "Lender"), I promise to pay the Principal, plus interest, to the order of the Lender. I will make all payments under this Note in U.S. currency in the form of cash, check, money order, or other payment method accepted by Lender.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of the Principal has been paid. I will pay interest at a yearly rate of 7.375%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month. This amount is called my "Monthly Payment."

I will make my Monthly Payment on the 1st day of each month beginning on May 1, 2024. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each Monthly Payment will be applied as of its scheduled due date and will be applied to interest before the Principal. If, on April 1, 2054, I still owe amounts under this Note, I will pay those amounts on that date, which is called the "Maturity Date."

I will make my Monthly Payments at 400 Rella Blvd Suite 300, Montebello, NY 10901- or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My Monthly Payment will be in the amount of U.S. $9,324.11. This payment amount does not include any property taxes, insurance, or other charges that I may be required to pay each month.

## 4. BORROWER'S RIGHT TO PREPAY ;See Prepay Addendum

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will notify the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the Monthly Payments then due under this Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes

[redacted]

in the due date or in the amount of my Monthly Payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If applicable law sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any Monthly Payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **2.000**% of my overdue Monthly Payment I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each Monthly Payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of unpaid Principal, all the interest that I owe on that amount, and other charges due under this Note (the "Default Balance"). That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

If I am in default and the Note Holder does not require me to pay the Default Balance immediately as described above, the Note Holder will still have the right to do so if I continue to be in default or if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay the Default Balance immediately as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees and costs.

## 7. GIVING OF NOTICES

### (A) Notice to Borrower

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it, or by mailing it by first class mail, to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address. I will promptly notify the Note Holder of any change to my physical address and of any change to my mailing address. Unless applicable law requires otherwise, notice may instead be sent by e-mail or other electronic communication if agreed to by me and the Note Holder in writing and if I have provided the Note Holder with my current e-mail address or other electronic address. If I have agreed with the Note Holder that notice may be given by e-mail or other electronic communication, I will promptly notify the Note Holder of any changes to my e-mail address or other electronic

[redacted]

address.

**(B) Notice to Note Holder**

Any notice that I must give to the Note Holder under this Note will be delivered by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Mortgage Deed, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument also describes how and under what conditions I may be required to make immediate payment of all amounts I owe under this Note. Some of those conditions are described as follows:

> Lender may require immediate payment in full of all Sums Secured if all or any part of the Property, or if any Interest in the Property, is sold or transferred (or if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent. However, Lender will not exercise this option if such exercise is prohibited by Applicable Law.
>
> If Lender requires immediate payment in full under this Section 19, Lender will give me a notice in accordance with Section 16. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment and will be entitled to collect all expenses incurred in pursuing such remedies, including, but not limited to: (a) reasonable attorneys' fees and costs; (b) property inspection and valuation fees; and (c) other fees incurred to protect Lender's Interest in the Property and/or rights under this Security Instrument.

[redacted]

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

- BORROWER - David Braun

**1583 58 STREET LLC**

**David Braun, Managing Member of 1583 58 STREET LLC**

[Sign Original Only]

Individual Loan Originator: Yoel Tzvi Lax, NMLS: [redacted]
Loan Originator Organization: Ark Mortgage, Inc., NMLS: [redacted]

# PREPAYMENT FEE ADDENDUM TO NOTE

[redacted]

This Prepayment Fee Addendum ("Addendum") is made this **22nd** day of **March, 2024**, and is incorporated into and intended to form a part of the Note dated the same date as this Addendum and also amends and supplements the mortgage, mortgage deed, deed of trust, security deed, or security instrument (the "Security Instrument") dated the same date as this Addendum and the Note. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note and/or the Security Instrument, the provisions of this Addendum will prevail over and supersede any such inconsistent provisions of the Note and/or the Security Instrument.

The section of the Note entitled **BORROWER'S RIGHT TO PREPAY** is amended to read in its entirety as follows:

**BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will notify the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the Monthly Payments then due under this Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If I make a full or partial Prepayment within **Thirty-Six (36)** months of the date of this Note, and the total of all such Prepayments in any twelve (12) month period exceeds **Three** percent (**3.000%**) of the original principal amount of this Note, I agree to pay the Note Holder a Prepayment fee. The Prepayment fee I will pay shall be an amount equal to:
(a) **Three** percent (**3.000%**) of the original principal balance of my loan if prepaid during the first year of my loan;
(b) **Two** percent (**2.000%**) of the original principal balance of my loan if prepaid during the second year of my loan; or
(c) **One** percent (**1.000%**) of the original principal balance of my loan if prepaid during the third year of my loan.
I will not be obligated to pay a Prepayment fee if such a charge violates state or federal law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Prepayment Fee Addendum.

________________________
**- BORROWER - David Braun**

1583 58 STREET LLC

________________________
David Braun, Managing Member of 1583 58 STREET LLC

# Note Allonge

[redacted]

Borrower(s): 1583 58 Street LLC

Loan Amount: 1,350,000.00

Note Date: 03/22/2024

Property Address: 1583 58th Street
Brooklyn, NY 11219

Pay to the order of:

Without Recourse:
**Ark Mortgage, Inc.**

Lynn Costa
Authorized Signer

ONSLOW BAY FINANCIAL
An Annaly Company

# PERSONAL GUARANTY AGREEMENT

In consideration of Ark Mortgage Inc having its principal place of business at 400 Rella Blvd, Ste 300 Montebello, NY 10901 agreeing to lend the sum of $1,350,000.00 (loan amount) to David Braun ( the Guarantor), does hereby unconditionally guarantee to Ark Mortgage Inc its successor or assignee, as their interest may appear (the "Mortgagee"), jointly and severally with other guarantors, the payment of the loan when due ( at maturity, by acceleration or otherwise), and any and all attorney's fees, costs, damages and expenses suffered or incurred by Ark Mortgage Inc rising out of the making of said mortgage, in the amount of $1,350,000.00 and interest, plus attorney's fees, costs, damages and expenses, and any and all extensions and renewals thereof.

The liability of the undersigned shall exist and continue to exist whether or not the signature or name of the undersigned appears on any evidence of indebtedness from the borrower to the Mortgagee. The undersigned hereby waives notice of the acceptance of this guaranty and of any demand for payment hereunder, presentment, demand, protest, dishonor, or default or notice thereof with respect to the above transaction.

The undersigned agrees to be liable and pay for any deficiency if the note holder forecloses the mortgage securing the note pursuant to the terms of the mortgage and the proceeds received under a foreclosure proceeding, after deduction for expenses, are not sufficient to satisfy the indebtedness of the Borrower.

No extension of time or forbearance on the part of the Mortgagee with respect to the mortgage or modification of the terms and provisions of the mortgage shall operate to release any of the Guarantor's obligations hereunder nor shall any delay on the part of the Mortgagee in exercising any of its options, powers or rights under the mortgage or hereunder or a partial or single exercise thereof constitute a waiver of any other rights hereunder.

This guaranty shall be construed as an absolute, continuing and unlimited guaranty of payment without regard to the regularity, validity, or enforceability of any liability of and obligation of the Borrower hereby guaranteed; and the Mortgagee shall not be required to proceed first against the Borrower or any other person, firm or corporation or any collateral Security held by the Mortgagee to be deemed cumulative and the availing of one remedy or another not to be deemed an election of remedy.

Borrowing Entity 1583 58 STREET LLC

By Guarantor: [signature]

Print Name: David Braun, Managing Member [signature]

**Date:** 3/22/24

**(State of):** NY

**(County of) ss:** Kings

On the 22 (date) before me, the undersigned, a Notary Public in and for said State, personally appeared David Braun, personally known to me or proved to me on the basis of satisfactory evidence to be the Individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public Signature [signature]

DAVID FRIEDMAN
Notary Public, State of New York
No. 01FR6346321
Qualified in Sullivan County
Commission Expires 08/08/2024