**ABRAHAM KLEINMAN**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 494-9922
Email: kleinmanabraham@gmail.com
*Creditor and Party in Interest, Pro Se*

November 10, 2026

**VIA ECF AND E-MAIL TO CHAMBERS (ess_hearings@nyeb.uscourts.gov)**

Honorable Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court, Eastern District of New York
271-C Cadman Plaza East, Brooklyn, New York 11201

Re: *In re The Ridgeview Realtor LLC*, Case No. 26-43491 (ESS): Opposition to the Debtor's request to excuse Joseph Doppelt from the November 12, 2026 hearing and to open discovery against the movant (ECF No. 68)

Dear Judge Stong:

Joseph Doppelt is under subpoena to testify at the November 12 hearing (ECF Nos. 44, 45: October 14, 2026 "and any adjourned date of that hearing"), individually and as chief executive officer of Yeshivah and Mesivta Arugath Habosem ("YMAH"); both subpoenas were handed to him personally. (Subpoenas, ECF Nos. 44, 45; Affidavits of Service, ECF Nos. 78, 79.) Three weeks later, he had the Debtor's "proposed" counsel ask this Court to excuse him from attending. (ECF No. 68.) The Debtor's counsel, who is supposed to represent the estate independently, is instead asking the Court to spare the Debtor's manager, and the non-party he runs, from complying with subpoenas served on them. Cui bono? Not the estate. That shows whose interests Ms. Sobers is serving, and it makes it obvious why the unopposed motion to appoint a trustee (ECF No. 36) should be granted.

The subpoenas issued on October 2, 2026 to Doppelt and to YMAH (ECF Nos. 44, 45) each command appearance and testimony at the hearing on the Motion "and any adjourned date of that hearing," and each commands production at the hearing of the documents in its Schedule A, among them the statements of the TD Bank account ending 0416 that Doppelt called "the Ridgeview realtor" account, YMAH's Flagstar account ending 7049, every payment under the Central UTA lease including the $100,000 security deposit, and the source of the $25,000 paid to Rubin LLC. Both were served on Doppelt personally, and the YMAH subpoena was also served separately and additionally on two members of its board, Yoel Zeltzer and Joel Friedman. (Affidavits of Service, ECF Nos. 78, 79, 80, 82.) A subpoena issued by the Clerk is itself the Court's command, and a person who fails without adequate excuse to obey it may be held in contempt. Fed. R. Civ. P. 45(g), made applicable by Fed. R. Bankr. P. 9016.

Doppelt's only way out of the subpoenas is a timely motion to quash or modify under Rule 45(d)(3) or written objections under Rule 45(d)(2)(B), the time for which ran on October 19. Neither Doppelt nor YMAH has filed any motion to quash or served any objection. The Debtor's letter gives no reason for excusing Doppelt other than that the Court might not take testimony. A motion under 11 U.S.C. § 1104(a) is decided on evidence, and every piece of evidence the Debtor

has offered is Doppelt's own sworn word: the petition (ECF No. 1) and his affirmation that the Property has sat vacant since September 2025 (ECF No. 16). The Debtor wants the Court to rely on those statements while the man who made them stays out of the witness box. An ipse dixit that its author will not defend under cross-examination is not proof. Doppelt is the person who can say, under oath, where the rent went, what the TD Bank account he directed payment to in the Debtor's name is (ECF No. 36-37), where the $25,000 paid to Sobers Law came from, where the additional, separate $25,000 paid to Rubin LLC came from, and who the "buyer" in the Debtor's letter of intent is and who signed for it. If he does not take the stand, his declarations should not be given any weight.

Ms. Sobers has applied to represent the Debtor (ECF No. 64). The subpoenas are not directed to the Debtor; they are directed to Joseph Doppelt individually and to YMAH, a non-party. By seeking relief from the subpoenas for Doppelt and for YMAH, Ms. Sobers is acting as their counsel, not as counsel for the estate. Counsel for a debtor in possession must be disinterested and may not hold or represent an interest adverse to the estate, 11 U.S.C. § 327(a). The interests of Doppelt and YMAH, which collected and paid money belonging to this estate, are adverse to the interests of the estate. Either Ms. Sobers represents Doppelt and YMAH, in which case she must disclose it under Fed. R. Bankr. P. 2014(a) and cannot also represent the Debtor, or she does not, in which case she has no standing to ask that they be excused. If Doppelt or YMAH wants relief from the subpoenas, the remedy is a motion to quash, made by them.

I briefly address the premature discovery request by proposed counsel. First, it is an eleventh-hour stall that has no bearing on the trustee motion. The trustee motion was filed and served September 23. The Debtor let the October 7 objection deadline pass in silence and has never opposed it. (ECF Nos. 36, 48.) Now, on the eve of the hearing, it wants fifty-five unrelated document requests, twenty unrelated interrogatories and thirty-two unrelated requests for admission against the movant, plus subpoenas to six third parties, among them its own tenant, from whom it wants to learn whether rent and a $100,000 security deposit were paid and to whom. (ECF No. 68, Ex. B at 4.) A debtor in possession that claims it has to subpoena its own tenant to find out whether it has itself been paid has conceded the § 1104 motion.

Most importantly, these requests do not go to the grounds for a trustee, which come from the Debtor's own papers. Whatever discovery the Debtor wants is for the trustee, once appointed, to pursue. More striking still: of the six subpoenas Ms. Sobers proposes, not one is directed to TD Bank for the account ending 0416, the account to which Doppelt personally directed me, a creditor and member, to send funds, telling me in writing that it was the account of "the Ridgeview realtor." (ECF No. 36-37.) Instead, she asks me to identify who holds that account. (ECF No. 68, Ex. A, Doc. Req. 39, Interrog. 15.) Clearly, the Debtor and Ms. Sobers are not interested in tracing the money. They are interested in abusing the subpoena and discovery process, and they are attempting it before Ms. Sobers has any retention order. The Court can imagine what would follow if she had one.

The Debtor has no counsel entitled to seek discovery. Its first counsel, Paul A. Rubin, abruptly abandoned his retention application and asked to withdraw after he could not get the Debtor to provide the facts about itself and its finances, declaring under penalty of perjury that "[w]e have been unable to obtain information and documents requested from the Debtor" and that his firm had "reached a point at which we simply find it untenable to continue to function and try to advance this case." (ECF No. 42, Rubin Decl. ¶ 6; ECF No. 39.) A debtor that would not give its own lawyer its documents now demands mine. Commodum ex injuria sua nemo habere debet: no party may take advantage from its own stonewalling. Sobers Law PLLC has no retention order. Its application under 11 U.S.C. § 327(a) was filed October 28 and is not returnable until December

17 (ECF Nos. 64, 69), and my objection to its substitution has been pending since October 9 (ECF No. 52). Ms. Sobers has taken $25,000 that she swears "[t]he Debtor paid" (ECF No. 64), from a Debtor whose only bank account held $100 (ECF No. 26), and she has not disclosed the account it came from. Counsel in that position has no standing to demand the movant's bank records.

I respectfully ask that the Court (i) receive testimony on November 12 and deny the Debtor's request to excuse its representative, Joseph Doppelt, who is under subpoena individually and for YMAH (ECF Nos. 44, 45); and (ii) deny the Debtor's request for discovery against the movant at this juncture, or at least until the Court decides the motion to appoint a trustee.

Respectfully,

/s/ Abraham Kleinman
**Abraham Kleinman**
Creditor and Party in Interest, Pro Se