**ABRAHAM KLEINMAN**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139
Tel.: (845) 907-7300
Email: kleinmanabraham@gmail.com
*Creditor and Party in Interest*

November 13, 2026

**VIA ECF AND E-MAIL TO CHAMBERS**

Honorable Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court, Eastern District of New York
271-C Cadman Plaza East, Brooklyn, New York 11201

Re: *In re The Ridgeview Realtor LLC*, Case No. 26-43491 (ESS), re ECF Nos. 36 and 71: Urgent request for the immediate appointment of a chapter 11 trustee. The Debtor's property and liability insurance was cancelled at 12:01 a.m. on November 12, 2026, before the hearing at which the Court was told the Property is insured

Dear Judge Stong:

I write on an emergency basis. This morning I received from the premium finance lender, First Insurance Funding, a Notice of Cancellation for the Debtor's insurance. A copy is annexed as Exhibit 1, and the lender's transmittal e-mail of today at 9:29 a.m. is annexed as Exhibit 2. The Property at 5 Ridgeview Road is uninsured today.

The Notice is dated November 12, 2026. It names the Debtor as insured at 5 Ridgeview Road, Kerhonkson. It cancels both of the Debtor's policies: Lexington Insurance Company Policy No. 019764690-00 (property, $47,000 premium) and CM Vantage Specialty Insurance Company Policy No. CMV-PLI-0075002-01 (general liability, $20,000 premium), each effective June 16, 2026. It shows an unpaid balance of $42,490.12. The lender certifies that "THE AGREEMENT IS IN DEFAULT AND THE DEFAULT HAS NOT BEEN TIMELY CURED," that a notice of cancellation was previously mailed to the insured, and it "INSTRUCTS THE INSURANCE COMPANY TO CANCEL THE INSURANCE POLICY EFFECTIVE 12:01 A.M. 11/12/2026." (Ex. 1 at 1.)

That is more than fifteen and a half hours before the hearing was called at 3:50 p.m. on November 12. At that hearing, Ms. Sobers told the Court that the Property is insured. Her letter of October 28, 2026, filed in response to the Court's directive that the Debtor report on insurance, says the same thing: "we write to confirm that insurance coverage for the property at 5 Ridgeview Road is in place." (ECF No. 71.) On October 14, 2026 she told the United States Trustee that "to my knowledge there is coverage in place." (Ex. 3 at (c).) The day before, Joseph Doppelt, writing as Administrator of Yeshivah and Mesivta Arugath Habosem, asked the broker, "Can I still make payment now to avoid interruption," and then wrote, "Ok will do it soon taday." (Ex. 3 at (a), (b).) The Debtor's side knew the coverage was in default in mid-October. The default was never cured, and the Court was told the opposite.

At the close of the November 12 hearing the Court directed the Debtor "to provide to UST and to file evidence of continued insurance by 11/13/2026." (Minute entry, Nov. 12, 2026.) That deadline is today. There is no continued insurance to show. The coverage ended at 12:01 a.m. on November 12, before the Debtor's counsel made the representation that prompted the Court's directive.

An uninsured property is cause under 11 U.S.C. § 1112(b)(4)(C): "failure to maintain appropriate insurance that poses a risk to the estate or to the public." This is not a theoretical risk. A 17-year-old was electrocuted at this Property on August 20, 2025 and died on September 3, 2025, and the wrongful-death action is listed in the Debtor's own Statement of Financial Affairs. (ECF No. 11, SOFA Ex. 7.) The Property is the estate's only asset and the collateral of every secured creditor. Every day without coverage exposes the estate, the creditors and the public to an uninsured loss.

The Debtor itself could not have paid a $42,490.12 balance: its debtor-in-possession account held $100. (ECF No. 26-1.) The Debtor's management let the coverage lapse and then allowed the Court to be told it was in place. That is gross mismanagement and a failure of candor, and it is cause for a trustee under 11 U.S.C. § 1104(a)(1). The appointment is also in the interests of creditors and the estate under § 1104(a)(2).

The Debtor's manager also did not appear on November 12. Joseph Doppelt was commanded by subpoena to appear and testify at that hearing, individually and for Yeshivah and Mesivta Arugath Habosem (ECF Nos. 44, 45), and was served (ECF Nos. 78, 79, 80, 82). He did not move to quash and he did not come. The person who signed the petition, the schedules and every monthly operating report will not face the Court, while his counsel tells the Court the Property is insured when it is not.

The motion to appoint a trustee (ECF No. 36) has been unopposed since October 7, 2026, and the United States Trustee has written that "I have no objection to the appointment of a trustee." (Ex. 4.) I respectfully request that the Court:

(1) direct the United States Trustee to appoint a chapter 11 trustee forthwith under 11 U.S.C. § 1104(a) and (d), or, in the alternative, convert the case to chapter 7 under § 1112(b)(4)(C); and

(2) grant such further relief as the Court finds just, including relief for the failure of Joseph Doppelt and Yeshivah and Mesivta Arugath Habosem to obey the subpoenas under Fed. R. Civ. P. 45(g), made applicable by Fed. R. Bankr. P. 9016.

The interim extension under 11 U.S.C. § 362(d)(3) expires on November 23, 2026. (ECF No. 54 at 2.) The estate cannot wait for the next scheduled date with no insurance on its only asset.

Respectfully,

/s/ Abraham Kleinman
**Abraham Kleinman**
Creditor and Party in Interest

Enclosures: Exhibit 1, Notice of Cancellation dated November 12, 2026; Exhibit 2, First Insurance Funding e-mail of November 13, 2026; Exhibit 3, e-mails of October 13-14, 2026; Exhibit 4, e-mail of Greg M. Zipes, Esq., October 14, 2026